IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FEBIT HOLDING GMBH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-385 (GMS) |
| | ) |
| CODON DEVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT CODON DEVICES, INC.'S
MOTION TO DISMISS COMPLAINT OF PLAINTIFF FEBIT BIOTECH GMBH
OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

**NATURE AND STAGE OF THE PROCEEDINGS**

febit biotech GmbH ("febit biotech") filed this patent infringement lawsuit against Codon Devices, Inc. ("Codon") on June 15, 2007. The parties have twice stipulated to extend Codon's time to file a responsive pleading so febit biotech could collect documentation to attempt to address outstanding questions concerning the ownership of the patent-in-suit. The parties prioritized this issue because such questions must be resolved to establish standing to sue and subject matter jurisdiction.

**INTRODUCTION**

febit biotech sued Codon for infringement of United States Patent No. 6,586,211 (the "'211 Patent"). Finst Decl., Exh. 1 [Complaint (D.I. 1) at ¶ 1.[1] In its Complaint, febit biotech baldly asserts that it has standing to bring suit because it allegedly "is the owner of the entire right, title and interest in and to" the '211 Patent. *Id.* at ¶ 8. This allegation is inconsistent with the face of the '211 Patent. The '211 Patent identifies a third party, FeBit Ferrarius

---

[1] References to the "Finst Decl." and "Exh." are to the Declaration of Rip Finst and Exhibits thereto concurrently filed in support of this Motion.

Biotechnology, GmbH (hereafter, "Febit Ferrarius") as the assignee. Exh. A ['211 Patent] to Exh. 1 [Complaint] at 1. This inconsistency calls into question whether febit biotech has standing in this case. With conflicting claims of ownership obvious from the Complaint and the patent appended to it, febit biotech's conclusory assertion of ownership does not meet its statutory obligation to plead sufficient facts to show that it "is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). If febit biotech cannot in response to this motion allege facts establishing its ownership of the '211 Patent, its complaint should be dismissed for lack of standing. *Ortho Pharm. Corp. v. Genetics Institute, Inc.*, 52 F.3d 1026, 1030 (Fed. Cir. 1995) (affirming district court's dismissal of plaintiff-patent licensee's suit on ground that licensee lacked standing to sue).

Because there is a serious question as to whether the plaintiff has standing to bring this action at all, Codon has diligently sought clarifying documentation establishing that the plaintiff indeed owns the patent-in-suit. As detailed below, as a result of Codon's efforts to investigate this issue, it has received 19 German documents from febit biotech's counsel. These documents, however, do not themselves establish ownership, but instead reflect that as many as seven different entities have now or have had in the past ownership claims to the patent-in-suit. Separately, an eighth entity, febit, GmbH, has also claimed ownership of the '211 Patent. Codon respectfully submits that, before this case proceeds further, it and this Court are entitled to a clear statement in the Complaint of how febit biotech contends it owns the patent and thus has standing to sue. Such a statement will provide the reasonable and legally required allegation of standing for Codon to evaluate and challenge as warranted.

## STATEMENT OF FACTS

In its Complaint, febit biotech's entire proffer in support of standing is a single-sentence: "febit is the owner of the entire right, title and interest in and to" the '211 Patent. *See* Finst Decl., Exh. 1 [Complaint (D.I. 1)] at ¶ 8. That conclusory claim conflicts with the assignee identified on the face of the '211 Patent, Febit Ferrarius. Exh. A ['211 Patent] to Exh. 1 [Complaint] at 1. A report prepared by the Clerk of this Court and filed with the Complaint also lists Febit Ferrarius – not febit biotech – as the "Holder of Patent." See Finst Decl., Exh. 2 [Report On The Filing Or Determination Of An Action Regarding A Patent Or Trademark (D.I. 4)]. The Complaint does not address this glaring inconsistency between febit biotech's claim of ownership and the identification of a different entity as the owner-of-record.

For more than two months, Codon has attempted to resolve informally this standing issue without Court intervention. Counsel for the parties conferred during the week of July 16 and again on July 24 to discuss the ownership conflict and means for resolution. *See* Finst Decl., Exh. 3 [July 24, 2007 email from R. Finst to M. Evens]. febit biotech's counsel agreed to submit by July 27 a letter and materials evidencing a legal transfer of ownership in the '211 Patent to febit biotech. *See id.*; Exh. 4 [July 27, 2007 email from M. Evens to R. Finst]. To allow febit biotech time to prepare its submission, the parties submitted a stipulation extending the deadline for Codon to answer or otherwise respond to the Complaint by 30 days. *See id.*; D.I. 6 (stipulation as-entered July 26, 2007).

On July 31, 2007, febit biotech submitted five documents, including an untranslated German-language document, in an attempt to establish that it is the current owner of the '211 Patent. Finst Decl., Exh. 5 [July 31, 2007 email and letter from M. Evens to E. Reines]. These documents failed to show that febit biotech was the owner of the '211 Patent and, in fact,

3

suggested that at least four other German entities may have owned part or all of the patent: (1) febit AG, (2) Christopher Seagon (a German insolvency administrator presiding over distribution and sale of assets in connection with dissolution of febit AG), (3) Technostart Beratungsgesellschaft fur Beteiligungsfonds mbH, and (4) Neckarburg 66, VV GmbH. Accordingly, one day later, Codon notified febit biotech's counsel that the documents do not resolve the patent ownership issue and instead paint an ambiguous record concerning the past and current ownership of the '211 patent. Finst Decl., Exh. 6 [August 1, 2007 letter from R. Finst to M. Evens] at 1. Indeed, the only document that expressly references the '211 patent is a vague, one-page "Annex." *Id.*

As a result of the inconclusive July 31 documentation, which raised more patent ownership questions than it answered, Codon promptly requested additional documentation, including agreements referenced in the July 31 documents. *Id.* For the next seven weeks, Codon repeatedly renewed its request for curative or clarifying ownership documentation and febit biotech's counsel agreed to, but was not able to, provide such documents. *See* Finst Decl., Exhs. 7 [August 8, 2007 letter from R. Finst to M. Evens], 8 [August 8, 2007 email from M. Evens to R. Finst], 9 [August 15, 2007 letter from R. Finst to M. Evens]; 10 [August 15, 2007 email from M. Evens to R. Finst]; 11 [August 17, 2007 email from R. Finst to M. Evens]; 12 [August 24, 2007 email from R. Finst to M. Evens]; 13 [August 27, 2007 email from M. Evens to R. Finst]; 14 [September 5, 2007 email from M. Evens to E. Reines]; 15 [September 18, 2007 email from M. Evens to R. Finst].[2]

---

[2] To provide febit biotech additional time to collect documents concerning transfer of ownership, the parties stipulated to a second 30-day extension of the deadline for Codon to respond to the Complaint. D.I. 9 (stipulation as-entered August 20, 2007).

4

On September 19 and 28, Codon finally received fourteen additional documents, including redacted and German-language documents and translations, that allegedly support febit biotech's ownership claim. *See* Finst Decl., Exh. 16 [September 19, 2007 email and letter from M. Evens to E. Reines]; Exh. 17 [September 28, 2007 email from M. Evens to E. Reines]. This documentation also included a report prepared by febit biotech's German counsel summarizing numerous purported transfers of ownership of the '211 Patent. *See* Exh. 16 at 1. Like the July 31 documents, these materials do not resolve – and, instead, further cloud – the ownership picture for the patent-in-suit. In addition to febit biotech, Febit Ferrarius and the four German entities identified above, an additional entity, febit holding GmbH, apparently has an interest in the patent. Indeed, on September 28, plaintiff's counsel filed a Notice of Name Change (D.I. 10) suggesting that febit holding GmbH is now the real party in interest.

Separately, Codon filed suit against febit biotech, Febit Ferrarius (the record owner of the '211 Patent) and febit, GmbH (yet another entity proclaiming sole ownership of the '211 Patent) in the United States District Court for the District of Columbia (Case No. 07-01177 RBW; the "D.C. Action").[3] *See* Finst Decl., Exh. 18 [D.D.C. Complaint]. In the D.C. Action, Codon seeks a judicial determination of the true and correct owner of the '211 Patent and a declaratory judgment of non-infringement and patent invalidity and unenforceability. Codon has no issue with litigating all the pending issues before this Court, but selected the D.C. Court for its declaratory judgment action because that is where additional entities claiming ownership of the patent-in-suit were clearly subject to jurisdiction.

---

[3] The D.C. Action was filed on June 29, 2007, before febit biotech served Codon with its Complaint.

## ARGUMENT

I. **FEBIT BIOTECH HAS NOT SHOWN AN ENTITLEMENT TO RELIEF OR THAT THE COURT HAS SUBJECT MATTER JURISDICTION**

   A. <u>**An Inadequately Pled Complaint Should Be Dismissed**</u>

febit biotech's Complaint should be dismissed because febit biotech has failed to plead allegations sufficient to establish standing and, thus, has no claim upon which relief can be granted or over which the Court has subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b). In *UD Tech. Corp. v. Phenomenex, Inc.*, C.A. No. 05-842-GMS, 2007 WL 28295 (D. Del. Jan. 4, 2007) (Finst Decl., Exh. 21), this Court addressed standing defects similar to but less egregious than those at-issue in the Complaint here. Although the complaint in *UD Tech* alleged assignments of patent rights to the plaintiff, the Court concluded that the allegations had not shown that the plaintiff was granted the right to sue for infringement. *Id.* at *4. Here, febit biotech's allegations are even more poorly plead: febit biotech identifies no instrument transferring an ownership right or a right to sue.

Setting forth the framework for evaluating a motion to dismiss, the Court noted that a Rule 12(b)(1) attack on the pleadings may be either facial or factual. *Id.* at *2. When reviewing a Rule 12(b)(1) facial attack, the Court is limited to the pleadings. *Id.* In reviewing a factual attack, the Court weighs evidence outside the pleadings and accords no weight to the plaintiff's allegations. *Id.*

In *UD Tech*, the Court's evaluation was based on the dismissal standard set forth by the Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Id.* Recently, however, the Supreme Court rejected the *Conley* standard and adopted a pleading standard that demands even more from the plaintiff's allegations than this Court required in *UD Tech*. *See Bell Atl.*

*Corp. v. Twombly*, 127 S. Ct. 1955 (2007).[4]

In *Bell Atlantic*, the Supreme Court emphasized that the complaint must provide "fair notice" of what the claim is and the grounds upon which it rests. *Bell Atl. Corp.*, 127 S. Ct. at 1964; *see* Fed. R. Civ. P. 8(a)(2) (a complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief"). The alleged facts must "**possess enough heft**" to show that the pleader is entitled to relief. *Id.* at 1966 (emphasis added). Although a complaint "does not need detailed factual allegations," the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations omitted). Thus, a complaint should be dismissed pursuant to Rule 12(b) if it does not allege "enough facts to state a claim to relief that is plausible." *Id.* at 1974.

Of course, the Court need not take each allegation at "face value." *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3rd Cir. 1998) (rejecting plaintiff's assertion that "the [district] court should have taken the allegations of its complaint at face value"). The Court has "an obligation ... to view the complaint as a whole and to base rulings not upon the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable." *Id.* Further, the Court need not accept legal conclusions framed as factual allegations. *Bell Atlantic Corp.*, 127 S.Ct. at 1965. Nor must the Court accept bald assertions, unwarranted inferences or strained interpretations of fact offered by the Complaint. *City of Pittsburgh*, 147 F.3d at 263, n. 13; *see* 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004) (Finst Decl., Exh. 19).

---

[4]  In *Bell Atlantic*, the Supreme Court abandoned *Conley*'s previously "accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atl. Corp.*, 127 S. Ct. at 1968-69 (quoting *Conley*, 355 U.S. at 45-46).

**B.     febit biotech's Allegations Fall Far Short Of Establishing Standing**

Standing is a threshold issue in every case. *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *City of Pittsburgh*, 147 F.3d at 269. In a patent infringement action, only the patentee or successors-in-title have a protectable interest in the patent sufficient to confer standing to sue for infringement. *See* 35 U.S.C. § 281 (A "patentee shall have remedy by civil action for infringement of his patent."); 35 U.S.C. § 100(d) (defining "patentee" as the party to whom the patent issued or any successors in title to the patent); *Ortho Pharm. Corp. v. Genetics Institute, Inc.*, 52 F.3d 1026, 1030 (Fed. Cir. 1995) (affirming district court's dismissal on ground that plaintiff-patent licensee lacked standing to sue). febit biotech has not, however, pled allegations sufficient to establish ownership of the '211 Patent. *See Ortho Pharm. Corp.*, 52 F.3d at 1032-33 (stating that "[t]he burden of demonstrating standing falls to" the party asserting a claim of infringement).

febit biotech's claim of ownership is contradicted by the '211 Patent referenced in and attached to the Complaint. In that circumstance, the attached exhibit trumps the allegations. *See City of Pittsburgh*, 147 F.3d at 266-67; 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1363 (3d ed. 2004) ("The district court will not accept as true pleading allegations that are contradicted by ... exhibits attached to or incorporated in the pleading.") (Finst Decl., Exh. 20).

Further, ownership of a patent is a matter of law (*Kahn v. General Motors Corp.*, 77 F.3d 457, 459 (Fed. Cir. 1996)), and the Court need not accept febit biotech's legal conclusion that it is the patent owner. *See Bell Atlantic Corp.*, 127 S.Ct. at 1965 (noting that the Court need not accept legal conclusions set forth as factual allegations).

Finally, a written assignment is required for a change of ownership. *See* 35 U.S.C. § 261; *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1250 (Fed. Cir. 2000) (stating that plaintiff "must produce a written instrument documenting the transfer of proprietary rights in the patents" to establish it had standing to sue). febit biotech neither plead or referenced a legal instrument evidencing a transfer of ownership to it from the named assignee, Febit Ferrarius.[5] Consequently, the Court need not accept febit biotech's unsupported claim of being "the owner of the entire right, title and interest" to the '211 Patent. *See City of Pittsburgh*, 147 F.3d at 263, n. 13.

In summary, even reviewing the allegations of the Complaint in the light most favorable to febit biotech, febit biotech has not plead facts sufficient to show standing nor alleged "enough facts to state a claim to relief that is plausible." *See Bell Atl. Corp.*, 127 S. Ct. at 1974. The Complaint should, therefore, be dismissed.

## II.   IN THE ALTERNATIVE, THE COURT SHOULD REQUIRE FEBIT BIOTECH TO PROVIDE A MORE DEFINITE STATEMENT

Codon moves in the alternative for a more definite statement in the Complaint establishing standing. *See* Fed. R. Civ. P. 12(e). For the reasons set forth above, febit biotech's Complaint is "so vague or ambiguous" that Codon cannot reasonably respond. *See id.* A more definite statement of ownership should include sufficiently detailed descriptions of all transfers of ownership of the patent-in-suit and records filed with the Patent Office so that Codon and the Court can "trace the chain of title" of the patent. *See Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1092 (Fed. Cir. 1998) (concluding that plaintiff lacked standing to assert patent infringement claim where no written assignment of patent rights to plaintiff had been made at

---

[5]   Indeed, febit biotech's failure to allege facts establishing standing appears to be more than a simple oversight. As described in the Statement of Facts, a tortured record of transactions involving the '211 Patent suggests that numerous entities apparently have had or currently have an interest in that patent.

time claims were brought); *see Waterman v. Mackenzie*, 138 U.S. 252 (1891) (suit dismissed because not brought by record owner); *Speedplay, Inc.*, 211 F.3d at 1250.

## CONCLUSION

For the reasons set forth above, Codon's motion to dismiss should be granted and febit biotech's Complaint dismissed with prejudice.

                          MORRIS, NICHOLS, ARSHT & TUNNEL LLP

                          */s/ Jack B. Blumenfeld*
                          Jack B. Blumenfeld (#1014)
                          1201 North Market Street
                          P.O. Box 1347
                          Wilmington, DE 19899-1347
                          (302) 658-9200
                          jblumenfeld@mnat.com

                          *Attorneys for Defendant,*
                            *Codon Devices, Inc.*

OF COUNSEL:

Edward R. Reines
Nicholas A. Brown
Rip Finst
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

October 1, 2007
1251200

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FEBIT HOLDING GMBH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-385 (GMS) |
| | ) |
| CODON DEVICES, INC., | ) |
| | ) |
| Defendant. | ) |

### [PROPOSED] ORDER GRANTING DEFENDANT CODON DEVICES, INC.'S MOTION TO DISMISS COMPLAINT OF PLAINTIFF FEBIT BIOTECH GMBH

Having reviewed the papers and arguments of counsel submitted in connection with Defendant Codon Devices, Inc.'s Motion To Dismiss Complaint of Plaintiff febit biotech GmbH or, In The Alternative, For A More Definite Statement ("Codon's Motion"), and finding good cause therefor, IT IS HEREBY ORDERED that:

Codon's Motion is GRANTED; and

The Complaint of febit biotech GmbH (D.I. 1) is DISMISSED WITH PREJUDICE.

Dated: _____, 2007

_____
The Honorable Gregory M. Sleet
United States District Judge

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on October 1, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Mary Matterer, Esquire
>MORRIS JAMES

I also certify that copies were caused to be served on October 1, 2007 upon the following in the manner indicated:

>**BY ELECTRONIC MAIL**
>**and HAND DELIVERY**
>
>Mary Matterer, Esquire
>MORRIS JAMES
>500 Delaware Avenue
>Suite 1500
>Wilmington, DE  19801
>
>**BY ELECTRONIC MAIL**
>**and FIRST CLASS MAIL**
>
>Mark Fox Evens, Esquire
>Edward J. Kessler, Esquire
>W. Blake Coblentz, Esquire
>STERNE, KESSLER, GOLDSTEIN & FOX PLLC
>1100 New York Avenue, NW
>Washington, DC  20005-3934

*/s/ Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)