IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FEBIT BIOTECH GMBH,<br><br>       Plaintiff,<br><br>v.<br><br>CODON DEVICES, INC.,<br><br>       Defendant. | Civil Action No. 07-385 GMS |

**CODON DEVICES, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO
DISMISS COMPLAINT OR, IN THE ALTERNATIVE,
<u>FOR A MORE DEFINITE STATEMENT</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE   19899
(302) 658-9200
jblumenfeld@mnat.com
*Attorneys for Defendant
   Codon Devices, Inc.*

*Of Counsel*:

Edward R. Reines
Nicholas A. Brown
Rip J. Finst
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA   94065
(650) 802-3000

November 5, 2007

**TABLE OF CONTENTS**

**Page**

INTRODUCTION .................................................................................................................... 1

ARGUMENT .............................................................................................................................. 2

I. FEBIT BIOTECH'S COMPLAINT SHOULD BE DISMISSED AND RE-PLED
WITH ACTUAL FACTS ................................................................................................ 2

    A. Under *Bell Atlantic*, febit biotech's Claim Fails Because It Does Not
Allege Facts Supporting Its Claim To Standing ..................................................... 2

    B. febit biotech's Tender of Documents and a Legal Opinion From Its
German Counsel Does Not Cure Its Failure To Plead Facts ................................. 4

    C. The Court Should Not Convert Codon's Facial Attack On The Complaint
Into A Factual Determination Of febit biotech's Ownership Claim...................... 7

II. FEBIT BIOTECH DOES NOT DISPUTE THAT A MORE DEFINITE
STATEMENT IS APPROPRIATE ................................................................................. 8

CONCLUSION ........................................................................................................................... 9

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Arachnid, Inc. v. Merit Industrial, Inc.*,
  939 F.2d 1574 (Fed. Cir. 1991)..........................................................................................4, 5

*Argos v. Orthotec LLC*,
  304 F. Supp. 2d 591 (D. Del. 2004)....................................................................................2, 7

*Bell Atlantic Corp. v. Twombly*,
  127 S. Ct. 1955 (2007)..................................................................................................passim

*Gould Electrics Inc. v. United States*,
  220 F.3d 169 (3rd Cir. 2000) ..............................................................................................7, 8

*In re Intel Corp. Microprocessor Antitrust Litigation*,
  496 F. Supp. 2d 404 (D. Del. 2007).........................................................................................3

*In re Intel Microprocessor Antitrust Litigation*,
  452 F. Supp. 2d 555 (D. Del. 2006)..............................................................................passim

*Iqbal v. Hasty*,
  490 F.3d 143 (2nd Cir. 2007)...................................................................................................3

*Kahn v. General Motors Corp.*,
  77 F.3d 457 (Fed. Cir. 1996).................................................................................................2, 3

*Mortensen v. First Fed. Sav. and Loan Ass'n, Mortensen*,
  549 F.2d 884 (3rd Cir. 1977) ...............................................................................................7, 8

*Pittsburgh v. West Penn Power Co.*,
  147 F.3d 256 (3rd Cir. 1998) ....................................................................................................5

*Speedplay, Inc. v. Bebop, Inc.*,
  211 F.3d 1245 (Fed. Cir. 2000)................................................................................................6

*UD Technology Corp. v. Phenomenex, Inc.*,
  C.A. No. 05-842-GMS, 2007 WL 28295 (D. Del. 2007) ...................................................4, 7

## **INTRODUCTION**

In this patent infringement action, plaintiff febit biotech GmbH ("febit biotech") [1] has to establish standing to sue defendant Codon Devices, Inc. ("Codon") for infringement of the asserted '211 patent. All febit biotech alleged in its complaint was a bare legal conclusion: that it is "the owner of the entire right, title and interest in and to" the '211 Patent. Finst Decl., Exh. 1 [Complaint (D.I. 1)] at ¶ 8.[2] But the '211 patent lists a different entity, Febit Ferrarius Biotechnology, GmbH ("Febit Ferrarius"), as the assignee of the patent. Plaintiff's conclusory legal allegation that it owns the '211 patent is not enough to satisfy Rule 8, particularly when that allegation is contradicted by the only pertinent fact contained in the pleadings – the '211 patent's statement that its assignee is a different entity.

Codon is a small company with a strong interest in achieving the most efficient possible resolution to this lawsuit. The Federal Rules of Civil Procedure entitle it to a clear statement of the basis for febit biotech's claims against it. Here, where the entity alleging it has the right to sue on the '211 patent purports to have obtained that right through a complex chain of transactions occurring in Germany, a "short and plain statement" showing that "the pleader is entitled to relief" includes more than just a bare legal conclusion of ownership. Codon is not asking the Court to resolve the question of standing now. Codon is simply asking for what it believes it is entitled to: a short and plain statement of the facts that febit biotech alleges establish its ownership of the '211 patent so that Codon can evaluate them in litigation without wasting its limited resources pursuing unnecessary and costly discovery.

With its opposition, febit biotech has submitted more than thirty "pertinent ownership documents," many of which were translated from German, in an attempt to convert

---

[1] Although febit biotech has purportedly changed its name to "febit holding GmbH," Codon will refer to the plaintiff named in the complaint throughout this brief.

[2] References to the "Finst Decl." are to the Declaration of Rip Finst filed in support of Codon's opening brief [Docket No. 12]. References to the "Evens Decl." and the "Eisenlohr Decl." are to the Declaration of Mark Fox Evens and the Declaration of Verena Eisenlohr, respectively, filed in support of febit holding GmbH's opposition brief ("Opp.").

1

Codon's request into a determination of the merits of its ownership claim. This is wholly unfair. Codon has had no chance to test any of the complex factual and legal assertions febit biotech has made about the multiple transactions that purportedly leave it as the sole owner of the '211 patent. The whole point of Codon's motion, which was a simple, facial attack on the pleading under Rule 12(b)(1), was to allow it to most efficiently test those assertions by obtaining a "short and plain statement" of the purportedly relevant facts. febit biotech should be ordered to properly plead its ownership allegation under the Federal Rules so that the parties can determine what facts are in dispute and then litigate them, if appropriate.

## ARGUMENT

**I. FEBIT BIOTECH'S COMPLAINT SHOULD BE DISMISSED AND RE-PLED WITH ACTUAL FACTS**

**A. Under *Bell Atlantic*, febit biotech's Claim Fails Because It Does Not Allege Facts Supporting Its Claim To Standing**

Rule 8(a)(2) requires febit biotech to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests" so that Codon may properly respond to and/or defend the claim. This rule facilitates a speedy and cost-effective determination of litigation by identifying facts and issues in dispute. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965-66 (2007).

By failing to state *any* facts supporting its claim to own the patent it seeks to enforce, febit biotech has failed to meet its Rule 8 obligation of "clearly alleging facts demonstrating that it is a proper party to invoke judicial resolution of the dispute." *Argos v. Orthotec LLC*, 304 F.Supp.2d 591, 593 (D. Del. 2004). The Supreme Court has made clear that courts need not accept legal conclusions set forth as factual allegations. *See Bell Atl. Corp.*, 127 S.Ct. at 1965. Ownership of a patent is a legal conclusion, not a fact. *Kahn v. General Motors Corp.*, 77 F.3d 457, 459 (Fed. Cir. 1996) (ownership of a patent is a matter of law). Yet all febit biotech has alleged is the bare legal conclusion that "febit [biotech] is the owner of the

entire right, title and interest in and to" the '211 Patent.  *See* Opp. at 9; Finst Decl., Exh. 1 [Complaint (D.I. 1)] at ¶ 8.

As febit biotech concedes, its ownership allegation is inconsistent with the face of the asserted patent attached to its complaint, which identifies a third party, FeBit Ferrarius, as the assignee.  *See* Opp. at 8-9.  This makes the bare legal conclusion that febit biotech is the owner of the '211 patent inconsistent with the only fact in the pleading about ownership – the fact that the '211 patent is listed as being owned by Febit Ferrarius.  As a result, febit biotech's pleading is plainly insufficient to meet its obligation to allege facts with "enough heft" to show that its claim for relief is "plausible."  *Bell Atl. Corp.*, 127 S. Ct. at 1966.  The "plausibility standard" of *Bell Atlantic* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."  *Iqbal v. Hasty*, 490 F.3d 143, 157-158 (2nd Cir. 2007), followed in *In re Intel Corp. Microprocessor Antitrust Litigation*, 496 F.Supp.2d 404, 408 (D. Del. 2007).  febit biotech's ownership claim is exactly the type of allegation where "amplification" is needed.[3]  Thus, the Court should force febit biotech to properly plead facts showing its standing to bring this suit.  *In re Intel Microprocessor Antitrust Litigation*, 452 F.Supp.2d 555, 557 (D. Del. 2006).

Contrary to febit biotech's contention, Codon does not read *Bell Atlantic* to require a plaintiff to "provide the actual assignment contracts at the time of pleading."  *See* Opp. at 7.  Indeed, a *Bell Atlantic*-compliant pleading need not even set forth "detailed factual allegations."  *Bell Atl. Corp.*, 127 S. Ct. at 1964.  However, the complaint must contain a short and plain statement of facts sufficient "enough to raise a right to relief above the speculative level."  *Id.* at 1965; *see* Rule 8(a)(2).

---

[3] febit biotech's argument that its complaint is sufficiently plead when measured against a complaint Codon's counsel, Weil Gotshal & Manges, filed in an unrelated Texas action (*see* Opp. at 8) is meritless.  The Texas complaint was dismissed (and filed) last year, before the *Bell Atlantic* decision that now governs the pleading standard set forth in the Federal Rules.  *See* Evens Decl., Exhs. 54 [docket in Texas action], 55 [complaint, filed February 15, 2006].  *Bell Atlantic* governs the instant action, but did not exist as of the time of the Texas action.

Here, that means that febit biotech should plead facts showing that it does in fact own the '211 patent despite the fact that the face of the '211 patent suggests otherwise. Without some factual allegation in the complaint, febit biotech has not provided "fair notice" to Codon of the nature of its claim or the "grounds" upon which it rests.  *See Bell Atl. Corp.*, 127 S. Ct. at 1965, fn.3.  Indeed, when allegations do "not raise a claim of entitlement to relief, this basic deficiency should be exposed" as early as possible to avoid "expenditure of time and money by the parties and the court."  *Id*. (citations omitted).  Asking for "plausible grounds" at the pleading stage "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence."  *Id*.  Otherwise the litigation would needlessly "take up the time" of the Court and Codon.  *See id.* at 1966 (citations omitted).

Not only is proper pleading of standing important to frame the issue of subject matter jurisdiction, it may affect other issues in the case.  For example, even if febit biotech is the owner by assignment of the '211 patent, it may not have standing to sue for damages from the time prior to when it became the owner.  *See UD Tech. Corp. v. Phenomenex, Inc.*, C.A. No. 05-842-GMS, 2007 WL 28295, *4 (D. Del. 2007) ("[I]f ownership of the patent is transferred, the transferor retains the right to sue for pre-transfer infringements unless that right is expressly relinquished in the transfer"); *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1579 (Fed.Cir. 1991).  Unless febit biotech's complaint clearly spells out when it alleges to have obtained ownership of the '211 patent, the parties may waste time and resources litigating a damages claim that is not at issue.

### B.     febit biotech's Tender of Documents and a Legal Opinion From Its German Counsel Does Not Cure Its Failure To Plead Facts

febit biotech argues that it has "clearly explain[ed] the transfer of ownership rights of the '211 patent to febit biotech" by providing "the pertinent ownership documents and a statement from an outside German attorney."  Opp. at 6.  However, these "pertinent ownership documents" are not a simple assignment or set of assignments, but a collection of more than thirty documents, many of which are translated from German, and some of which are incomplete.

4

Indeed, it appears that none of these documents is an actual assignment, and some of the contracts are, at best, agreements to assign that do not themselves effect an actual transfer of title. *See Arachnid, Inc.*, 939 F.2d at 1581. Without the identification of an instrument to support its ownership claim, the Court need not accept febit biotech's unsupported legal claim to be "the owner of" the '211 Patent. *See Bell Atl. Corp.*, 127 S. Ct. at 1965; *Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263, n. 13 (3rd Cir. 1998).

The complexity of febit biotech's "pertinent ownership documents" is demonstrated by the 9-page declaration from a German attorney that purports to explain the complex series of transactions that allegedly gives febit biotech standing. *See* Eisenlohr Decl.; *see also* Evens Decl., Exh. 32 [counsel's opinion of ownership]. Even the German attorney submitting the declaration concedes that her opinions are based on a number of unsupported assumptions:

> 13. This statement is based on the assumption that FeBit Ferrarius Biotechnology GmbH was originally the owner of the '211 patent, that the title of the '211 patent was only transferred by the purchase agreements mentioned above and that the respective sellers had not transferred the '211 patent to a third party prior to the aforementioned purchase agreements.

Worse, the declaration further alleges facts inconsistent with these assumptions, stating at one point that when the patent issued, the patent's owner was actually "febit AG," not FeBit Ferrarius. Eisenlohr Decl. at ¶ 6.

Moreover, the documents febit biotech identifies themselves reveal a number of gaps and problems in the alleged series of German legal transactions that purportedly give febit biotech rights. According to febit biotech, the named assignee of the patent (Febit Ferrarius) changed its name and then went bankrupt. An option to purchase the '211 patent was allegedly sold out of bankruptcy to a company that then allegedly exercised the option and then sold its rights, which eventually reached febit biotech. Yet the documents reveal a number of problems with this story.

5

For example, febit AG was not the result of a mere name change. Febit Ferrarius, a limited liability corporation, was apparently terminated, and febit AG, a stock corporation, was formed as an independent corporate entity. *See* Evens Decl., Exhs. 34, 35; Eisenlohr Decl. at ¶ 5 (citing Evens Decl., Exhs. 34, 61)). febit biotech offers no evidence of an assignment of the patent from Febit Ferrarius to febit AG. *See Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1250 (Fed. Cir. 2000) (stating that party claiming transfer of all substantial rights in the patent-in-suit "must produce a written instrument documenting the transfer of proprietary rights in the patents").

Further, during dissolution of febit AG, TechnoStart Beratungsgesellschaft für Beteiligungsfond mbH ("TechnoStart") allegedly acquired from the insolvency administrator an option to purchase the '211 Patent by December 12, 2004. Eisenlohr Decl., ¶ 8; Evens Decl., Exh. 32. TechnoStart did not exercise its option until 5 days after the deadline to do so. *See id.*; Evens Decl., Exhs. 39, 63. febit biotech does not explain, even in the declaration from its German attorney, how this exercise after the expiration of the option could possibly have had legal effect under German law.

The identity of the patents transferred from TechnoStart to Neckarburg (which purportedly included the '211 patent) is similarly unknown because the "Annex," captioned "IP Portfolio," that supposedly lists the subject patents is entirely redacted. Evens Decl., Exh. 10/11 at 2 (§1(2)); Evens Decl., Exh. 41 at 2 (§1(2)), 49. A subsequent letter from TechnoStart to febit biotech does not identify which patents were acquired by Neckarburg either. Evens Decl., Exh. 16 and 17. Further, according to the TechnoStart-Neckarburg contract, the assets sold "do not pass to the purchaser until the purchase price has been paid in full." *Id*. at 3 (§3, §4(1)). febit biotech offers no evidence that money, in fact, changed hands.

In short, the ownership trail here is complex and bizarre, and mostly the result of German transactions. The Court should direct febit biotech to clearly set forth the facts that it alleges establish its ownership.

      **C.    The Court Should Not Convert Codon's Facial Attack On The Complaint Into A Factual Determination Of febit biotech's Ownership Claim**

While febit biotech asks the Court to resolve the question of subject matter jurisdiction on the merits now, doing so would be fundamentally unfair. febit's biotech's argument misapprehends "a crucial distinction" between a 12(b)(1) motion that challenges the complaint on its face and a 12(b)(1) motion that "attack[s] the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977). Because Codon has not filed an answer to the complaint,[4] its attack on jurisdiction under Rule 12(b)(1) "is necessarily considered a facial attack." *Argos*, 304 F.Supp.2d at 593; *Mortensen*, 549 F.2d at 891-92, n.17. A facial challenge "is limited to the allegations in the complaint, the documents referenced in or attached to the complaint, and matters in the public record." *In re Intel Microprocessor Antitrust Litigation*, 452 F.Supp.2d at 557; *see Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3rd Cir. 2000); *UD Tech. Corp.*, 2007 WL 28295, at *2.[5] In a facial challenge, the Court should not consider extrinsic evidence, despite febit biotech's invitation to do so. *See id*.

But even if Codon's motion were construed as a 12(b)(1) factual attack, it is premature and impractical to adjudicate jurisdiction now. Discovery has not started, let alone reached a point where it would make sense for the Court to consider and weigh evidence to

---

[4] febit biotech's contention that "Codon chose to file a separate declaratory judgment action against febit" rather "than respond to febit's complaint" is misleading. febit biotech filed its complaint on June 15, 2007 but did not immediately serve Codon. Two weeks later, on June 29, Codon filed its complaint in the District of Columbia because it was unclear when – or even if – febit biotech was ever going to serve Codon. febit biotech had reasonable time to serve Codon before Codon filed its complaint, and, of course, Codon could not have responded to febit biotech's complaint until it was served. febit biotech finally served Codon on July 9, 2007.

[5] Consequently, Codon properly limited its challenge to the pleadings and submitted no extrinsic evidence. febit biotech's repeated assertions that Codon should have submitted with its opening brief the ownership documents or the legal opinion of its German counsel (*see* Opp. at 2, 7, 9) are controverted by the law – and febit biotech cites no authority that would permit Codon (or even febit biotech) to proffer extrinsic evidence in a facial attack. Likewise, because the focus is on the sufficiency of the pleadings standing alone, Codon did not have to, as febit biotech alleges, "point to any specific alleged ambiguities in the ownership documents." *See* Opp. at 4.

7

"satisfy itself as to the existence of the power to hear the case." *Mortensen*, 549 F.2d at 892; *In re Intel Antitrust Litigation*, 452 F.Supp.2d at 557. Thus, courts generally refuse to decide factual attacks when, as here, there is an incomplete evidentiary record. *See Gould Elecs. Inc.*, 220 F.3d at 177. And even where the record is complete, "the court must conduct a plenary trial on the contested facts prior to making a jurisdictional determination." *Id*.

Codon should not bear the hardship and expense of conducting early and expedited foreign discovery, as well as developing expert testimony. As a start-up company with ~70 employees and limited financial resources, discovery (in Germany where febit biotech is headquartered and most or all of the relevant documents and persons with knowledge appear to be located) for the limited purpose of collecting evidence about patent ownership would be unduly expensive and burdensome. If the complaint is not dismissed, febit biotech should amend its complaint to include facts underlying its ownership claim so that Codon's discovery can be more focused and, thus, less costly for both parties. To that end, Codon seeks a pleading that frames the issues about the alleged chain of title supporting febit biotech's claim of ownership.

## II.     FEBIT BIOTECH DOES NOT DISPUTE THAT A MORE DEFINITE STATEMENT IS APPROPRIATE

febit biotech does not provide any argument in response to Codon's request, in the alternative, for a more definite statement. Thus, the Court should, at a minimum, order febit biotech to amend its complaint.

## CONCLUSION

For the reasons set forth in Codon's opening brief and herein, Codon's motion to dismiss should be granted and febit biotech's Complaint dismissed with prejudice.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld (#1014)*
Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE   19899
(302) 658-9200
jblumenfeld@mnat.com
*Attorneys for Defendant
    Codon Devices, Inc.*

*Of Counsel*:

Edward R. Reines
Nicholas A. Brown
Rip J. Finst
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA   94065
(650) 802-3000

November 5, 2007

1306610

**CERTIFICATE OF SERVICE**

I, Jack B. Blumenfeld, hereby certify that on November 5, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Mary Matterer, Esquire
>MORRIS JAMES

I also certify that copies were caused to be served on November 5, 2007 upon the following in the manner indicated:

>**BY ELECTRONIC MAIL**
>**and HAND DELIVERY**
>
>Mary Matterer, Esquire
>MORRIS JAMES
>500 Delaware Avenue
>Suite 1500
>Wilmington, DE   19801
>
>**BY ELECTRONIC MAIL**
>**and FIRST CLASS MAIL**
>
>Mark Fox Evens, Esquire
>Edward J. Kessler, Esquire
>W. Blake Coblentz, Esquire
>STERNE, KESSLER, GOLDSTEIN & FOX PLLC
>1100 New York Avenue, NW
>Washington, DC   20005-3934

>*/s/ Jack B. Blumenfeld (#1014)*
>Jack B. Blumenfeld (#1014)