IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FEBIT HOLDING GMBH,<br><br>                      Plaintiff,<br><br>v.<br><br>CODON DEVICES, INC.,<br><br>                      Defendant. | Civil Action No.: 07-385 GMS<br><br>**PUBLIC VERSION** |

**FEBIT HOLDING GMBH'S OPPOSITION TO CODON DEVICES, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

                P. Clarkson Collins, Jr. (#739)
                Mary B. Matterer (#2696)
                MORRIS JAMES LLP
                500 Delaware Avenue, Suite 1500
                Wilmington, Delaware 19801
                302.888.6800
                mmatterer@morrisjames.com

                *Of Counsel*

                Mark Fox Evens
                Edward J. Kessler
                W. Blake Coblentz
                STERNE, KESSLER, GOLDSTEIN & FOX PLLC
                1100 New York Avenue, NW
                Washington, D.C. 20005-3934
                (202) 371-2600

                *Attorneys for Plaintiff*

Original Dated: October 26, 2007
Public Version: November 9, 2007

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

STATEMENT OF FACTS ....................................................................................................3

ARGUMENT..........................................................................................................................5

    1.    Febit Has Shown Entitlement To Relief And That The Court
        Has Subject Matter Jurisdiction ................................................................5

        A. febit's Complaint Satisfied All Pleading Standards........................5

        A. febit's Complaint Establishes Standing .........................................8

V.    CONCLUSION.................................................................................................10

## TABLE OF AUTHORITIES

**Cases**
*Bell Atl. Corp. v. Twombly,*
   127 S.Ct. 1955 (2007) .................................................................................................. passim
*Conley v. Gibson,*
   355 U.S. 41 S.Ct. 99, 2 L.Ed.2d 80 (1957) ............................................................................ 7
*Eckhard U. Alt, M.D. v. Medtronic, Inc.,*
   C.A. 6:06cv67 ........................................................................................................................ 8
*UD Tech. Corp. v. Phenomenex, Inc.*
   C.A. 05-842-GMS, 2007 WL 28295 (D. Del. Jan. 4, 2007) ............................................. passim

**Statutes**
37 C.F.R. § 3.54 ............................................................................................................................ 9

**Other Authorities**
5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) .... 10

## *INTRODUCTION*

febit biotech GmbH ("febit biotech") sued Codon Devices, Inc. ("Codon") for infringement of U.S. Patent No. 6,586,211 (the "'211 patent"), properly alleging that febit owned the '211 patent (Complaint, ¶ 8). On August 6, 2007, febit biotech changed its name to febit holding GmbH ("febit"), due to a shareholder's resolution. *See* Exhs. 32, 43; Eisenlohr Decl., ¶ 12. Codon moved to dismiss the Complaint or, in the alternative, for a more definite statement claiming some alleged confusion over the proper ownership of the '211 patent even though there is no legitimate basis for Codon to make such an assertion to this Court.

febit voluntarily provided Codon with documents that demonstrated the transfer of ownership of the '211 patent to febit biotech and ultimately to febit holding GmbH in a now unsuccessful effort to avoid needless attorneys' fees and wasted court time on this issue. Codon asserts that the 19 German documents provided to Codon do not establish ownership, but merely show that a number of entities have owned the '211 patent. Motion to Dismiss at 2. Codon goes on to state that Codon and this Court are entitled to a "clear statement in the Complaint of how febit [holding] contends it owns the patent." *Id.*

The documents provided to Codon show that febit owns the '211 patent. Furthermore, febit provided Codon with a signed statement from febit's German corporate attorney, who reviewed those documents. This statement provides Codon with the "clear statement" it professes it needs, a clear roadmap of the transfer of rights showing that febit holding GmbH currently owns the entire right and interest in the '211 patent. Although the ownership documents and statement provided to Codon by febit on September 19, 2007, and on September 28, 2007, paint a clear picture of the ownership of the '211 patent, Codon proceeded to file the instant Motion to Dismiss.

Sadly, Codon's Motion to Dismiss is strong on inappropriate invective and hyperbolic language, but short on facts.[1] Codon did not provide this Court with either the ownership documents or the statement from German counsel. Had it done so, of course, it would have been clear that Codon's Motion to Dismiss has no merit and no point except to waste this Court's time and to generate attorneys' fees.

Codon erroneously asserts that febit's Complaint was inadequately pled, relying on *UD Tech. Corp. v. Phenomenex, Inc.,* C.A. 05-842-GMS, 2007 WL 28295 (D. Del. Jan. 4, 2007) and *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955 (2007). Both cases are easily distinguishable from the facts in this case, as will be shown in the Argument section below. Codon received adequate documentation showing that febit owns the '211 patent before Codon filed its instant Motion. Accordingly, this Motion is both a waste of the Court's time, febit's resources and Codon's resources. febit asks the Court to deny Codon's Motion to Dismiss. febit further asks the Court to award febit reasonable attorneys' fees in connection with its defense of this baseless motion.

## STATEMENT OF FACTS

febit filed the above-captioned patent infringement action against Codon on June 15, 2007, and served the Complaint on Codon on July 9, 2007. According to the Motion to Dismiss, Codon attempted to resolve informally the standing issue without Court intervention. *See* Motion to Dismiss at 3. Codon paints a misleading portrait of the interaction between the parties prior to Codon's filing of the instant motion. Rather than respond to febit's Complaint, Codon chose to file a separate declaratory judgment action against febit and the '211 patent in the United States District Court for the District of Columbia to decide ownership. *See* Exh. 4.

---

[1] In its Motion to Dismiss, Codon Devices uses such invective and hyperbolic language as "baldly asserts," "further clouds," "conclusory assertion," "glaring inconsistency" and "egregious." *See* Motion to Dismiss at 1, 2, 3, 5 and 6.

2

After receiving notice of the declaratory judgment action, febit's counsel talked with Codon's counsel about Codon's later filed action. *See* Evens Decl., ¶ 7. Codon stated a concern about the ownership of the '211 patent. *See* Evens Decl., ¶ 7. While Codon represents to this Court that it "diligently sought clarifying documentation" from febit's counsel as to the ownership of the '211 patent, more accurately, febit's counsel volunteered to provide Codon with the ownership documents showing the transfer of title of the '211 patent to febit to alleviate Codon's alleged concerns over ownership in the '211 patent in a manner that would reduce unnecessary costs for both parties and would not waste the Court's time. *See* Evens Decl., ¶ 7. febit diligently gathered the ownership documents, prepared certified English translations and provided the English translations to Codon's counsel on July 31, 2007. *See* Exhs. 8-19; Evens Decl., ¶ 10-21. Codon responded that it was not satisfied that the documents showed febit's ownership of the '211 patent. *See* Exh. 20; Evens Decl., ¶ 22.

febit disagreed with Codon, believing that the documents clearly showed the chain of title, but decided to try and resolve this issue by providing more documents. febit's German counsel, Verena Eisenlohr, reviewed the documents and provided a signed statement regarding the ownership of the '211 patent. *See* Exh. 32; Eisenlohr Decl., ¶ 1. Verena Eisenlohr is a German corporate attorney who understands the various aspects of German law with respect to a transfer of property, *inter alia*, when a corporation undergoes a name change and contracts for the sale of property. *See* Eisenlohr Decl., ¶ 1. The signed statement of Verena Eisenlohr provides a clear roadmap showing that febit owns the '211 patent. *See* Exh. 32; Eisenlohr Decl., ¶ 2-13. In addition, as stated in Verena Eisenlohr's statement, febit underwent a name change to febit holding GmbH on August 6, 2007, due to a stockholder's resolution. *See* Exh. 32; Eisenlohr Decl., ¶ 12. The name change was executed in the proper manner under German law

3

and was properly recorded in the Commercial Register of the District Court of Mannheim. *See* Exh. 32; Eisenlohr Decl., ¶ 12. febit provided Codon with the Eisenlohr statement explaining the chain of assignments and the additional certified translations on September 19, 2007, and September 28, 2007. *See* Exhs. 30-44, 48-51; Evens Decl., ¶ 33-47, 51-54.

In its Motion to Dismiss, Codon suggests that the delay in providing the translated documents somehow undercuts the merits of febit's ownership. Motion to Dismiss at 4. This position has no merit. First, it takes time, particularly in the summer, to obtain and prepare the signed statement and certified English translations. Second, several severe illnesses in febit counsel's family also delayed the process. Exh. 22; *See* Evens Decl., ¶ 24, 31. Third, the Eisenlohr statement and the documents show that febit owns the '211 patent and that Codon had this information before filing its Motion to Dismiss. Finally, importantly, not once during this time, did Codon express any concern that the documents were not being delivered in a timely fashion, and not once did Codon express concerns of prejudice.

Despite receiving the relevant ownership documents and a signed statement from febit's German corporate attorney, Codon filed this Motion to Dismiss febit's Complaint for lack of standing and inadequate pleading. Codon fails to point to any specific alleged ambiguities in the ownership documents. Instead, in its Motion to Dismiss, Codon continually refers to febit holding GmbH as "febit biotech" although it has been on notice that febit holding GmbH properly changed the caption on September 28, 2007, and provided Codon with the documents showing that febit holding GmbH owns the entire right and interest in the '211 patent. Codon asserts confusion whether febit holding GmbH (which Codon continually identifies as "febit biotech" in its Motion) is the owner of the '211 patent, claiming there is an inconsistency with the face of the '211 patent, which identifies febit ferrarius biotechnology GmbH on the face of

4

the '211 patent.[2] Motion to Dismiss at 1-2. This argument has no merit, and Codon knows it. Codon does not attach either the statement of German counsel or the translated documents to its motion so the Court can see how little merit there is to this Motion. Codon neither challenges the veracity of the documents nor points to anything in the documents that supports its Motion, its position or its claimed "confusion". Codon intentionally withheld from the Court the ownership documents febit had given to Codon that clearly belie Codon's position. By its actions, Codon implicitly admits that the documents and signed Eisenlohr statement provided by febit on September 19, 2007, and September 28, 2007, show that febit owns the entire right and interest in the '211 patent.

## ARGUMENT

I. **FEBIT HAS SHOWN ENTITLEMENT TO RELIEF AND THAT THE COURT HAS SUBJECT MATTER JURISDICTION**

   A.   *febit's Complaint Satisfied All Pleading Standards*

febit's Complaint sufficiently pleads ownership of the '211 patent and clearly presents a claim upon which relief can be granted and over which this Court has subject matter jurisdiction. Codon erroneously relies on *UD Tech. Corp. v. Phenomenex, Inc.*, C.A. 05-842-GMS, 2007 WL 28295 (D. Del. Jan. 4, 2007) and *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007) to support its motion. Those cases are clearly distinguishable from the facts in this case.

In *UD Tech. Corp.*, U.D. Technology Corp. ("UDTC") asserted both a pre- and post-ownership claim of patent infringement against Phenomenex, Inc. *UD Tech. Corp.*, 2007 WL 28295, at *3. Phenomenex, Inc. argued that UDTC lacked standing to assert a pre-assignment patent infringement claim because UDTC did not allege that the assignment conferred on UDTC the right to sue for past infringement. The facts of *UD Tech. Corp.* not only are distinguishable

---

[2] This particular "confusion" is addressed in Argument, Section B at 9-10, *infra*.

5

from the facts in this case, but are the reverse of what occurred in this case. In *UD Tech. Corp.*, the plaintiff actually needed to establish that it had the right to sue for past infringement given the date of the assignment of the patent rights to UDTC. Without an assignment of past patent rights, the assignor alone had the right to bring the action. The court found that UDTC never, at any stage of the proceedings -- in its complaint, responsive briefs or amended complaint -- made any attempt to provide the court or the defendant, with any exhibits or documents that purportedly conferred on UDTC the rights to sue for past infringement. *UD Tech. Corp.*, 2007 WL 28295, at *5. Accordingly, UDTC's right to sue for pre-ownership infringement was insufficiently pled, *Id.* at *3, and the court found that UDTC could not pursue such a claim for past infringement. *Id.* at *6. However, the court gave UDTC leave to amend to demonstrate that it had the right to pursue post-ownership infringement activities. *Id.* at *6.

In this case, whether the assignments confer a right to sue for past infringement prior to the date of assignment is not an issue because Codon's infringing activities probably do not antedate the patent assignment to febit. Moreover, the concern regarding providing documentation of the assignment is not an issue because febit, unlike the plaintiff in *UD Tech. Corp.*, timely provided to Codon (and now to the Court) the pertinent ownership documents and a statement from an outside German attorney which clearly explains the transfer of ownership rights of the '211 patent to febit biotech and ultimately to febit holding GmbH. febit redacted only financial information and any unrelated asset information from the ownership documents, but nothing regarding the ownership of the '211 patent was redacted. These documents, statement and affidavit demonstrate that febit clearly is the owner of the entire right and interest

6

of the '211 patent.³ Ironically, it is Codon and not febit, that finds itself akin to UDTC because in its Motion to Dismiss, Codon chose not to provide these documents to the Court to resolve any alleged ambiguity.

*Bell Atl. Corp.* is also distinguishable from this case. *Bell Atl. Corp.* was an antitrust case where the Supreme Court held that the complaint was not sufficiently pled. *Bell Atl. Corp.*, 127 S.Ct. at 1973. The Court noted that "'for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out *in detail* the facts upon which he bases his claim,' *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added by the Court), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp.*, 127 S.Ct. at [FN 3]. Thus, in pleading an antitrust case, a plaintiff must provide the defendant with sufficient allegations and examples so the defendant knows just what it is alleged to have done in violating the law. Codon's Motion to Dismiss does not contain any statement that Codon does not know what it did substantively; Codon knows that it is alleged to have infringed the claims of the '211 patent.

However, Codon wants this Court to extend *Bell Atl. Corp.* to require every owner of a patent that wishes to assert its rights in a patent infringement suit to provide the actual assignment contracts at the time of pleading. Nothing in *Bell Atl. Corp.* suggests such a result, and Codon has not cited any decision that has so extended *Bell Atl. Corp.* Codon's suggested result is contrary to the regular practice of Codon's own counsel, as exemplified by the example

---

³ In *UD Tech. Corp.*, the court states that the burden on the plaintiff to prove jurisdiction is relatively light, since "'dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as to not involve a federal controversy." *UD Tech. Corp.*, 2007 WL 28295 at *2 (citing *Kulick v. Pocono Downs Racing Ass'n*, 816 F.2d 895, 899 (3d Cir. 1987)(quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666(1974)). febit easily satisfies this test.

complaint for patent infringement filed by counsel in which their own clients merely allege ownership of the patent without providing more information.[4] This example complaint provides the same evidence of ownership that febit provided with its complaint in this case. febit easily met the pleading standards set by the Federal Rules and is consistent with a proper reading of *Bell Atl. Corp.* and Codon's counsel's own pleading practice.

### B.   *febit's Complaint Establishes Standing*

According to Codon, febit's claim of ownership is contradicted by the '211 patent referenced in and attached to the Complaint and that the attached patent trumps the allegation in the Complaint.[5] *See* Motion to Dismiss. Nothing could be further from the truth, and Codon's counsel, as experienced trial lawyers in patent cases, know it.

The assignee identified on the face of a patent is the assignee *at the time of issue*. *See* Exh. 59, MPEP § 307, Evens Decl., ¶ 62. It is not uncommon for the assignee listed on the face of the patent to transfer its rights to a different assignee after the patent has been issued. In that situation, the new owner, if it chooses, can record the assignment with the United States Patent

---

[4] In a complaint filed by Codon's counsel Weil, Gotshal & Manges LLC ("Weil Gotshal") on behalf of the plaintiff in *Eckhard U. Alt, M.D. v. Medtronic, Inc.*, C.A. 6:06cv67, filed in the U.S. District Court for the Eastern District of Texas, Weil Gotshal alleged that Dr. Alt is the assignee of the '355 patent. Weil Gotshall neither cited nor provided any documentation to support this statement. *See* Exhibits 54-56. According to the assignment database on the USPTO website, several assignments demonstrating several changes in ownership took place before the complaint was filed. *See* Exhibit 57. Because of the assignments, the same "discrepancy" appears in Weil Gotshal's Texas case as appears in this case - the party bringing the infringement action and claiming ownership is different than the assignee on the face of the published patent. This fact is normal and raises no red flags. Yet, under its proposed rules of pleading as outlined in the instant case, Weil Gotshal should have amended its Texas complaint to include the entire ownership chain in its complaint and should have provided the supporting ownership documents. This example complaint demonstrates that Weil Gotshal knows full well that there is no pleading rule requiring such an action and is further evidence that Codon's Motion to Dismiss is a pure waste of judicial time.

[5] Codon also argues that a report filed by the Clerk of the Court listing "Febit Ferrarius - not febit biotech - as the 'Holder of Patent,'" somehow contributes to the "glaring inconsistency." Motion to Dismiss at 3. As shown herein, there is no merit to this argument.

8

and Trademark Office ("USPTO"), but the patent will not be re-published with the new assignee on the face of the patent. *See* Exh. 59, MPEP § 307; Evens Decl., ¶ 62. Whether or not the assignment is recorded at the USPTO has no bearing on the validity of the assignment nor the effect of the assignment on the ownership of the patent property. *See* Exh. 58, 37 C.F.R. § 3.54; Evens Decl., ¶ 61.

febit stated as a factual allegation in its Complaint that it is the owner of the '211 patent. That allegation must be taken as true for initial pleading purposes absent clear evidence to the contrary. Codon has presented no such evidence with its Motion to Dismiss other than the '211 patent and the Clerk's Notice, and that demonstrates nothing of consequence, as demonstrated above.

Codon well knows (as evidenced by the example Texas complaint filed by its own counsel where there also is a difference between the plaintiff represented by Weil Gotshal and the owner listed on the face of the patent) that notice pleading is entirely proper and appropriate under the Federal Rules. Factual allegations must be enough to raise a right to relief above the speculative level, *see* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004).

Further, while it is not necessary at this stage of the litigation to go further, febit voluntarily provided Codon with sufficient evidence to show the continuous chain of title from the named inventors through and including the present ownership in febit holding GmbH, the plaintiff in this matter. Moreover, while Codon deliberately chose not to submit these documents with its Motion, febit has submitted the ownership documents to this Court along with the statement of Verena Eisenlohr, a German attorney. Thus, febit easily satisfies any reasonable test establishing ownership as a matter of pleading.

9

## CONCLUSION

For the foregoing reasons, febit's Complaint has been properly pled; febit has standing before this Court. Further, the ownership of the '211 patent was adequately resolved before Codon filed its Motion to Dismiss and it is both a waste of the Court's time and febit's resources to address this motion. Thus, febit ask the Court to award febit its reasonable attorneys' fees. In the alternative, febit reserves the right to amend its Complaint in the unlikely event that the Court deems such action to be necessary.

FEBIT BIOTECH GMBH

Date: October 26, 2007         By: /s/ Mary Matterer
                                   P. Clarkson Collins, Jr. (#739)
                                   Mary B. Matterer (#2696)
                                   MORRIS JAMES LLP
                                   500 Delaware Avenue, Suite 1500
                                   Wilmington, DE 19801
                                   (302) 888-6800
                                   mmatterer@morrisjames.com

Mark Fox Evens
Edward J. Kessler
W. Blake Coblentz
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1100 New York Avenue, NW
Washington, D.C. 20005-3934
(202) 371-2600

*Attorneys for Plaintiff*