# Morris James LLP

Mary B. Matterer
302.888.6960
mmatterer@morrisjames.com

June 4, 2008

The Honorable Leonard P. Stark
United States District Court for the
District of Delaware
844 North King Street
Wilmington, DE  19801

    Re:   *febit holding GmbH v. Codon Devices, Inc.*
           Case No:  07-cv-385 (GMS) (LPS)

Dear Judge Stark:

    Pursuant to the Amended Order dated May 27, 2008, Plaintiff febit holding GmbH ("febit") and Defendant Codon Devices, Inc. ("Codon") hereby jointly submit a proposed Scheduling Order for discussion at the June 9, 2008 Rule 16 scheduling teleconference.

    The proposed Scheduling Order reflects general agreement by counsel on all dates with one exception.  febit proposes that the parties serve their respective Rule 26(a) Initial Disclosures (Paragraph 1) and the Protective Order (Paragraph 6) dating from the issuance of this Order, while Codon proposes that both the Rule 26(a) Initial Disclosures and the Protective Order be served after the Court rules on Codon's Motion to Dismiss.  Codon also proposes to stay discovery not related to the Motion to Dismiss until the Court rules on that Motion.  (Paragraph 1)  These proposals have been set out in brackets in the proposed Scheduling Order.

    The parties consent to magistrate jurisdiction to decide the pending motion to dismiss.  Codon requests oral argument on the motion to dismiss.  The parties understand that the Court has already determined that the magistrate judge will decide discovery disputes and oversee alternative dispute resolution.

The Honorable Leonard P. Stark
June 4, 2008
Page 2

      The parties have left blank the motions *in limine*, trial, and pretrial dates in the Court's draft Scheduling Order, paragraphs 13 and 14. Under the proposed Scheduling Order, the parties expect the case will be ready for trial as early as the spring of 2010 and look forward to discussing the trial and pretrial schedule with the Court. The parties have worked cooperatively to establish a schedule and expect that once a trial date is set, they can agree on the schedule.

                                 Very truly yours,

                                   Mary B. Matterer, #2696
                                   mmatterer@morrisjames.com

MBM/tmp

cc:    Clerk of the Court (Via E-File)
       Jack B. Blumenfeld (Via Electronic Mail and Hand Delivery)
       Mark F. Evens, Esquire (Via Electronic Mail)
       Blake Coblentz, Esquire (Via Electronic Mail)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FEBIT HOLDING GMBH,<br><br>                                 Plaintiff,<br>v.<br><br>CODON DEVICES, INC.,<br><br>                                 Defendant. | Civil Action No.: 07-385-GMS-LPS |

## RULE 16 [PROPOSE] SCHEDULING ORDER

      This _____ day of _____ 200__, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on June 9, 2008 and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

      IT IS ORDERED that:

      1. **Rule 26(a) Initial Disclosures.** Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before five days from the date of **[febit's proposal: this Order; Codon Devices' proposal: the Order on Codon Devices' Motion to Dismiss]. [Codon Devices' proposal: Discovery on issues other than those related to febit holding's standing to sue are stayed until the Court resolves the Motion to Dismiss.]**

      2. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before September 1, 2008.

3. **Reliance Upon Advice of Counsel.** Defendant shall inform plaintiff whether it intends to rely upon advice of counsel as a defense to willful infringement no later than October 1, 2008. If defendant elects to rely on advice of counsel as a defense to willful infringement, defendant shall produce any such opinions on which defendant intends to rely to plaintiff no later than November 3, 2008.

4. *Markman Claim* **Construction Hearing.** A *Markman claim* construction hearing shall be held on June __, 2009 at ___ a.m. The *Markman* hearing is scheduled for a total of 4 hours with each side having 2 hours. On March 2, 2009, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those terms/phrases. Subsequent to exchanging that list, the parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. On or before March 30, 2009, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence. The plaintiff shall submit to the court, a Joint Appendix of Intrinsic and Extrinsic Evidence (the "Joint Appendix") containing all intrinsic and extrinsic evidence relied upon in the claim construction briefing. A sample table of contents of the Joint Appendix can be located on this court's website at www.ded.uscourts.gov. The Joint Appendix shall be filed on the same day as the answering claim construction briefs. The parties shall file opening claim construction briefs on May 1, 2009, and answering claim construction briefs on June 1, 2009. Briefing will be presented pursuant to the court's Local Rules, **with the following exception with regard to page limits:** unless otherwise approved by the court, no opening or answering brief shall exceed 20 pages in each instance exclusive of any table of contents or table of citations.

5. **Discovery.** All fact discovery in this case shall be initiated so that it will

2

be completed on or before May 1, 2009. Opening expert reports on issues on which a party bears the burden of proof shall be served on or before 40 days after the Court issues a *Markman* Decision. Rebuttal expert reports shall be served on or before 30 days after initial briefs. Expert Discovery in this case shall be initiated so that it will be completed on or before 60 days after service of rebuttal expert reports.

      a. <u>Discovery Matters.</u> Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at (302) 573-4571 to schedule a telephone conference. Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s). Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

      6. **Confidential Information and Papers filed under Seal.** Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within thirty (30) days from the date of **[febit's proposal: this Order; Codon Devices' proposal: the Order**

on Codon Devices' Motion to Dismiss]. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers. **If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

Any proposed protective order should include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

7. **Settlement Conference.** Pursuant to 28 U.S.C. §636, this matter is referred to a United States Magistrate for the purpose of exploring the possibility of a settlement.

8. **Summary Judgment Motions.** Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court and served on opposing counsel by facsimile or electronically no later than 20 days after the close of expert discovery. Answering letter briefs shall be no longer than five (5)

pages and filed with the Court and served on opposing counsel by facsimile or electronically no later than 15 days after the filing of the opening letter brief. Reply letter briefs shall be no longer than three (3) pages and filed with the Court and served on opposing counsel by facsimile or electronically on or before 5 days after service of the answering letter brief. The Court shall hold a Status Conference to hear argument and to determine whether the filing of any motion for summary judgment will be permitted. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9. **Case Dispositive Motions:** All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed within two weeks of the summary judgment Status Conference, or within two weeks of the court's decision on whether it will permit summary judgment filing, whichever period is greater. Briefing will be presented pursuant to the court's Local Rules, **with the following exception with regard to page limits:** unless otherwise approved by the court, no opening or answering brief shall exceed 20 pages, and no reply brief shall exceed 10 pages, in each instance exclusive of any table of contents or table of citations. The parties may agree on an alternative briefing scheduling. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or the request will be denied.

10. **Applications by Motion.** Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel

shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Oral Argument.** If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to District of Delaware Local Rule 7.1.4.

12. **Daubert Issues.** The Court will address Daubert issues at the Pretrial Conference. Daubert issues are properly raised as a Motion *in Limine* (to be submitted in accordance with the Motion *in Limine* schedule) and will count toward the five (5) motions permitted per side.

13. **Pretrial Conference.** On _____, beginning at ___ a.m., the Court will hold a Pretrial Conference in Chambers with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiffs counsel any comments on the plaintiff's draft, as well as the information defendant proposes to include in the proposed pretrial order. **Motions in *limine:*** No party shall file more than five(5) motions *in limine*. Briefs **(opening, answering and reply)** on all motions *in limine* shall be filed by _____ ("opening"), _____ ("answering") and _____ ("reply"). Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the court the **joint** proposed final pretrial order with the information required by the form of Final Pretrial Order which can be located on this court's

website at www.ded.uscourts.gov on or before _____.

    14. **Trial.** This matter is scheduled for a 7 day (jury) trial beginning at 9:00 a.m. on _____.

    15. **Scheduling:** The parties shall contact chambers, at (302) 573-4571, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____
UNITED STATES MAGISTRATE JUDGE
