IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FEBIT HOLDING GMBH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-385 (GMS) (LPS) |
| | ) |
| CODON DEVICES, INC., | ) |
| | ) |
| Defendant. | ) |

### NOTICE OF SUPOENA

PLEASE TAKE NOTICE that the attached subpoena is being served on Verena Eisenlohr.

                              MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                              /s/ Jack B. Blumenfeld

                              Jack B. Blumenfeld (#1014)
                              1201 North Market Street
                              P.O. Box 1347
                              Wilmington, DE 19899
                              (302) 658-9200
                              jblumenfeld@mnat.com

                              *Attorneys for Defendant*
                              *Codon Devices, Inc.*

*Of Counsel*:

Edward R. Reines
Nicholas A. Brown
Rip J. Finst
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

June 25, 2008

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on June 25, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Mary Matterer, Esquire
> MORRIS JAMES LLP

I also certify that copies were caused to be served on June 25, 2008 upon the following in the manner indicated:

> **BY ELECTRONIC MAIL**
> **and HAND DELIVERY**
>
> Mary Matterer, Esquire
> MORRIS JAMES LLP
> 500 Delaware Avenue
> Suite 1500
> Wilmington, DE 19801
>
> **BY ELECTRONIC**
> **and FIRST CLASS MAIL**
>
> Mark Fox Evens, Esquire
> Edward J. Kessler, Esquire
> W. Blake Coblentz, Esquire
> STERNE, KESSLER, GOLDSTEIN & FOX PLLC
> 1100 New York Avenue, NW
> Washington, DC 20005-3934

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

FEBIT HOLDING, GMBH

**SUBPOENA IN A CIVIL CASE**

V.

CODON DEVICES, INC.

Case Number:[1] 07-385 GMS (LPS)

TO: VERENA EISENLOHR

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition shall be recorded by stenographic and/or videographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Heidelberg, Germany | July 15, 2008 9:00AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A attached hereto & made a part hereof by this reference.

| PLACE | DATE AND TIME |
|---|---|
| Rip Finst c/o Weil, Gotshal & Manges LLP 201 Redwood Shores Parkway Redwood Shores, CA 94065 | July 8, 2008 9:00AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ signature Attorneys for Defendant, Codon Devices, Inc. | June 25, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Jack B. Blumenfeld  (302)658-9200
Morris, Nichols, Arsht & Tunnell LLP, 1201 No. Market St. Wilmington, DE 19899

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

Pursuant to Federal Rule of Civil Procedure 45, Defendant Codon Devices, Inc. hereby requests that Verena Eisenlohr produce for inspection and copying the documents and things requested.

## DEFINITIONS

1. "You" and "Your" means Verena Eisenlohr and anybody acting on your behalf.

2. "febit holding" means plaintiff febit holding, GmbH, its predecessors and successors, its past and present parents, subsidiaries, divisions, affiliates, and their related companies, and each of its past and present directors, officers, employees, agents, investors, affiliates, and others purporting to act on its behalf (including consultants and attorneys).

3. "febit biotech" means febit biotech, GmbH, its predecessors and successors, its past and present parents, subsidiaries, divisions, affiliates, and their related companies, and each of its past and present directors, officers, employees, agents, investors, affiliates, and others purporting to act on its behalf (including consultants and attorneys).

4. "febit GmbH" means febit GmbH, its predecessors and successors, its past and present parents, subsidiaries, divisions, affiliates, and their related companies, and each of its past and present directors, officers, employees, agents, investors, affiliates, and others purporting to act on its behalf (including consultants and attorneys).

5. "Neckarburg" means Neckarburg 66. V V GmbH, its predecessors and successors, its past and present parents, subsidiaries, divisions, affiliates, and their related companies, and each of its past and present directors, officers, employees, agents, investors, affiliates, and others purporting to act on its behalf (including consultants and attorneys).

6.  "TechnoStart" means TechnoStart Beratungsgesellschaft fur Beteiligungsfonds mbH, its predecessors and successors, its past and present parents, subsidiaries, divisions, affiliates, and their related companies, and each of its past and present directors, officers, employees, agents, investors, affiliates, and others purporting to act on its behalf (including consultants and attorneys).

7.  "febit AG" means febit AG, its predecessors and successors, its past and present parents, subsidiaries, divisions, affiliates, and their related companies, and each of its past and present directors, officers, employees, agents, investors, affiliates, and others purporting to act on its behalf (including consultants and attorneys).

8.  "FeBit Ferrarius" means FeBit Ferrarius Biotechnology GmbH, its predecessors and successors, its past and present parents, subsidiaries, divisions, affiliates, and their related companies, and each of its past and present directors, officers, employees, agents, investors, affiliates, and others purporting to act on its behalf (including consultants and attorneys).

9.  "'211 patent" means U.S. Patent No. 6,586,211 and any patent application from which that patent may have resulted.

10. "Named Inventers" means the inventors identified on the face of the '211 patent.

11. "Eisenlohr Declaration" means the Declaration of Verena Eisenlohr In Support Of febit holding GmbH's Opposition To Codon Devices, Inc.'s Motion To Dismiss, Or In The Alternative, For A More Definite Statement, dated October 26, 2007.

12. "Document" shall have the meaning set forth in Federal Rule of Civil Procedure 34.

13.   "Concerning" means pertaining to, referring to, and/or relating in any way to the matter specified.

## INSTRUCTIONS

1.   This request seeks production of all documents and things described in the request which are in your possession, custody or control, whether prepared by you or anyone else, and in any location they may exist.

2.   If you withhold any document or any portion thereof on a claim of privilege, provide a privilege log pursuant to Fed. R. Civ. P. 26.

3.   If you contend that a portion of a document contains information which is immune from discovery, then produce the document with the immune portion redacted therefrom and describe the redacted portion in a privilege log pursuant to Fed. R. Civ. P. 26 (b)(5).

4.   The words "and" and "or" shall be used conjunctively or disjunctively, whichever makes the request more inclusive.

5.   The singular form of a word shall include the plural and vice versa.

6.   An English-language translation should be produced for each non-English-language document.

7.   These requests are continuing, so that if after responding and producing documents for inspection and copying, you acquire or locate any additional documents falling within the scope of any of the requests herein, you are to produce such additional documents promptly for inspection and copying.

3

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents relating to, considered, relied on, discussed, or referenced by you in preparing or signing the Eisenlohr Declaration, including without limitation all documents that contradict or are inconsistent with your statements in the Eisenlohr Declaration.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and things concerning (whether supporting or contradicting) your contention that febit holding is the owner of the entire right, title and interest in and to the '211 patent, including without limitation all documents relating to each transfer, conveyance, purchase, sale, license, agreement to license, assignment, or agreement to assign that effects any rights to the '211 patent.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and things concerning (whether supporting or contradicting) your contention that febit AG was the owner of the same assets as FeBit Ferrarious.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and things concerning the bankruptcy of febit AG, including without limitation all documents concerning your contentions that febit AG owned the '211 patent at the time of the bankruptcy and that the bankruptcy entitled insolvency administrator Christopher Seagon to assign, license, transfer, convey or sell the '211 patent or an option to acquire the '211 patent.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and things concerning (whether supporting or contradicting) your contention that TechnoStart acquired the '211 patent from the bankruptcy of febit AG, including

4

without limitation all documents concerning any payments made by TechnoStart that relate to the exercise of an option to acquire the '211 patent pursuant to its agreement with the insolvency administrator for the febit AG bankruptcy.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and things concerning any disposition, transfer or sale of febit AG's intellectual property prior to its bankruptcy.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and things concerning (whether supporting or contradicting) your contention that TechnoStart sold and transferred the '211 patent to Neckarburg and/or febit biotech.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and things concerning past and present relationships (both formal and informal) between the Named Inventors, FeBit Ferrarius, Febit AG, the insolvency administrator of febit AG, TechnoStart, Neckarburg, febit biotech, febit holding and/or febit GmbH.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and things concerning communications between the Named Inventors, FeBit Ferrarius, Febit AG, the insolvency administrator of Febit AG, TechnoStart, Neckarburg, febit biotech, febit holding and/or febit GmbH concerning the '211 patent.

**REQUEST FOR PRODUCTION NO. 10:**

All documents relating to your work for or relationship with any of the Named Inventors, FeBit Ferrarius, Febit AG, the insolvency administrator of Febit AG, TechnoStart,

Neckarburg, febit biotech, febit holding and febit GmbH, including without limitation all communications between you and any of these entities.

**REQUEST FOR PRODUCTION NO. 11:**

A copy of your current curriculum vitae.

**REQUEST FOR PRODUCTION NO. 12:**

All translations in your possession or control of all documents produced pursuant to Requests for Production Nos. 1 to 11.