## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FEBIT HOLDING GMBH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-385 (GMS) (LPS) |
| | ) | |
| CODON DEVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ANSWER OF CODON DEVICES, INC. TO
### AMENDED COMPLAINT OF FEBIT HOLDING GMBH

Defendant Codon Devices, Inc. ("Codon") responds to the First Amended Complaint of Plaintiff febit holding GmbH ("febit holding") as follows:

### NATURE OF THE ACTION

1.      Codon admits that this action purports to be an action for patent infringement; and that U.S. Patent No. 6,586,211 B1 (the "'211 patent"), attached to the First Amended Complaint as Exhibit A, is entitled "Method For Producing Polymers." Except as expressly admitted, Codon denies the allegations of paragraph 1 of febit holding's First Amended Complaint.

### THE PARTIES

2.      Codon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of febit holding's First Amended Complaint and on that basis denies them.

3.      Codon admits the allegations of paragraph 3 of febit holding's First Amended Complaint.

## JURISDICTION AND VENUE

4.      Codon admits that this action purports to be an action for patent infringement.  Except as expressly admitted, Codon denies the allegations of paragraph 4 of the febit holding's First Amended Complaint.

5.      Codon denies the allegations of paragraph 5 of febit holding's First Amended Complaint.

6.      Codon admits the allegations of paragraph 6 of febit holding's First Amended Complaint.

7.      Codon admits the allegations of paragraph 7 of febit holding's First Amended Complaint.

## THE PATENT-IN-SUIT

8.      Codon admits that the '211 patent is entitled "Method for Producing Polymers;" that the '211 patent states on its face that it was issued on July 1, 2003 to Peer F. Stahler, Cord F. Stahler and Manfred Muller; and that a copy of the '211 patent was attached as Exhibit A to febit holding's First Amended Complaint.  Except as expressly admitted, Codon denies the allegations of paragraph 8 of febit holding's First Amended Complaint.

9.      Codon admits that claims 1 and 25 of the '211 patent are independent claims and are reproduced in febit holding's First Amended Complaint.  Except as expressly admitted, Codon denies the allegations of paragraph 9 of febit holding's First Amended Complaint.

## OWNERSHIP OF THE PATENT-IN-SUIT

10.     Codon admits that the assignee identified on the face of the '211 patent is FeBit Ferrarius Biotechnology GmbH.  Except as expressly admitted, Codon is without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of febit holding's First Amended Complaint and on that basis denies them.

11.    Codon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of febit holding's First Amended Complaint and on that basis denies them.

12.    Codon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of febit holding's First Amended Complaint and on that basis denies them.

13.    Codon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of febit holding's First Amended Complaint and on that basis denies them.

14.    Codon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of febit holding's First Amended Complaint and on that basis denies them.

15.    Codon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of febit holding's First Amended Complaint and on that basis denies them.

## COUNT I
### (Infringement of the '211 Patent Pursuant to 35 U.S.C. § 271(g))

16.    Codon incorporates by reference its responses to the allegations of paragraphs 1 through 15 of febit holding's First Amended Complaint.

17.    Codon admits that it developed and continues to use a gene synthesis platform called the BioFAB® platform.    Except as expressly admitted, Codon denies the allegations of paragraph 17 of febit holding's First Amended Complaint.

3

18.     Codon admits that it synthesizes DNA clones for synthetic genes and for gene variants with the BioFAB® platform and engages in protein engineering. Codon admits that it hybridizes oligonucleotides into duplexes and assembles genes from duplexes. Except as expressly admitted, Codon denies the allegations of paragraph 18 of febit holding's First Amended Complaint.

19.     Codon admits that it began offering for sale and selling synthetic genes made using the BioFAB® platform in 2005. Except as expressly admitted, Codon denies the allegations of paragraph 19 of febit holding's First Amended Complaint.

20.     Codon has discontinued sales of synthetic genes made using the BioFAB® platform. Codon offers for sale gene variants made using the BioFAB® platform. Except as expressly admitted, Codon denies the allegations of paragraph 20 of febit holding's First Amended Complaint.

21.     Codon denies the allegations of paragraph 21 of febit holding's First Amended Complaint.

22.     Codon denies the allegations of paragraph 22 of febit holding's First Amended Complaint.

23.     Codon denies the allegations of paragraph 23 of febit holding's First Amended Complaint.

24.     Codon denies the allegations of paragraph 24 of febit holding's First Amended Complaint.

25.     Codon denies the allegations of paragraph 25 of febit holding's First Amended Complaint.

## COUNT II
### (Infringement of the '211 Patent Pursuant To 35 U.S.C. § 271(a))

26.     Codon incorporates by reference its responses to the allegations of paragraphs 1 through 25 of febit holding's First Amended Complaint.

27.     Codon denies the allegations of paragraph 27 of febit holding's First Amended Complaint.

28.     Codon denies the allegations of paragraph 28 of febit holding's First Amended Complaint.

29.     Codon denies the allegations of paragraph 29 of febit holding's First Amended Complaint.

30.     Codon denies the allegations of paragraph 30 of febit holding's First Amended Complaint.

## CODON'S RESPONSE TO FEBIT HOLDING'S PRAYER FOR RELIEF

31.     Codon denies that febit holding is entitled to any of the relief sought in its prayer for relief.

## AFFIRMATIVE DEFENSES

32.     In addition to the defenses described below, Codon expressly reserves the right to allege additional defenses as they become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

33.     One or more of febit holding's claims fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

34.     The Court lacks subject matter jurisdiction over this action.

### THIRD AFFIRMATIVE DEFENSE
### (Non-Infringement)

35.     Codon has not infringed and does not infringe any valid claim of the '211 patent.

### FOURTH AFFIRMATIVE DEFENSE
### (Invalidity)

36.     Codon alleges on information and belief that one or more claims of the '211 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of sections 102, 103, and/or 112.

### FIFTH AFFIRMATIVE DEFENSE
### (Unenforceability – Inequitable Conduct)

37.     On information and belief, the '211 patent is unenforceable by reason of inequitable conduct committed by febit holding, the named inventors of the '211 patent, and/or their attorneys (collectively and individually, the "Applicants") during prosecution of the '211 patent before the PTO.

38.     In particular, the Applicants failed to disclose to the PTO certain prior art and information material to the application for the '211 patent, including United States Patent No. 5,755,942 (the "'942 Patent") and United States Patent No. 5,723,320 (the "'320 Patent"). The '942 Patent and '320 Patent are highly material to the subject matter claimed in the '211 patent because, *inter alia*, each reference describes a system and method for parallel synthesis of a plurality of polymers using a microelectronic and fluidic array.

39.     Upon information and belief, the Applicants had knowledge of the '942 Patent and '320 Patent prior to and during prosecution of the application for the '211 patent and, upon information and belief, the Applicants failed to disclose these references with intent to deceive. The Applicants learned of the '942 Patent and '320 Patent from an International Search

Report, dated May 11, 2000, for WO 00/13018, a foreign counterpart to United States Patent No. 7,097,974 to the same named inventors of the '211 patent.

40.     Despite the materiality of the '942 Patent and '320 Patent and the Applicants' knowledge of such reference prior to and during prosecution of the application for the '211 patent, the Applicants did not disclose the '942 Patent and '320 Patent to the PTO. The '211 patent is, therefore, unenforceable by reason of the Applicants' inequitable conduct.

**SIXTH AFFIRMATIVE DEFENSE**
**(Relief Barred)**

41.     On information and belief, the '211 patent is unenforceable by reason of equitable estoppel, laches, and waiver.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Patent Misuse)**

42.     On information and belief, the '211 patent is unenforceable under the doctrine of patent misuse.

**PRAYER FOR RELIEF**

WHEREFORE, Codon prays for judgment as follows:

A.     That febit holding's First Amended Complaint against Codon be dismissed with prejudice;

B.     That febit holding take nothing by reason of the First Amended Complaint herein;

C.     That judgment be entered in favor of Codon;

D.     That febit holding and each of its officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with them be restrained and enjoined from further prosecuting or instituting any action against Codon claiming that the '211 patent is

7

valid, enforceable, or infringed, or from representing that Codon's products or services infringe the '211 patent;

        E.      That Codon recover its attorneys' fees, costs, and expenses to the extent permitted by law; and

        F.      That this Court grant such other and further relief as it may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
*Attorneys for Defendant*
   *Codon Devices, Inc.*

*Of Counsel*:

Edward R. Reines
Nicholas A. Brown
Rip J. Finst
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(650) 802-3000

June 27, 2008

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on June 27, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Mary Matterer, Esquire
> MORRIS JAMES LLP

I also certify that copies were caused to be served on June 27, 2008 upon the following in the manner indicated:

**BY ELECTRONIC MAIL**
**and HAND DELIVERY**

Mary Matterer, Esquire
MORRIS JAMES LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE  19801

**BY ELECTRONIC**
**and FIRST CLASS MAIL**

Mark Fox Evens, Esquire
Edward J. Kessler, Esquire
W. Blake Coblentz, Esquire
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1100 New York Avenue, NW
Washington, DC  20005-3934

Jack B. Blumenfeld (#1014)