IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FEBIT HOLDING GMBH,

Plaintiff,

v.

CODON DEVICES, INC.,

Defendant.

C.A. No. 07-385 (GMS) (LPS)

**REDACTED – PUBLIC VERSION**

**DEFENDANT CODON DEVICES, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS AMENDED COMPLAINT OF FEBIT HOLDING GMBH**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
*Attorneys for Defendant*
*Codon Devices, Inc.*

OF COUNSEL:

Edward R. Reines
Nicholas A. Brown
Rip J. Finst
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Originally Filed: August 4, 2008
Redacted Version Filed: August 5, 2008

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .......... ii

NATURE AND STAGE OF THE PROCEEDINGS .......... 1

SUMMARY OF ARGUMENT .......... 1

STATEMENT OF FACTS .......... 1

ARGUMENT .......... 2

I. FEBIT HOLDING LACKS STANDING BECAUSE IT HAS FAILED TO MEET THE REQUIREMENTS OF 28 U.S.C. § 261 .......... 2

II. FEBIT HOLDING LACKS ALL SUBSTANTIAL RIGHTS TO BRING SUIT .......... 5

CONCLUSION .......... 9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Arachnid, Inc. v. Merit Industries, Inc.*,
939 F.2d 1574 (Fed Cir. 1991)....................3

*Enzo APA & Son, Inc. v. Geapag A.G.*,
134 F.3d 1090 (Fed. Cir. 1998)....................2, 4

*Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*,
248 F.3d 1333 (Fed. Cir. 2000)....................8

*IpVenture, Inc. v. ProStar Computer, Inc.*,
503 F.3d 1324 (Fed. Cir. 2007)....................3-4

*Procter & Gamble Co. v. Paragon Trade Brands, Inc.*,
917 F. Supp. 305 (D. Del. 1995)....................4

*Propat Int'l Crop. v. Rpost, Inc.*,
473 F.3d 1187 (Fed. Cir. 2007)....................5, 7-8

*Speedplay, Inc. v. Bebop, Inc.*,
211 F.3d 1245 (Fed. Cir. 2000)....................*Passim*

**STATUTES**

35 U.S.C. § 261....................1-2, 4

## NATURE AND STAGE OF THE PROCEEDINGS

febit biotech GmbH ("febit biotech") filed this patent infringement lawsuit against Codon Devices, Inc. ("Codon") on June 15, 2007. Codon moved to dismiss the complaint because it failed to establish febit biotech's standing to sue. Following a hearing, febit holding GmbH ("febit holding") filed an amended complaint on June 10, 2008. The Court also authorized expedited ownership-related discovery. On July 15, 16, and 17, 2008, Codon conducted depositions on that issue in Germany of febit holding's CEO, febit holding's chief scientific officer, and febit holding's outside corporate counsel, Verena Eisenlohr.

## SUMMARY OF ARGUMENT

This case should be dismissed because plaintiff febit holding does not have standing to sue. febit holding asserts that it was assigned title to United States Patent No. 6,586,211 (the "'211 Patent") through an intricate web of transactions involving numerous different companies (both operating and shell companies) that occurred in Germany, but two of the purported transfers fail to meet the writing requirement contained in 35 U.S.C. § 261 and, thus do not constitute valid assignments. As a result, febit holding does not own the '211 patent and this suit should be dismissed. Even if febit holding did own the '211 patent, it could not maintain this suit because discovery has revealed that, after this lawsuit began, febit holding granted a license to one of its subsidiaries under terms that split any rights to the '211 patent in a way that would divest it of standing to sue.

## STATEMENT OF FACTS

The pertinent facts are set forth in the Argument sections, as appropriate.

## ARGUMENT

I. FEBIT HOLDING LACKS STANDING BECAUSE IT HAS FAILED TO MEET THE REQUIREMENTS OF 28 U.S.C. § 261

febit holding lacks standing because the chain of title for the '211 patent contains two transfers that fail to meet the writing requirement contained in 35 U.S.C. § 261 and, thus, do not constitute valid assignments. Section 261, the patent statute governing assignments, provides: "Applications for patent, patents or any interest therein, shall be assignable in law by an *instrument in writing*." (Emphasis added). The Federal Circuit has held that this language requires that a party alleging to own a patent must "produce a written instrument documenting the transfer of proprietary rights in the patents." *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1250 (Fed. Cir. 2000); *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1092 (Fed. Cir. 1998).

The first missing writing is in the putative transfer to TechnoStart from the German insolvency administrator for febit AG. febit holding has presented three documents to attempt to show this alleged transfer. febit holding admits that **none** of those documents is itself an assignment, but contends that the three documents "collectively comprise the contract documents memorializing the assignment of the patent-in-suit from febit AG to TechnoStart." Exh. 1 [febit holding GmbH's Response to Codon Devices, Inc.'s First Set of Admissions, Nos. 5, 6, and 7]. febit holding is correct that none of these documents taken individually can be considered an assignment. The first document is [REDACTED] *See* Exh. 2 at FEBO 001079-001129. [REDACTED] The second document is a [REDACTED] It

cannot be considered an assignment because it is not from the insolvency administrator, who was the only person with the power to assign the rights of the '211 patent to a third party. *See* Exh. 3 at FEBO 001130-001132. The third document is [REDACTED] *See* Exh. 4 at FEBO 001133-001137. However, this [REDACTED] contains no language actually transferring rights in the '211 patent to TechnoStart and, therefore, is not "a written instrument documenting the transfer of proprietary rights in the patents." *Speedplay*, 211 F.3d at 1250.

Even taken together, febit holding's documents do not show an assignment. At most,they show that, [REDACTED] the insolvency administrator had a contractual obligation to assign the '211 patent to TechnoStart. However, the Federal Circuit has repeatedly held that a contractual obligation to assign is **not** an assignment and is insufficient to create standing to sue for infringement. For example, in *Arachnid, Inc. v. Merit Industries, Inc.*, 939 F.2d 1574, 1575 (Fed Cir. 1991), Arachnid had an agreement with its contractor, IDEA, requiring all inventions made by IDEA to be assigned to Arachnid. The patent-in-suit was originally assigned to IDEA in violation of this agreement, but a Wisconsin court ultimately enforced the contract and ordered the patent assigned to Arachnid. *Id.* at 1576. The Federal Circuit found that Arachnid lacked standing to sue for infringement that occurred during the five-year period where it should have had title but did not because of IDEA's breach of contract. *Id.* at 1579. The Federal Circuit explained that Arachnid's contract with IDEA "was an agreement to assign, not a written assignment" and that title did not actually transfer to Arachnid until the Wisconsin court enforced the contract. *Id.* at 1580. Similarly, in *IpVenture, Inc. v. ProStar Computer, Inc.*, 503 F.3d 1324, 1327 (Fed. Cir. 2007), the Federal Circuit held that a written employment agreement requiring an employee to assign all inventions

made as part of his employment to Hewlett-Packard (HP) was merely an agreement to assign, not an assignment, and found that HP had no ownership interest in the patent-in-suit because no written assignment existed.

The second missing writing is in the putative transfer from TechnoStart to Neckarburg in [REDACTED] Exh. 5 [REDACTED] (FEBO 001221-1383)]. [REDACTED] *Id.* at FEBO 001238, FEBO 001318. This omission is fatal because, as stated above, an assignment of a U.S. patent must be in writing. *See Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1092 (Fed. Cir. 1998) (holding that document did not constitute a written transfer of rights because it did not "extend, either implicitly or explicitly" to U.S. patents as it was "specifically limited to Italian applications").

Although febit holding apparently contends that the requirement that it produce written instruments documenting each assignment is a mere technicality or some kind of formality, it is a formality that Congress thought important enough to codify in section 261, and which the Federal Circuit has firmly enforced. Because febit holding has failed to produce written instruments documenting an assignment of the '211 patent in the two above-mentioned transfers, it has not established standing to bring the present suit, and, therefore, Codon's motion to dismiss should be granted. *See, e.g.*, *Procter & Gamble Co. v. Paragon Trade Brands, Inc.*, 917 F. Supp. 305, 309, 312 (D. Del. 1995) (rejecting plaintiff's claim that it did not need an assignment in writing and holding that plaintiff lacked standing).

## II. FEBIT HOLDING LACKS ALL SUBSTANTIAL RIGHTS TO BRING SUIT

This case should be dismissed because febit holding granted substantial patent rights (if it had any to transfer) to another entity, and that split of whatever rights it had in the '211 Patent precludes febit holding from maintaining this suit. The law is clear that to maintain standing to sue for patent infringement, one must have "all substantial rights" in the patent. *Propat Int'l Crop. v. Rpost, Inc.*, 473 F.3d 1187, 1192-93 (Fed. Cir. 2007).[1] During the depositions in Germany, Codon learned for the first time about a [redacted] This [redacted] establishes that febit holding does not have all substantial rights in the '211 patent and therefore lacks standing to maintain this suit. [redacted]

[1] In *Propat*, the licensor (Authentix) retained the right to veto litigation decisions which, among other rights retained, lead the panel to conclude that "substantial rights" in the patent were not transferred to the licensee. Although febit synbio GmbH [redacted] the Federal Circuit's standing analysis has focused on who possesses what rights, and not on the parties' titles. *E.g.*, *Speedplay, Inc.*, 211 F.3d at 1252.

[2] Although Codon's discovery requests for all such documentation were unambiguous, febit holding did not – despite its agreement to do so – produce the license agreement prior to the depositions on the meritless ground that such documentation was irrelevant and not within the scope of Codon's requests. Exh. 6 [Eisenlohr Dep.] at 39:15-18; 44:11-13.

[3] [redacted]





4 febit holding waited until Ms. Eisenlohr's deposition on the second day to produce

5



are critical rights that are dispositive of the standing issue. For example, in *Propat*, the Federal Circuit found that the right to veto litigation decisions "constitutes a significant restriction on [a party's] interest in the patent" and

therefore precludes having standing to sue. *Propat Int'l Crop. v. Rpost, Inc.*, 473 F.3d 1187, 1191 (Fed. Cir. 2007). Likewise, in *Intellectual Property Development*, the Federal Circuit found that an obligation to consult with and obtain consent from another party about any patent litigation seriously limited the transferred patent rights and removed standing to sue. *Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1344 (Fed. Cir. 2000). In addition, febit synbio [REDACTED] Such an "equity interest in the proceeds of … litigation activities" was also found in *Propat* to be a substantial interest in a patent. *Propat Int'l Crop.*, 473 F.3d at 1191.

Moreover, febit synbio [REDACTED] In *Propat*, the Court held that an analogous right – the licensor's reversionary right in the patent if the licensee did not meet specified benchmarks – was a substantial patent right. Accordingly, febit holding has deprived itself of standing to sue by granting "febit synbio GmbH" substantial rights and interest in the '211 patent.

CONCLUSION

For the reasons set forth above, Codon's motion to dismiss should be granted and febit holding's amended complaint dismissed with prejudice.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack B. Blumenfeld

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
*Attorneys for Defendant Codon Devices, Inc.*

OF COUNSEL:

Edward R. Reines
Nicholas A. Brown
Rip J. Finst
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

August 4, 2008
2437333

**CERTIFICATE OF SERVICE**

I, Jack B. Blumenfeld, hereby certify that on August 5, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Mary Matterer, Esquire
MORRIS JAMES

I also certify that copies were caused to be served on August 5, 2008 upon the following in the manner indicated:

**BY ELECTRONIC MAIL**

Mary Matterer, Esquire
MORRIS JAMES
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801

Mark Fox Evens, Esquire
Edward J. Kessler, Esquire
W. Blake Coblentz, Esquire
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1100 New York Avenue, NW
Washington, DC 20005-3934

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)