IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FEBIT HOLDING GMBH,                  )
                                     )
                      Plaintiff,     )
                                     )
              v.                     )    C.A. No. 07-385 (GMS) (LPS)
                                     )
CODON DEVICES, INC.,                 )    **REDACTED – PUBLIC VERSION**
                                     )
                      Defendant.     )

**DECLARATION OF RIP FINST IN SUPPORT OF DEFENDANT CODON DEVICES,
INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
<u>AMENDED COMPLAINT OF FEBIT HOLDING GMBH</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Defendant
  Codon Devices, Inc.*

OF COUNSEL:

Edward R. Reines
Nicholas A. Brown
Rip J. Finst
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(650) 802-3000

Originally Filed:  August 4, 2008
Redacted Version Filed:  August 5, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FEBIT HOLDING GMBH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-385 (GMS) (LPS) |
| | ) | |
| CODON DEVICES, INC., | ) | **CONFIDENTIAL –** |
| | ) | **FILED UNDER SEAL** |
| Defendant. | ) | |

**DECLARATION OF RIP FINST IN SUPPORT OF DEFENDANT CODON DEVICES,
INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
AMENDED COMPLAINT OF FEBIT HOLDING GMBH**

I, Rip Finst, declare:

1.     I am an attorney admitted *pro hac vice* to practice in the United States
District Court for the District of Delaware, and am an associate at Weil, Gotshal & Manges
L.L.P., attorneys of record for Defendant Codon Devices, Inc. ("Codon").  The matters referred
to in this declaration are based on my personal knowledge and if called as a witness I could, and
would, testify competently to those matters.

2.     Attached hereto as Exhibit 1 is a true and correct copy of febit holding
GmbH's Response to Codon Devices, Inc.'s First Set of Admissions.

3.     Attached hereto as Exhibit 2 is a true and correct copy of a German-
language contract between Christopher Seagon (febit AG's insolvency administrator) and
TechnoStart Beratungsgesellschaft fur Beteiligungsfonds mbh ("TechnoStart") (FEBO 001079-
001102) and an English translation of that document (FEBO 001103-29). [**FILED UNDER
SEAL**]

4.     Attached hereto as Exhibit 3 is a true and correct copy of a German-language letter from Michael Mayer of TechnoStart to Christopher Seagon (FEBO 001130) and an English translation of that document (FEBO 001131 -32). [**FILED UNDER SEAL**]

5.     Attached hereto as Exhibit 4 is a true and correct copy of a German-language letter from Christoph Robbecke (for Christopher Seagon) to Ms. Schlotzhauer at TechnoStart (FEBO 001133-34) and an English translation of that document (FEBO 001135-37). [**FILED UNDER SEAL**]

6.     Attached hereto as Exhibit 5 is a true and correct copy of a German language contract between TechnoStart and Neckarburg 66. V V GmbH (FEBO 001221-001300) and an English translation of that document (FEBO 001301-1383). [**FILED UNDER SEAL**]

7.     Attached hereto as Exhibit 6 is a true and correct copy of excerpts of the deposition transcript of Verena Eisenlohr. [**FILED UNDER SEAL**]

8.     Attached hereto as Exhibit 7 is a true and correct copy of excerpts of the deposition transcript of Peer Stahler. [**FILED UNDER SEAL**]

9.     Attached hereto as Exhibit 8 is a true and correct copy of a German language agreement between febit holding and febit synbio, GmbH (FEBO 001648-61) and an English translation of that document (FEBO 001662-75). [**FILED UNDER SEAL**]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 4, 2008 at Redwood Shores, California.


_____ */s/ Rip Finst* _____
Rip Finst

## <u>CERTIFICATE OF SERVICE</u>

   I, Jack B. Blumenfeld, hereby certify that on August 5, 2008, I electronically filed

the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such

filing(s) to the following:

     Mary Matterer, Esquire
     MORRIS JAMES

   I also certify that copies were caused to be served on August 5, 2008 upon the

following in the manner indicated:

### <u>BY ELECTRONIC MAIL</u>

     Mary Matterer, Esquire
     MORRIS JAMES
     500 Delaware Avenue
     Suite 1500
     Wilmington, DE  19801

     Mark Fox Evens, Esquire
     Edward J. Kessler, Esquire
     W. Blake Coblentz, Esquire
     STERNE, KESSLER, GOLDSTEIN & FOX PLLC
     1100 New York Avenue, NW
     Washington, DC  20005-3934

      */s/ Jack B. Blumenfeld*
      _____
      Jack B. Blumenfeld (#1014)

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| febit holding GmbH )<br><br>Plaintiff, )<br><br>vs. )<br><br>Codon Devices, Inc. )<br><br>Defendant. ) | Civil Action No.: 07-cv-00385-GMS |

febit holding GmbH ) 
) 
) 
Plaintiff, ) 
) 
vs. )      Civil Action No.:  07-cv-00385-GMS 
) 
Codon Devices, Inc. ) 
) 
Defendant. ) 
) 
) 

### FEBIT HOLDING GMBH'S RESPONSE TO CODON DEVICES, INC.'S
### FIRST SET OF REQUESTS FOR ADMISSIONS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff, febit holding GmbH ("febit"), hereby responds to the First Set of Requests for admissions of Defendant, Codon Devices, Inc. ("Codon") as follows:

### GENERAL OBJECTIONS

1.      febit objects to the "Definitions", "Instructions" and to each request for admission to the extent any calls for the disclosure of information or the production of documents and/or things that are protected from discovery by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity.  febit's responses to the requests are made subject to and without waiving any applicable privilege or immunity.

2.      febit objects to the "Definitions", "Instructions" and to each request to the extent that any seeks to impose requirements or obligations beyond those imposed by the Federal Rules of Civil Procedure, or the Local Civil Rules and Orders of the court in which this matter is

pending.  febit will respond to these requests as required by the Federal Rules of Civil Procedure, and the Local Civil Rules and Orders of the court in which this matter is pending.

3.      febit objects to these Interrogatories to the extent they call for the disclosure of a trade secret or other confidential research, development, or commercial information.

4.      febit has not yet completed discovery in this action.  febit anticipates that as this action proceeds, it may discover further facts and documents, and febit reserves the right to modify or supplement its responses with such pertinent information as it may subsequently discover.

5.      febit's responses and objections are made without in any way waiving or intending to waive, but on the contrary, intending to preserve or preserving:

A.      All questions as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose of the responses, or the subject matter thereof, in any subsequent proceeding in the trial of this or any other action;

B.      The right to object on any ground to the use of said responses, or the subject matter thereof, in any subsequent proceeding in the trial of this or any other action;

C.      The right to object on any ground at any time to other discovery procedures involving or relating to the subject matter of these discovery requests.

6.      The response "Lack of information or knowledge" means that febit cannot admit or deny the request because of lack of information or knowledge.  febit has made reasonable inquiry into the matter and the information known or readily obtainable by febit is insufficient to enable febit to admit or deny.

## RESPONSE TO ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

Admit that TechnoStart acquired an option to buy the Patent-In-Suit from febit AG's bankruptcy.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

febit admits that TechnoStart entered into a contract with Mr. Christopher Seagon, insolvency administrator with regard to the assets of febit AG, in which contract § 7 granted TechnoStart an option to purchase the Patent-in-Suit.

### REQUEST FOR ADMISSION NO. 2:

Admit that the deadline for TechnoStart to exercise the option to buy the Patent-In-Suit that is acquired from febit AG's bankruptcy was on or before December 12, 2004.

### RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Denied.

### REQUEST FOR ADMISSION NO. 3:

Admit that TechnoStart did not exercise the option to buy the Patent-In-Suit that it acquired from febit AG's bankruptcy on or before December 12, 2004.

### RESPONSE TO REQUEST FOR ADMISSION NO. 3:

febit objects to this request for admission as it is implicitly premised on the false notion that (i) there was a December 12, 2004 deadline for the exercise of the purchase option and (ii) that failure to timely exercise the option would render any subsequent transfer of the Patent-in-Suit between Mr. Seagon, as insolvency administrator for the assets of febit AG, and

TechnoStart a nullity.  Subject to and without waiving its objections, it is admitted that TechnoStart did not exercise its option on or before December 12, 2004.

**REQUEST FOR ADMISSION NO. 4:**

Admit that on December 17, 2004, TechnoStart exercised the option to buy the Patent-In-Suit that it acquired from febit AG's bankruptcy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

febit objects to this request for admission as it implicitly premised on false assertions that (i) there was a December 12, 2004 deadline for the exercise the purchase option and (ii) that failure to timely exercise the purchase option would render any subsequent transfer of the Patent-in-Suit between febit AG and TechnoStart a nullity.  Subject to and without waiving its objections, it is admitted that documents show that TechnoStart notified Mr. Seagon as insolvency administrator for the assets of febit AG and that TechnoStart exercised its option to purchase the Patent-in-Suit on December 17, 2004.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Exhibit 38 submitted with the Evens Declaration is not an assignment of the Patent-In-Suit to TechnoStart from febit AG's bankruptcy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

febit denies that Exhibit 38 submitted with the Evens Declaration is itself an assignment of the Patent-in-Suit, but admits that Exhibit 38 contains clause 7 that gives TechnoStart the option to purchase the exclusive right to the Patent-in-Suit.  febit further admits that Exhibit 38 and the original German language versions of Exhibits 39 and 40 submitted with the Evens

declaration collectively comprise the contract documents memorializing the assignment of the Patent-in-Suit from febit AG to TechnoStart.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Exhibit 39 submitted with the Evens Declaration is not an assignment of the Patent-In-Suit to TechnoStart from febit AG's bankruptcy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

febit denies that Exhibit 39 submitted with the Evens Declaration is itself an assignment of the Patent-in-Suit, but is TechnoStart's notice to the insolvency administrator, Christopher Seagon, that TechnoStart properly exercised its option rights under the contract. febit further admits that Exhibit 39 and the original German versions of Exhibits 38 and 40 submitted with the Evens declaration collectively comprise the documents memorializing the assignment of the Patent-in-Suit from febit AG to TechnoStart.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Exhibit 40 submitted with the Evens Declaration is not an assignment of the Patent-In-Suit to TechnoStart from febit AG's bankruptcy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

febit denies that Exhibit 40 submitted with the Evens Declaration is itself an assignment of the Patent-in-Suit, but admits that Exhibit 40 is notice that the insolvency administrator accepted TechnoStart's timely exercise of the option to acquire the Patent-in-Suit and confirmed that TechnoStart had paid the purchase price. febit further admits that the documents show that the insolvency administrator then sent TechnoStart the original document regarding the '211 Patent rights and confirmed that TechnoStart had paid the purchase price. febit further admits

that the documents show that the insolvency administrator then sent TechnoStart the original document regarding the '211 patent rights. Further, febit admits that Exhibit 39 and the original German versions of Exhibits 38 and 40 submitted with the Evens' declaration collectively comprise the documents memorializing the assignment of the Patent-in-Suit from febit AG to TechnoStart.

FEBIT HOLDING GMBH

Date: July 1, 2008

By: _____

Mark Fox Evens
Edward J. Kessler
W. Blake Coblentz
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1100 New York Avenue, NW
Washington, D.C. 20005-3934
202.371-2600

P. Clarkson Collins, Jr. (#739)
Mary B. Matterer (#2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
302.888.8600
mmatterer@morrisjames.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of febit holding GmbH's

Response to Codon Devices, Inc.'s First Set of Requests for Admission was served July 1, 2008,

on Defendant Codon Devices, Inc. via electronic mail and First Class U.S. Mail to:

Edward R. Reines, Esq.
Weil, Gotschal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
edward.reines@weil.com

Jack B. Blumenfeld, Esq.
Morris, Nicholas, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com

W. Blake Coblentz

7

# EXHIBIT 2

REDACTED
IN ITS
ENTIRETY

EXHIBIT 3

REDACTED
IN ITS
ENTIRETY

EXHIBIT 4

REDACTED
IN ITS
ENTIRETY

# Exhibit 5

REDACTED
IN ITS
ENTIRETY

EXHIBIT 6

REDACTED
IN ITS
ENTIRETY

EXHIBIT 7

REDACTED
IN ITS
ENTIRETY

# EXHIBIT 8

REDACTED
IN ITS
ENTIRETY