# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

August 6, 2008

The Honorable Gregory M. Sleet
The Honorable Leonard P. Stark                    *VIA ELECTRONIC FILING*
United States District Court
  For the District of Delaware
844 North King Street
Wilmington, DE  19801

Re:   *febit holding GmbH v. Codon Devices, Inc.*
      C.A. No. 07-385 (GMS) (LPS)

Dear Chief Judge Sleet and Judge Stark:

      We write on behalf of defendant Codon Devices, Inc. ("Codon") concerning an unauthorized summary judgment motion filed by plaintiff febit holding GmbH ("febit") on August 4, 2008 (D.I. 54).  We write to both of you because the Court's March 19, 2008 Order Regarding Reference (D.I. 25) does not refer summary judgment motions to Judge Stark, so they remain with Chief Judge Sleet, and the Scheduling Order in this case was entered by Judge Stark (D.I. 42).

      On August 4, febit moved for summary judgment on ownership of the patent in suit and standing.  febit filed that motion even though paragraph 8 of the Scheduling Order provides that "[p]rior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion" and that such letter requests may be filed only <u>after</u> the close of expert discovery. febit simply elected to ignore the provisions of the Scheduling Order.

      Paragraph 16 of the Scheduling Order permitted Codon to take limited discovery relating to ownership of the patent in suit on an expedited basis and to file a motion "challenging the plaintiff's ownership of the patent in suit" by August 4.  Pursuant to that provision, Codon filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) (D.I. 58).  Last week, febit advised us that it was also going to file something on August 4.  We pointed out to febit's counsel that the Scheduling Order permitted only challenges to ownership at this time, and asked what febit planned to file (Ex A). febit refused to answer (*id.*).  We asked again, and febit refused to respond again (*id.*).

The Honorable Gregory M. Sleet and The Honorable Leonard P. Stark
August 6, 2008
Page 2

      Codon should not have to respond to febit's unauthorized and untimely summary judgment motion -- particularly when only limited, expedited discovery has been taken. Indeed, in support of its summary judgment motion, febit has filed three declarations and more than thirty exhibits. Codon has not had discovery of much of what febit submitted.

      We are raising this issue by letter to avoid additional motion practice. We are, of course, available for a telephone conference at the Court's convenience.

      Respectfully,

      Jack B. Blumenfeld

JBB/dlb
Enclosure

cc:   Clerk of Court (Via Hand Delivery; w/ encl.)
      Mary Matterer, Esquire (Via Electronic Mail and Hand Delivery; w/ encl.)
      Mark Fox Evens, Esquire (Via Electronic Mail; w/ encl.)
      Edward R. Reines, Esquire (Via Electronic Mail; w/ encl.)

# EXHIBIT A

## Blumenfeld, Jack

**From:** Blumenfeld, Jack
**Sent:** Sunday, August 03, 2008 2:27 PM
**To:** 'Matterer, Mary B.'
**Cc:** 'mevens@skgf.com'; 'bcoblent@skgf.com'; 'ekessler@skgf.com'
**Subject:** RE: febit v. Codon

Mary -- Just following up to see if I can get a response.

Jack

---

**From:** Blumenfeld, Jack
**Sent:** Wednesday, July 30, 2008 8:26 PM
**To:** 'Matterer, Mary B.'
**Cc:** mevens@skgf.com; bcoblent@skgf.com; ekessler@skgf.com
**Subject:** RE: febit v. Codon

Mary --

I don't understand your reference to a filing by febit on August 4. The Scheduling Order refers to a "motion . . . challenging the plaintiff's ownership of the patent in suit." Is febit planning on challenging ownership of the patent in suit?

Jack

---

**From:** Matterer, Mary B. [mailto:MMatterer@morrisjames.com]
**Sent:** Wednesday, July 30, 2008 3:25 PM
**To:** Blumenfeld, Jack
**Cc:** mevens@skgf.com; bcoblent@skgf.com; ekessler@skgf.com
**Subject:** RE: febit v. Codon

Jack:

Thanks for getting back to me. In that case, when we file on August 4 we will abide by the 20-page limit also.

Mary

### Morris James LLP

**Mary B. Matterer**
Attorney at Law
mmatterer@morrisjames.com

500 Delaware Ave., Ste. 1500 | Wilmington, DE 19801-1494
Mailing Address P.O. Box 2306 | Wilmington, DE 19899-2306
T 302.888.6960     F 302.571.1750

www.morrisjames.com

8/5/2008

This communication may be subject to the attorney-client privilege or the attorney work product privilege or may be otherwise confidential. Any dissemination, copying or use of this communication by or to anyone other than the designated and intended recipient(s) is unauthorized. If you are not the intended recipient, please delete or destroy this communication immediately.

To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Blumenfeld, Jack [mailto:JBlumenfeld@MNAT.com]
**Sent:** Wednesday, July 30, 2008 10:21 AM
**To:** Matterer, Mary B.
**Cc:** Hadley, Susan C.
**Subject:** RE: febit v. Codon

Mary -- I think it is clear from the scheduling order that we get a 20-page brief. I don't see any need to contact the judge.

Jack

**From:** Matterer, Mary B. [mailto:MMatterer@morrisjames.com]
**Sent:** Tuesday, July 29, 2008 3:35 PM
**To:** Blumenfeld, Jack
**Cc:** Hadley, Susan C.
**Subject:** febit v. Codon

Jack:

   I want to make sure that we are on the same page with respect to the briefing requirements on any ownership-related briefing. Paragraph 16 states that "Briefing on any such motion shall take place according to the local rules." Paragraph 8 (Summary Judgment Motions) provides for the 5-page letter brief. Paragraph 9 (Case Dispositive Motions) provides that briefing will be presented pursuant to the court's Local Rules, except for 20/20/10 page limits.

   I feel relatively certain that the Magistrate does not want a 40-page brief. Do you agree? I'd like to get from clarification from the court and propose sending a joint letter if you agree.

Mary

## Morris James LLP

**Mary B. Matterer**
Attorney at Law
mmatterer@morrisjames.com

500 Delaware Ave., Ste. 1500 | Wilmington, DE 19801-1494
Mailing Address P.O. Box 2306 | Wilmington, DE 19899-2306

8/5/2008

T 302.888.6960    F 302.571.1750
www.morrisjames.com

This communication may be subject to the attorney-client privilege or the attorney work product privilege or may be otherwise confidential. Any dissemination, copying or use of this communication by or to anyone other than the designated and intended recipient(s) is unauthorized. If you are not the intended recipient, please delete or destroy this communication immediately.

To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message, including any accompanying documents or attachments, may contain information that is confidential or that is privileged. If you are not the intended recipient of this message, please note that the dissemination, distribution, use or copying of this message or any of the accompanying documents or attachments is strictly prohibited. If you believe that you may have received this message in error, please contact me at (302) 658-9200 or by return e-mail.

8/5/2008