# Morris James LLP

Mary B. Matterer
302.888.6960
mmatterer@morrisjames.com

August 7, 2008

The Honorable Gregory M. Sleet
The Honorable Leonard P. Stark
United States District Court for the
District of Delaware
844 North King Street
Wilmington, DE 19801

Re: *febit holding GmbH v. Codon Devices, Inc.*, C.A. No: 07-385 (GMS) (LPS)

Dear Chief Judge Sleet and Judge Stark:

Last night, Codon Devices, Inc. ("Codon") sent you a letter seeking to strike febit holding GmbH's ("febit holding") motion for partial summary judgment, filed on August 4, 2008 (D.I. 54). Codon violates paragraph 10 of Judge Stark's Scheduling Order that requires written motions, and not letter briefs. Codon writes that the Court's March 19, 2008 Order Regarding Reference (D.I. 25) "does not refer summary judgment motions to Judge Stark, so they remain with Chief Judge Sleet . . ." We disagree. This letter should clear up the inaccuracies in Codon's letter and demonstrate that febit holding's motion for partial summary judgment on the issue of ownership and standing was filed properly. Further, Codon suffers no prejudice from febit holding's filing of a dispositive motion at this time.

1.  **Background: febit holding Unsuccessfully Tried to Avoid Needless Attorneys' Fees and Effort.**

    From the outset of this litigation, Codon challenged febit holding's ownership of U.S. Patent No. 6,586,211 (the "'211 patent") patent and its right to maintain this action. To save the parties needless, wasted effort and attorneys' fees, febit holding voluntarily provided all of the ownership documents to Codon. Nevertheless, Codon filed its motion to dismiss, claiming it simply could not understand the chain of events that led to febit holding's ownership of the '211 patent. febit holding filed an Opposition to that motion to which it attached all of the ownership documents as exhibits that it had previously provided to Codon. In its Reply, Codon took strong exception to febit holding's inclusion of the ownership documents with its Opposition.

Morris James LLP

The Honorable Gregory M. Sleet
The Honorable Leonard P. Stark
August 7, 2008
Page 2

**2. At The June 9 Rule 16 Conference, Judge Stark Allowed the Parties to Conduct Expedited Discovery on the Ownership Issue and Thereafter File any Motion Deemed Appropriate.**

At the Rule 16 Conference, Magistrate Judge Stark denied Codon's Motion to Dismiss and ordered febit holding to amend its Complaint to provide more detail regarding the ownership chain for the '211 patent. (Ex. A. June 9 Transcript at 7, 16). febit holding complied with that Order. Codon also requested:

> a focused discovery period or [sic] standing so that we can determine and probe that [the ownership issue]. So if they don't actually own the patent they're asserting against us, we're not in claim construction, infringement, validity, and everyone knows, you know, the multimillion dollar deal that can be . . . . [T]he law is very clear that subject matter jurisdiction, that is, does the court have case-in-controversy jurisdiction, is threshold. So just saying do they own the patent before we start litigating, and if they do, what happens, it seems to me to be reasonable, measured.

(Ex. A.  June 9 Transcript at 9).

So it is clear, Codon wanted to resolve the ownership issue at the outset of the case with narrow focused discovery. The Magistrate granted Codon's request stating:

> [B]ut [the scheduling order] will indicate that for one month, any discovery that *either side* wants to take will be related solely to the issue of the ownership of the patent at issue here and will make *any motion or brief regarding what is found in that discovery due within 10 days after the end of that discovery period, but also on that, at that point, after that 30 days, it will be open season on discovery of all sorts*.

(Ex. A.  June 9 Transcript at 16 (emphasis added)).

It is thus clear that the Court and the parties understood that Codon and febit holding would conduct discovery limited to the ownership issue and after that time, each party could file any motion or brief regarding ownership that would be appropriate "regarding what is found in that discovery." Codon's suggestion on page 1 of its letter that paragraph 16 of the Scheduling Order permitted only Codon to take limited discovery is not accurate and also contrary to a plain reading of paragraph 16 of the Scheduling Order. Further, the relief Codon now seeks is contrary to the spirit of Judge Stark's Order at the June 9 hearing and the later entered Scheduling Order.

Morris James LLP

The Honorable Gregory M. Sleet
The Honorable Leonard P. Stark
August 7, 2008
Page 3

3. **Codon Has Suffered No Prejudice Because it Received all the Discovery it Requested.**

Codon's suggestion in the penultimate paragraph of its letter that Codon is somehow prejudiced is simply not true. The Court did not limit Codon's discovery on the ownership issue. It limited discovery <u>to</u> the ownership issue. Codon had the ability to take all of the discovery on the single issue of ownership that it wanted. It served document requests. It served interrogatories. It served requests for admissions. It never sought to supplement those requests, and it did not challenge febit holding's responses. In addition, it sought and took the three depositions relating to the ownership issue that it requested despite the fact that it could not obtain legal process over two of the deponents. Nevertheless, febit holding worked to make those witnesses available to satisfy the expedited discovery schedule Codon had requested.

While Codon complains that febit holding has filed three declarations and more than 30 exhibits, again it misstates the case when it writes, "Codon has not had discovery of much of what febit submitted." Those exhibits were all (save one document) produced more than a year ago to Codon, and Codon had the full ability to question the deponents on <u>each and every</u> document during the time it had in Germany. As for the declarations, Codon deposed two of the declarants -- Peer Stähler and Verena Eisenlohr -- and made no effort to depose the third declarant, Michael Mayer, even though febit holding named Mr. Mayer as a person having knowledge of the '211 patent ownership in its Rule 26 initial disclosure. Codon also knew that Mr. Mayer is a signatory to a number of the ownership documents produced by febit holding more than a year ago. Thus, Codon's suggestion that it had no opportunity to test febit holding's documents is not accurate. If there is a deficiency in the discovery, it is of Codon's own making. If there is a deficiency in the record, it is of Codon's own making.

\*       \*       \*       \*

There is an old adage - "Beware what you wish for." Codon put the ownership issue in play and specifically requested expedited discovery and an early adjudication solely relating to the ownership issue. It obtained all of the discovery it requested. It had a full opportunity to take the deposition of witnesses that it requested. Codon now wants to avoid the path it has chosen.

As demonstrated in febit holding's motion for partial summary judgment, there are no material facts in dispute relating to the ownership issue. febit holding filed its motion in accordance with the Court's June 9 Rule 16 Conference and the Scheduling Order, just as Codon did. It is properly before the Court, and it is proper to be resolved at this time.

MorrisJames LLP

The Honorable Gregory M. Sleet
The Honorable Leonard P. Stark
August 7, 2008
Page 4

      If the Court determines to grant Codon's request for a telephone conference we are available at the Court's convenience.

                                      Very truly yours,

                                      Mary B. Matterer (I.D. #2696)

MBM

cc:    Clerk of Court (via hand delivery, with enclosure)
        Edward R. Reines, Esq. (via electronic mail, w/enclosure)
        Jack B. Blumenfeld, Esq. (via electronic mail, w/enclosure)

# EXHIBIT A

1

```
 1              IN THE UNITED STATES DISTRICT COURT

 2             IN AND FOR THE DISTRICT OF DELAWARE

 3                           - - -

 4   FEBIT HOLDING GMBH,              CIVIL ACTION
                                    :
 5            Plaintiff,            :
                                    :
 6       v.                         :
                                    :
 7   CODON DEVICES, INC.,           :
                                    :    NO. 07-85 (GMS-LPS)
 8            Defendant.

 9                           - - -

10                    Wilmington, Delaware
              Monday, June 9, 2008 at 2:02 p.m.
11                    TELEPHONE CONFERENCE

12                           - - -

13   BEFORE:    HONORABLE LEONARD P. STARK, Magistrate Judge

14                           - - -

     APPEARANCES:
15
          MORRIS JAMES, LLC
16        BY:  MARY B. MATTERER, ESQ.

17             and

18        STERNE, KESSLER, GOLDSTEIN & FOX, P.L.L.C.
          BY:  MARK FOX EVENS, ESQ., and
19             W. BLAKE COBLENTZ, ESQ.
               (Washington, District of Columbia)
20
                    Counsel for Plaintiff
21

22        MORRIS, NICHOLS & TUNNELL, LLP
          BY:  JACK B. BLUMENFELD, ESQ.
23
               and
24
                                      Brian P. Gaffigan
25                                    Official Court Reporter
```

1  think all of this stemmed from the fact that on the face of
2  the patent, there is a different there is an assignee and
3  that is different from the plaintiff in this action, and so
4  the claim came in that you haven't demonstrated ownership.
5  And I think the papers more than adequately address that
6  issue.  But, you know, again, as I said, I think we went
7  much further than we needed to on the pleadings stage at
8  this time.
9          THE COURT:  Would you in any way be prejudiced
10  if I required you to file, I guess it would be an amended
11  complaint that set forth in detail the ownership allegation?
12          MR. EVENS:  No, I don't think we would, Your
13  Honor.  In fact, we have prepared -- if we want to cut this
14  short, we've actually prepared a complaint in anticipation
15  that simply sets forth the ownership that was set forth by
16  Verena Eisenlohr, the German attorney with the documents
17  that we presented.  Again, it was a kind of hope to shortcut
18  the lawyering and get to the merits of this case.  And we
19  could do that, frankly, by the end of today or tomorrow.
20          THE COURT:  Mr. Reines, if I ordered them to do
21  that, wouldn't that take care of your concerns for the time
22  being?
23          MR. REINES:  Certainly to the pleading question,
24  that would absolutely be.  I think it's the right thing to
25  do, for the Court and for the parties, that we have a clear

1   back up those statements.  So what we think is we're not
2   comforted that just because they could find a German legal
3   expert or whatever it was that could piece together 32
4   documents or however many they are and translate them and
5   come to a theory, through insolvency and everything else,
6   that this patent has gone from febit mount and back, it's
7   sufficient to demonstrate ownership.
8           So we would ask the Court -- we can do it in a
9   relatively short order -- to set a focused discovery period
10  or standing so that we can determine and probe that.  So if
11  they don't actually own the patent they're asserting against
12  us, we're not in claim construction, infringement, validity,
13  and everyone knows, you know, the multi-million dollar deal
14  that can be.  And if it's a question of going to question
15  this German patent attorney, getting our own German patent
16  attorney that is ready to testify, if need be, on a
17  12(b)(1) proceeding, you know, your recent opinion I
18  think makes it very clear and the law is very clear that
19  subject matter jurisdiction, that is, does the court have
20  case-in-controversy jurisdiction, is threshold.  So just
21  saying do they own the patent before we start litigating,
22  and if they do, what happens, it seems to me to be
23  reasonable, measured.  It's not going to delay anything.
24  It's consistent with this case schedule both sides have
25  agreed upon.  So we're not suggesting dates need to extend

1  of the fact that I was contemplating, when I got on this
2  call, of scheduling oral argument on just the motion to
3  dismiss as filed now, and I wasn't going to be able to get
4  to that for about a month.
5       So all in all, what I think is going to, you
6  know, balance the interest here most effectively is, as I
7  have already said, I will be, I'm going to call it, denying
8  the motion to dismiss. I'm going to order that the amended
9  complaint with the specific ownership allegations be filed
10 by the end of the day tomorrow, and I'm going to be entering
11 a scheduling order by tomorrow that covers the whole case.
12 But it will indicate that for one month, any discovery that
13 either side wants to take will be related solely to the
14 issue of the ownership of the patent at issue here and will
15 make any motion or brief regarding what is found in that
16 discovery due within 10 days after the end of that discovery
17 period, but also on that, at that point, after that 30 days,
18 it will be open season on discovery of all sorts. And we'll
19 have the discovery cutoff that the parties have agreed upon,
20 which I believe was May of 2009. And we'll get this all out
21 to you in an order.
22      Let me, with the few minutes I have remaining
23 with you, I have a few other quick questions.
24      MR. REINES: Your Honor, before you move on, can
25 I just raise one clarifying point?