**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|   |   |   |
|---|---|---|
| **FEBIT HOLDING GMBH** | ) ) ) ) | |
| PLAINTIFF, | ) ) | |
| vs. | ) ) | Civil Action No.: 07-cv-00385-GMS-LPS |
| **CODON DEVICES, INC.** | ) ) | PUBLIC VERSION |
| DEFENDANT. | ) ) ) ) | |

**PLAINTIFF FEBIT HOLDING GMBH'S OPENING MEMORANDUM
IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT
ON THE ISSUES OF OWNERSHIP OF THE PATENT-IN-SUIT AND STANDING**

P. Clarkson Collins, Jr. (#739)
Mary B. Matterer (#2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

*Of Counsel*

Mark Fox Evens
Edward J. Kessler
Byron L. Pickard
W. Blake Coblentz
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1100 New York Avenue, NW
Washington, D.C. 20005-3934
(202) 371-2600

*Attorneys for Plaintiff*

Originally filed: August 4, 2008
Public version filed: August 11, 2008

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ...................................................................................1

II. BACKGROUND ...........................................................................................................3

    A. PROCEDURAL BACKGROUND...................................................................3

    B. STATEMENT OF UNDISPUTED MATERIAL FACTS .................................4

        1. The '211 Patent Chain of Title..............................................................4

        2. The Chain of Title Is Recorded at the USPTO .....................................6

        3. Codon Has No Cognizable Facts That Dispute febit holding's Ownership of the '211 patent................................................................6

III. ARGUMENT..................................................................................................................7

    A. SUMMARY OF ARGUMENT ........................................................................7

    B. LEGAL STANDARD.......................................................................................7

    C. ANALYSIS.......................................................................................................9

        1. The '211 Patent Chain of Title Shows That febit holding's Ownership is Not in Dispute..................................................................9

        2. Recordation of the '211 Patent Chain of Title in the USPTO Assignment Database Cuts Off the Rights Anyone Asserting an Earlier Purchase of the Patent.................................................................................................10

IV. CONCLUSION.............................................................................................................11

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .................................................................. 8

*Armbruster v. Unisys Corp.*, 32 F.3d 768 (3d Cir. 1994) ............................................................... 8

*Big Apple BMW Inc. v. BMW of N.Am., Inc.*, 974 F.2d 1358 (3d Cir. 1992) ................................ 9

*Cetel v. Kirwan Fin. Group, Inc.*, 460 F.3d 494 (3d Cir. 2006) ..................................................... 8

*Filmtec Corp. v. Allied Signal Inc.*, 939 F.2d 1568 (Fed. Cir. 1991) ...................................... 10-11

*Frey v. Pennsylvania Airlines*, 859 F.Supp. 137 (M.D.Pa. 1992) .................................................. 9

*Graham v. Collier*, 688 F.Supp. 146 (D.Del. 1988) ....................................................................... 9

*Honeywell Intern., Inc. v. Universal Avionics Systems Corp.*,
   488 Fed. 3d. 982 (C.A.Fed (Del.)) (2007) .................................................................................. 8

*Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., U.A.W. v. Skinner
   Engine Co.*, 188 F.3d 130 (3d Cir. 1999) ................................................................................... 8

*Leonard v. University of Delaware*, 2000 WL 1456295 (D.Del. 2000) ...................................... 8-9

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ................................. 8, 9

*Raczkowski v. Empire Kosher Poultry*, 185 Fed. Appx. 117 (3d Cir. 2006) ................................. 8

*Robertson v. Allied Signal, Inc.*, 914 F.2d 360 (3d Cir. 1990) ....................................................... 8

*Smith v. Henry S. Branscome, Inc.*, 161 Fed.Appx. 212 (3rd Cir.(Del.)) (2006) ........................... 8

## STATUTES

35 U.S.C. § 261 ......................................................................................................................... 7, 10

Pursuant to the Scheduling Order dated June 20, 2008, Plaintiff febit holding GmbH ("febit holding") respectfully submits this memorandum in support of its motion for partial summary judgment that febit holding owns the entire right, title, and interest to the patent-in-suit, U.S. Patent No. 6,586,211 ("the '211 patent"), and has standing to bring the captioned matter.

## I. PRELIMINARY STATEMENT

There is no legitimate factual dispute that febit holding is the owner of the '211 patent.[1] febit obtained the '211 patent from TechnoStart Beratungsgesellschaft Für Beteiligungsfonds GmbH ("TechnoStart") in April 2005, pursuant to a written purchase agreement. TechnoStart, just months earlier, purchased the '211 patent out of bankruptcy proceedings from the insolvency administrator appointed by the German court to liquidate the assets of febit AG, the previous owner of the '211 patent. Prior to that, febit AG, then named FeBit Ferrarius Biotechnology GmbH, took an assignment of the U.S. patent application that resulted in the '211 patent from the inventors. The documents that support these facts have been recorded at the United States Patent and Trademark Office ("USPTO"), and these transactions are therefore a matter of public record, as are most of the German transactions. No person or company has ever asserted a competing ownership interest in the '211 patent.

Despite this linear, uncomplicated chain of ownership, Codon Devices Inc. ("Codon") has from the outset of this litigation challenged febit holding's ownership of the '211 patent. Codon's challenges have proven both futile and wasteful. Codon filed, and this Court denied, a Rule 12(b)(6) motion to dismiss on this issue.

---

[1] See Amended Complaint (Docket No. 35), ¶¶ 8, 10-15.

1

Codon requested that febit holding submit an Amended Complaint that provided more details about ownership of the '211 patent. febit holding then filed an Amended Complaint. In its Answer to the Amended Complaint, Codon asserted that it had no knowledge on which to base an answer and on that basis, denied each paragraph despite the fact that febit holding had provided Codon with the pertinent ownership documents and the Declaration of Verena Eisenlohr that explained the documents. At Codon's request, the Court established an expedited discovery schedule to resolve the issue of ownership. Codon served written discovery requests, and febit holding produced interrogatory responses, responses to requests for admission and the production of over 1,206 pages of documents. Beyond that, Codon spent three days in Heidelberg, Germany, deposing three witnesses.[2] None of these efforts adduced any evidence contradicting febit holding's ownership of the '211 patent. Codon, having received the discovery it requested, has no basis for denying the paragraphs relating to febit holding's ownership of the '211 patent.

What is more, Codon's responses to febit holding's discovery requests confirm that there is no real dispute as to febit holding's ownership of the '211 patent. Codon did not produce a single document that undercuts febit holding's ownership. In its interrogatory responses, Codon did not disclose a single fact contradicting febit holding's ownership, simply referring to its previously denied motion to dismiss on the issue. And, Codon did not disclose a single person in its Rule 26(a)(1) disclosures upon which it would rely to support the argument that febit holding does not own the '211 patent.

---

[2] Codon took the 30(b)(6) of febit holding pursuant to a Notice of Deposition. Codon requested depositions of Verena Eisenlohr, a German lawyer who represents febit holding and submitted a Declaration, and Cord Stähler, an officer and stockholder of febit holding, in his individual capacity. febit holding facilitated making these witnesses available without requiring process.

2

Codon received the discovery it requested according to the expedited schedule it requested. febit holding complied with Codon's requests and fully met the expedited schedule. There are no documents, no facts and no people to challenge febit holding's ownership rights to the '211 patent. Put simply, there is no issue of ownership for any trier of fact to decide. Accordingly, at the end of an expensive and meaningless process, it is clear that febit holding has standing under the United States patent laws to maintain this suit against Codon for its infringement of the '211 patent. This Court should grant febit holding's motion for partial summary judgment on the ownership issue and the issue of standing.

## II. BACKGROUND

### A. PROCEDURAL BACKGROUND

febit biotech GmbH ("febit biotech")[3] instituted this action on June 15, 2007, alleging that Codon infringed the '211 patent, of which febit biotech properly asserted it was and is the owner. (Complaint (Docket No. 1)). Codon filed a Motion to Dismiss, arguing a lack of standing, on October 1, 2007. (Docket No. 11). Codon moved to dismiss despite the fact that febit biotech had voluntarily provided the pertinent ownership documents and a Declaration from Verena Eisenlohr explaining these documents. At the time, Codon asserted that all it wanted was "a short and plain statement of the facts that febit biotech allegedly establishes ownership so that Codon can evaluate them in litigation without wasting its limited resources pursuing unnecessary and costly litigation." Docket No. 11, Reply at p.1.[4] Codon went on to state that "Codon should not bear the hardship and burden of conducting early and expedited foreign discovery, as well as

---

[3] Although febit biotech instituted this suit, several months after commencement of this suit, febit biotech changed its name to febit holding. febit holding and febit biotech are one and the same entity.

[4] Codon Devices, Inc.'s Reply Brief In Support Of The Motion To Dismiss Complaint Or, In The Alternative, For A More Definite Statement ("Reply").

3

developing expert discovery. *Id* at 8. Yet, in a change from Codon's stated position in its Reply, this early and expedited discovery relating to ownership is precisely what Codon requested from this Court at the June 9 Hearing, choosing to ignore the documents that febit holding provided voluntarily at Codon's request in an unsuccessful effort to avoid the unnecessary discovery costs about which Codon professed to complain.

The Court denied Codon's motion during the June 9 conference, entering an order thereafter. (Docket Nos. 36 and 37). This Court, however, ordered (i) febit holding to amend its complaint to plead its ownership with more particularity, (ii) an expedited discovery period limited to the issue of ownership, and (iii) the parties to file any ownership related motions within ten (10) days after the close of ownership-related discovery. (Docket No. 36).

On June 10, 2008, febit holding filed its First Amended Complaint as ordered by the Court. (Docket No. 35). The Amended Complaint provided the same detailed statement of the transactions through which febit holding acquired ownership of the '211 patent as is shown here. (Docket No. 35, ¶¶ 8, 10-15). During the Court-ordered 30-day focused discovery period, Codon served document requests, interrogatories and requests for admission and timely received responses from febit holding. For its part, febit holding served document requests and an interrogatory on Codon. The ownership related discovery concluded with Codon deposing the three witnesses it requested.

### B. STATEMENT OF UNDISPUTED MATERIAL FACTS

#### 1. The '211 Patent Chain of Title

febit holding is the owner of the entire right, title and interest in and to the '211 patent. On April 18, 2005, febit holding purchased the '211 patent from TechnoStart along with a

4

number of other assets pursuant to a written agreement.[5] (Exs. OO at ¶13, PP at ¶¶ 15-16, AA, BB, CC, DD, EE).[6] TechnoStart confirmed the sale by letter dated May 30, 2005. (Exs. OO at ¶13, PP at ¶¶15-16, AA, BB, CC, DD, EE)

On September 24, 2004, TechnoStart entered into a written agreement with the insolvency administrator Christopher Seagon for the sale of certain febit AG assets, including an option to acquire the '211 patent. (Exs. L-Q, PP at ¶¶8-13, OO at ¶¶8-11, QQ at ¶9). The bankruptcy court had previously appointed Mr. Seagon as insolvency administrator and authorized him to sell febit AG's assets. (Exs. I, QQ at ¶8). Section 7 of this purchase agreement stated that TechnoStart had an option to acquire patents and patent applications, including the '211 patent. (Exs. L, M, OO at ¶9, PP at ¶¶10-11, QQ at ¶9). TechnoStart properly exercised the option by a letter dated December 17, 2004. (Exs. N, O, OO at ¶10, PP at ¶12, PP at ¶13, QQ at ¶9 ). The insolvency administrator confirmed TechnoStart's timely exercise of the option by letter dated January 17, 2005, stating in pertinent part that the insolvency administrator had received TechnoStart's payment for the '211 patent and that the insolvency administrator was sending the original ownership documents to TechnoStart. (Exs. P, Q, OO at ¶11, PP at ¶13, QQ at ¶9). Thus, TechnoStart acquired clear title to the '211 patent.

For its part, febit AG, (formerly known as FeBit Ferrarius Biotechnology GmbH)[7], acquired ownership of the '211 patent when it took an assignment of the United States patent

---

[5] febit holding was originally formed under the name "Neckarburg 66. V V GmbH." After acquiring the '211 patent, Neckarburg changed its name to "febit biotech GmbH". (Exs. Z, II, JJ, OO at ¶15, PP at ¶18) Finally, on August 6, 2007, febit biotech GmbH changed its name to the present "febit holding GmbH". (Exs. FF, GG, OO at ¶16, PP at ¶19).

[6] All references here to "Ex." or "Exs." refer to corresponding exhibits included in febit holding's Appendix of Exhibits in Support of Motion for Summary Judgment, filed herewith.

[7] On May 4, 2001, the shareholders of FeBit Ferrarius Biotechnology GmbH resolved to change the legal form of the company to a stock corporation (*Aktiengesellschaft*) with the name "febit AG," according to §§ 190 et seq. of the German Law Regulating Transformation of

application that resulted in the '211 patent from the original inventors of that intellectual property. (Exs. NN, OO at ¶3).

### 2. The Chain of Title Is Recorded at the USPTO

The initial assignment of the '211 patent to FeBit Ferrarius Biotechnology GmbH is shown on the face of the patent. On March 25, 2008, febit holding recorded the remaining transfers of the '211 patent that are described above at the USPTO. (Ex. NN). No intervening sale, assignment or transfer of '211 has been recorded. No one has made a competing claim to ownership of the '211 patent since the recordation of febit holding's interest - - or, indeed, at any time prior to this recordation.

### 3. Codon Has No Cognizable Facts That Dispute febit holding's Ownership of the '211 patent.

During the focused ownership-related discovery period, febit holding served document requests and interrogatories on Codon, seeking to elicit any facts, documents or persons with information contradicting febit holding's claim of ownership of the '211 patent. Codon's discovery responses and document production reveal that it has no contrary facts. (Exs. KK, LL, MM).

In response to an interrogatory seeking the complete factual basis (and identification of related documents and witnesses) for Codon's contention that febit holding lacked standing because it was not the owner of record, Codon stated:

> The bases for Codon's conclusion that febit holding lacks standing to sue for infringement and is not the owner of the asserted patent can be found, *inter alia*, in Codon's motion to dismiss, filed October 1, 2007; Codon's reply brief, filed November 7, 2007; Codon's Answer to febit holding's First Amended Complaint; exhibits to the Declaration of Mark Fox Evens, filed October 26, 2007; the

---

Companies (*Umwandlungsgesetz*). (Exs. G, H, PP at ¶4, QQ at ¶6). This change of legal form became valid by registration in the commercial register on October 11, 2001. (Exs. G, H, QQ at ¶6)

> Declaration of Verena Eisenlohr, filed October 26, 2007; and febit holding's response to Codon's requests for admissions. The burden of examining these documents to ascertain the bases for Codon's conclusion is substantially the same on febit holding as it would be on Codon. Persons believed to have information establishing that febit holding lacks standing for infringement and is not the owner of the asserted patent include Cord Stahler, Verena Eisenlohr and Christopher Seagon.

(Ex. LL, Codon Interrogatory Resp. No. 1). The only fair reading of this lengthy response is that Codon has no facts on which it can challenge febit holding's ownership of the '211 patent. What is more, Codon's production of documents on the question of '211 patent ownership consisted entirely of (i) documents of record at the USPTO relating to the '211 patent and (ii) documents relied upon by febit holding in opposing Codon's motion to dismiss. Finally, Codon's Rule 26(a)(1) disclosures do not list a single individual on whom Codon intends to rely to establish that febit holding is not the owner of the '211 patent. (Ex. KK). Taken together, Codon has no *facts* to legitimately challenge febit holding on ownership of the '211 patent.

### III. ARGUMENT

#### A. SUMMARY OF ARGUMENT

The chain of title for the '211 patent demonstrates conclusively that febit holding is the owner of the entire right, title and interest to the '211 patent. febit holdings' witnesses and documents confirm this basic fact. What is more, Codon's discovery responses show that there are no conflicting facts, documents or witnesses. Finally, even if some person were to assert a competing claim to the '211 patent, such an ownership claim would be void under 35 U.S.C. Section 261, as febit holding properly recorded the '211 chain of title and there is no prior recordation to the contrary.

#### B. LEGAL STANDARD

A district court may grant summary judgment if, in viewing the underlying facts in the light most favorable to the party opposing the motion, "the pleadings, depositions, answers to

7

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Cetel v. Kirwan Fin. Group, Inc.*, 460 F.3d 494, 506 (3d Cir. 2006) (quoting Fed. R. Civ. P. 56(c)), cert. denied, __ U.S. __, 127 S. Ct. 1267 (2007); *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., U.A.W. v. Skinner Engine Co.*, 188 F.3d 130, 137 (3d Cir. 1999).[8]

Once the moving party satisfies its initial burden of proving a prima facie case for summary judgment, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant must put forth "sufficient evidence for a jury to return a verdict in [its] favor." *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994). If the non-movant's evidence is merely speculative, conclusory, "or is not significantly probative, summary judgment may be granted." *Raczkowski v. Empire Kosher Poultry*, 185 Fed. Appx. 117, 118 (3d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). And, "[a]n inference based upon speculation or conjecture does not create a material factual dispute sufficient to defeat summary judgment." *Smith v. Henry S. Branscome, Inc.*, 161 Fed.Appx. 212, 214 (3rd Cir.(Del.)) (2006) (citing *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 362 n.12 (3d Cir. 1990)).

In addition, defendants cannot avoid summary judgment merely by pointing to some alleged factual dispute between the parties or by relying upon "self serving conclusions, unsupported by specific facts in the record." *Leonard v. University of Delaware*, 2000 WL

---

[8] The law of the Federal Circuit applies to issues of patent law, whereas the law of the Third Circuit applies to procedural issues not unique to patent law. *Honeywell Intern., Inc. v. Universal Avionics Systems Corp.*, 488 Fed. 3d. 982, 994 (C.A.Fed (Del.)) (2007).

1456295 at *18 (D.Del. 2000) (quoting *Frey v. Pennsylvania Airlines*, 859 F.Supp. 137, 141 (M.D.Pa. 1992)). Rather, defendants must "point to concrete evidence in the record which supports each essential element of his case." *Leonard*, 2000 WL at *18 (quoting *Frey*, 859 F.Supp. at 141). And, while it is often stated that it is not the judge's function at the summary judgment stage to weigh the evidence and determine the truth of the matter, this rule "does not require a Court to turn a blind eye to the weight of the evidence." *Big Apple BMW Inc. v. BMW of N.Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992) (citing *Matsushita*, 475 U.S. at 586). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Graham v. Collier*, 688 F.Supp. 146, 147 (D.Del. 1988).

    C.    **ANALYSIS**

        1.    **The '211 Patent Chain of Title Shows That febit holding's Ownership is Not in Dispute.**

As shown above, the chain of title evidence for the '211 patent shows conclusively that febit holding owns the '211 patent, and its ownership is not in dispute. The commercial documents show that febit holding acquired the entire right, title and interest to the '211 patent from TechnoStart on or about April 18, 2005. Just months earlier, TechnoStart acquired the '211 patent by exercising an option it obtained as part of a purchase of febit AG assets out of bankruptcy. And, the face of the patent conclusively demonstrates that febit AG, then FeBit Ferrarius, was the original assignee of the '211 patent for the three inventors. Simply, there are no other transactions affecting ownership of the '211, nor has a single person or entity ever asserted a competing interest.

Despite ample opportunity to do so, Codon has not produced any documents or identified any witnesses to contradict febit holding's ownership claim to the '211 patent. It has been over a

9

year since Codon first alleged "confusion" over febit holding's ownership claim to the '211 patent. (Codon's Motion to Dismiss Complaint If Plaintiff Febit Biotech GmbH Or, In The Alternative, For A More Definite Statement (Docket No. 11), p.3). Despite this alleged "confusion," caused solely by a failure to read the ownership documents voluntarily provided by febit holding, Codon cannot identify any party that has an ownership claim to the '211 patent other than febit holding. Because there are no facts disputing febit's ownership of the '211 patent, summary judgment is appropriate here.

> 2.   Recordation of the '211 Patent Chain of Title in the USPTO Assignment Database Cuts Off the Rights of Anyone Asserting an Earlier Purchase of the Patent.

The recordation of febit holding's assignment cuts off the right of any prior purchasor. As of March 25, 2008, febit holding has updated the United States Patent and Trademark Office ("USPTO") Assignment Database with the current ownership information. (Ex. NN). To date, no other party has recorded an assignment against the '211 patent in the USPTO assignment database. 35 U.S.C. § 261 states:

> An assignment, grant or conveyance shall be void as against any subsequent purchaser or mortgagee for a valuable consideration, without notice, unless it is recorded in the Patent and Trademark Office within three months from its date or prior to the date of such subsequent purchase or mortgage.

The Federal Circuit construed 35 U.S.C. § 261 in *Filmtec Corp. v. Allied Signal Inc.*, 939 F.2d 1568, 1574-75 (Fed. Cir. 1991), as follows:

> It is well established that when a legal title holder of a patent transfers his or her title to a third party purchaser for value without notice of an outstanding equitable claim or title, the purchaser takes the entire ownership of the patent, free of any prior equitable encumbrance. . . . This is an application of the common law bona fide purchaser for value rule.
>
> *Section 261 of Title 35 goes a step further. It adopts the principle of the real property recording acts, and provides that the bona fide purchaser for value cuts off the rights of a prior assignee who has failed to record the prior assignment in the Patent and Trademark Office by the dates specified in the statute. Although*

10

*the statute does not expressly so say, it is clear that the statute is intended to cut off prior legal interests, which the common law rule did not. (citations omitted).*

It is undisputed that febit holding was a bona fide purchaser of the entire right, title and interest in the '211 patent from TechnoStart, as evidenced by the April 18, 2005 contract between the parties. Further, it is undisputed that febit holding did not have notice of any outstanding equitable claim or title to the '211 patent. Under 35 U.S.C. § 261, febit holding, as the bona fide purchaser for value, cuts off the rights of a prior assignee who has failed to record the prior assignment in the Patent and Trademark Office within three months from its date or prior to the date of febit holding's purchase. Even if, *arguendo,* there were some prior assignment outside the chain of title - - there is no such evidence - - such an assignment would be void as a matter of law against febit holding.

## IV.  CONCLUSION

Wherefore, the evidence of record adequately demonstrates that febit holding owns the '211 patent. There is no credible evidence to the contrary. Based on the foregoing, febit holding asks this Court to enter partial summary judgment in its favor on the issue of ownership of the '211 patent and on the related issue that febit holding has standing to maintain the suit.

FEBIT HOLDING GMBH

Date: August 4, 2008        By: _____
P. Clarkson Collins, Jr. (#739)
Mary B. Matterer (#2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

Mark Fox Evens

11

Edward J. Kessler
Byron L. Pickard
W. Blake Coblentz
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1100 New York Avenue, NW
Washington, D.C. 20005-3934
(202) 371-2600
*Attorneys for Plaintiff*