**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| **FEBIT HOLDING GMBH** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| vs. | ) | **Civil Action No.:  07-cv-00385-GMS-LPS** |
| | ) | |
| **CODON DEVICES, INC.** | ) | **PUBLIC VERSION** |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |
| | ) | |
| | ) | |

**APPENDIX OF EXHIBITS IN SUPPORT OF PLAINTIFF FEBIT HOLDING GMBH'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
ON THE ISSUES OF OWNERSHIP OF THE PATENT-IN-SUIT AND STANDING
VOLUME II OF II – EXHIBITS AA THROUGH QQ**

P. Clarkson Collins, Jr. (#739)
Mary B. Matterer (#2696)
MORRIS JAMES LLP
500 Delaware Avenue,  Suite 1500
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

*Of Counsel*

Mark Fox Evens
Edward J. Kessler
Byron L. Pickard
W. Blake Coblentz
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1100 New York Avenue, NW
Washington, D.C.  20005-3934
(202) 371-2600

*Attorneys for Plaintiff*

Originally filed:  August 4, 2008
Public version filed:  August 11, 2008

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| **FEBIT HOLDING GMBH** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| vs. | ) | **Civil Action No.:  07-cv-00385-GMS-LPS** |
| | ) | |
| **CODON DEVICES, INC.** | ) | **FILED UNDER SEAL** |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |
| | ) | |

## APPENDIX OF EXHIBITS IN SUPPORT OF FEBIT HOLDING GMBH'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### Ownership Documents

| | |
|---|---|
| Exhibit A | German-language deed dated November 10, 1998 re: foundation of FeBit Ferrarius Biotechnology GmbH |
| Exhibit B | German-language extract of the commercial register HRB 2476 W of the local court of Mannheim, Germany (the "Commercial Register"), re: foundation of FeBit Ferrarius Biotechnology GmbH on November 10, 1998, and registration in the local court of Mannheim, Germany on January 26, 1999. |
| Exhibit C | Certified English translation of Exhibit B |
| Exhibit D | German-language extract of the Commercial Register re:  November 29, 1999, transfer of FeBit Ferrarius Biotechnology GmbH registered office from Weinheim, Germany to Mannheim, Germany. |
| Exhibit E | Certified English translation of Exhibit D |
| Exhibit F | German-language deed dated May 4, 2001 re: shareholders' meeting resolving, among other things, transformation of the company into a "Aktiengesellschaft" (corporation) with effect as of January 1, 2001 and with the name febit AG. |
| Exhibit G | German-language extract of the Commercial Register re: transformation of FeBit Ferrarius Biotechnology GmbH into a stock corporation registration as "febit AG" in the local court of Mannheim, Germany. |
| Exhibit H | Certified English translation of Exhibit G |

Exhibit I    German-language April 14, 2004 resolution of the local court of Mannheim re: appointment of Christopher Seagon as temporary insolvency administrator for febit AG.

Exhibit J    German-language July 1, 2004 order of the local court of Mannheim, Germany, re: institution bankruptcy proceedings against febit AG.

Exhibit K    Certified English translation of Exhibit J

Exhibit L    German-language September 24, 2004 purchase agreement, between the insolvency administrator and TechnoStart.

Exhibit M    Certified English translation of Exhibit L

Exhibit N    German-language December 17, 2004 letter from TechnoStart to Insolvency Administrator re: exercise of option.

Exhibit O    Certified English translation of Exhibit N

Exhibit P    German-language January 17, 2005 letter from Insolvency Administrator to TechnoStart re: December 17, 2004 exercise of purchase option.

Exhibit Q    Certified English translation of Exhibit P

Exhibit R    German-language February 16, 2005 deed re: the foundation of Neckarburg 66. VV GmbH.

Exhibit S    German-language application for entry in the commercial register regarding the foundation of Neckarburg 66. VV. GmbH dated February 16, 2005.

Exhibit T    German-language notification by the commercial register of the local court of Stuttgart regarding the registration of Neckarburg 66.VV GmbH in the commercial register on February 22, 2005.

Exhibit U    German-language extract of the Commercial Register re: registration of Neckarburg 66. VV GmbH in the local court of Stuttgart, Germany on February 22, 2005.

Exhibit V    Certified English translation of Exhibit U

Exhibit W    German-language April 11, 2005 deed re: a share transfer agreement.

Exhibit X    German-language extract of the Commercial Register re: August 6, 2007 febit biotech GmbH name change to "febit holding GmbH."

Exhibit Y    Certified English translation of Exhibit X

Exhibit Z    German-language application for entry in the Commercial Register re: Neckarburg 66. VV GmbH April 11, 2005 name change to "febit biotech GmbH."

2

| | |
|---|---|
| Exhibit AA | German-language purchase agreement dated April 18, 2005, between TechnoStart and Neckarburg 66. VV GmbH. |
| Exhibit BB | Certified English translation of Exhibit AA |
| Exhibit CC | German-language start check from Neckarburg to Technostart pursuant to the purchase agreement. |
| Exhibit DD | German-language May 30, 2005 letter from TechnoStart to febit biotech GmbH re: febit biotech GmbH acquisition of febit AG property. |
| Exhibit EE | Certified English translation of Exhibit DD |
| Exhibit FF | German-language August 6, 2007 deed re: febit biotech GmbH shareholders resolution changing the name of the company to "febit holding GmbH." |
| Exhibit GG | German-language entry in the Commercial Register re: among other things, changing the name of the company to febit holding GmbH. |
| Exhibit HH | Executed assignment of the entire right, title, and interest in the application that resulted in U.S. Patent No. 6,586,211 from the inventors to febit ferrarius biotechnology GmbH |
| Exhibit II | German-language extract of the Commercial Register re: the change of name from Neckarburg 66. VV GmbH to febit biotech GmbH. |
| Exhibit JJ | Certified English translation of Exhibit II |

**Discovery Materials**

| | |
|---|---|
| Exhibit KK | Codon Devices, Inc.'s Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) |
| Exhibit LL | Defendant Codon Devices, Inc.'s Objections and Responses to Plaintiff's First Interrogatory |
| Exhibit MM | Defendant Codon Devices, Inc.'s Objections and Responses to Plaintiff's First Request for Production of Documents |

**Certified Assignment Documents**

| | |
|---|---|
| Exhibit NN | United States Patent and Trademark Office certified Assignment Records for U.S. Patent No. 6,586,211. |

**<u>Declarations</u>**

Exhibit OO    Declaration of Peer F. Stahler

Exhibit PP    Declaration of Michael Mayer

Exhibit QQ    Declaration of Verena Eisenlohr

# EXHIBIT   AA

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT   BB

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT  CC

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT DD




**TechnoStart**

TechnoStart GmbH | Martin-Luther-Straße 57 | 71636 Ludwigsburg

Beratungsgesellschaft für
Beteiligungsfonds mbH

**febit biotech GmbH**
**Herrn Cord F. Stähler**
**Im Neuenheimer Feld 5115**

**69120 Heidelberg**

Martin-Luther-Straße 57
D-71636 Ludwigsburg
Telefon +49 (0)7141-97159-0
Telefax +49 (0)7141-97159-10
office@technostart.com
www.technostart.com

30.05.2005

Kaufvertrag vom 18.04.2005

Sehr geehrter Herr Stähler,

in vorbezeichneter Angelegenheit bestätige ich in meiner Eigenschaft als
Geschäftsführer der TechnoStart Beratungsgesellschaft für Beteiligungsfonds
mbH, dass die febit biotech GmbH, hervorgegangen durch Umfirmierung aus der
Neckarburg 66VV GmbH, die Patente, Marken, Gebrauchsmuster, Namensrechte
und gewerbliche Schutzrechte sowie sowie diesbezügliche Ameldungen erworben
hat, die der Insolvenzverwalter der febit ag mit Kaufvertrag vom 24.09.2004
sowie durch Einzelkauf gegen Rechnung am 05.11.2004 und 16.12.2004 an die
TechnoStart Beratungsgesellschaft für Beteiligungsfonds veräußert hatte.

Des weiteren wurden sämtliche im ehemaligen Eigentum der febit ag stehenden
Vermögensgegenstände des Vorratsvermögens, insbesondere Rohmaterialien,
Betriebs- und Hilfsstoffe, Ersatzteile, halbfertige und fertige Produkte sowie
Werkzeuge erworben. Hinsichtlich des mobilen Anlagevermögens wurden durch
die febit biotech GmbH lediglich die Teile erworben, welche in Anlage des
Kaufvertrages vom 18.04.2005 aufgeführt sind.

Mit freundlichen Grüßen

Michael Mayer
Geschäftsführer

ATTORNEY'S EYES ONLY

**HIGHLY**
**CONFIDENTIAL**

Sitz Ludwigsburg | Registergericht
Ludwigsburg | HRB 5347
Geschäftsführer: Michael Mayer
Mitglied der EVCA European
Venture Capital Association
Mitglied im BVK Bundesverband
deutscher Kapitalbeteiligungs-
gesellschaften

FEBO 001647

# EXHIBIT EE

< logo >
TechnoStart

Consulting Firm for
Investment Funds mbH

Martin-Luther-Strasse 57
D-71636 Ludwigsburg
Tel: +49 (0)7141 97159 0
Fax: +49 (0)7141 97159 10
office@technostart.com

TechnoStart GmbH | Martin-Luther-Strasse 57 | 71636 Ludwigsburg

**febit biotech GmbH**
**Mr Cord F Stähler**
**Im Neuenheimer Feld 5115**

**69120 Heidelberg**

30/05/2005

Re: Purchase contract of 18/04/2005

Dear Mr Stähler,

In relation to the matter described above, I hereby confirm, in my capacity as chief executive
officer of TechnoStart Consulting Firm for Investment Funds mbH, that the febit biotech
GmbH, originating through the change of business name of Neckarburg 66VV GmbH, has (
acquired the patents, brands, utility models, name rights, intellectual property rights and other
registrations in relation to these, which the insolvency administrator of febit ag had assigned
to TechnoStart Consulting Firm for Investment Funds with the purchase contract of
24/09/2004 and through the invoiced individual purchases on the 05/11/2004 and 16/12/2004.

Furthermore, all inventory assets which were previously in the ownership of febit ag,
especially raw materials, operating and auxiliary supplies, replacement parts, half-finished
and finished products and tools, were acquired. In relation to the movable assets, only those
parts which are listed in an appendix to the purchase contract of 18/04/2005 were acquired by
febit biotech GmbH.

Yours sincerely,

< signature >

Michael Mayer
Chief Executive Officer

ATTORNEY'S EYES ONLY

**HIGHLY
CONFIDENTIAL**

Ludwigsburg | Register Court
Ludwigsburg | HRB 5347

Chief Executive Officer: Michael Mayer

Member of the EVCA European
Venture Capital Association

Member of the BVK (German Private
Equity and Venture Capital Association e.V.)

FEBO 001646

# EXHIBIT  FF

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT  GG

# EXHIBIT  REDACTED
# IN  ITS  ENTIRETY

# EXHIBIT   HH



A 7135171

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

June 27, 2008

THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE RECORDS OF THIS OFFICE OF A DOCUMENT RECORDED ON JULY 26, 2001.

By Authority of the

Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office



N. WILLIAMS

Certifying Officer

A/D  581.40

**09/869332**

JC17 Rec'd PCT/PTO    2 6 JUL 2001

Form PTO-1595
RECORDATION FORM COVEI

08-16-2001

7-26-t

||||||||||||||||||||||
101813262

U.S. Department of Commerce
tents & Trademark Office

Itorney Docket No. 100564-00069
ate: July 26, 2001

To the Assistant Commissioner of Patents
Please record the attached original documents or copy thereof

| 1. Name of conveying party(ies) | 2. Name and address of receiving party(ies): |
|---|---|
| Peer F. STÄHLER, Cord F. STÄHLER, Manfred MÜLLER | Name: FeBIT Ferrarius Biotechnology GmbH |
| Additional name(s) of conveying party(ies) attached? ☐ Yes ☒ No | Address: Käfertalerstraße 190 68167 Mannheim, Germany |
|  | Additional name(s) & address(es) attached? ☐ Yes ☒ No |

3. Nature of conveyance:

☒ Assignment    ☐ Merger
☐ Security Agreement    ☐ Change of Name
☐ Other _____

Execution Date: May 28, 2001, May 28, 2001 and June 13, 2001

4. Application number(s) or patent number(s): _____
If this document is being filed together with a new application, the execution date of the application is: May 28, 2001, May 28, 2001 and June 13, 2001

   A. Patent Application No.(s)                               B. Patent No.(s)

Additional numbers attached? ☐ Yes    ☒ No

| 5. Name and address of party to whom correspondence concerning document should be mailed: | 6. Total number of applications and patents involved: One |
|---|---|
| Name: Arent Fox Kintner Plotkin & Kahn PLLC | 7. Total fee (37 CFR 3.41)............ $ 40.00 |
| Street Address: 1050 Connecticut Avenue, N.W., Suite 400 | ☒ Included in attached check. |
| Washington, D.C. 20036-5339 | ☐ Any additional fees are authorized to be charged to deposit account |
| 07/31/2001 NGUYEN  00000014 09869332<br>03 FC:581                         40.00 OP | 8. Deposit account number: 01-2300<br>(Attach duplicate copy of this page if paying by deposit account) |

DO NOT USE THIS SPACE

9. Statement and signature.
To the best of my knowledge and belief, the foregoing information is true and correct and any attached copy is a true copy of the original document.

Robert B. Murray
_____
Name of Person Signing
Reg. No. 22,980

_____
Signature

July 26, 2001
_____
Date

Total number of pages including cover sheet, attachments, and document: 2

**PATENT**
**REEL: 012063 FRAME: 0128**

FEBO 001526

21118P US-WO

ARENT FOX KINTNER PLOTKIN & KAHN PLLC

Docket No. _____

# U.S. ASSIGNMENT

IN CONSIDERATION of the sum of One Dollar ($1.00), and of other good and valuable consideration paid to the undersigned inventor(s) (hereinafter ASSIGNOR) by

[Insert ASSIGNEE's Name(s) Address(es)]

FeBiT Ferrarius Biotechnology GmbH

~~Gösselweg 15~~   *Siegfriedstr*   *Käfertaluststr. 190*   (F. S.

~~69469 Weinheim~~   *68167 Mannheim*   *28/5/01*

(hereinafter ASSIGNEE), the receipt of which is hereby acknowledged, the undersigned ASSIGNOR hereby sells, assigns and transfers to ASSIGNEE the entire and exclusive right, title and interest to the invention entitled

[Title of Invention]

_____

_____

[*If the assignment is being filed after the filing of the application, this section must be completed]

for which application for Letters Patent of the United States was executed on even date herewith unless otherwise indicated below:

*filed on _____, Serial No. _____

(Arent Fox Kintner Plotkin & Kahn is hereby authorized to insert the series code, serial number and/or filing date hereon, when known)

and all Letters Patent of the United States to be obtained therefor on said application or any continuation, division, renewal, substitute, reissue or reexamination thereof for the full term or terms for which the same may be granted.

The ASSIGNOR agrees to execute all papers necessary in connection with application and any continuing, divisional, reissue or reexamination applications thereof and also to execute separate assignments in connection with such applications as the ASSIGNEE may deem necessary or expedient.

The ASSIGNOR agrees to execute all papers necessary in connection with any interference, litigation, or other legal proceeding which may be declared concerning this application or any continuation, division, reissue or reexamination thereof or Letters Patent or reissue patent issued thereon and to cooperate with the ASSIGNEE in every way possible in obtaining and producing evidence and proceeding with such interference, litigation, or other legal proceeding.

IN WITNESS WHEREOF, the undersigned inventor(s) has (have) affixed his/her/their signature(s).

[Signature(s) of Assignor(s)]

| | | |
|---|---|---|
| X _Peer Stähler_ (SIGNATURE) | STÄHLER Peer F. (TYPE NAME) | X 28/5/01 (DATE) |
| X _C.F.S._ (SIGNATURE) | STÄHLER Cord F. (TYPE NAME) | X 28/05/01 (DATE) |
| X _M. Müll_ (SIGNATURE) | MÜLLER Manfred (TYPE NAME) | X 18/06/01 (DATE) |
| _____ (SIGNATURE) | _____ (TYPE NAME) | _____ (DATE) |

NO LEGALIZATION REQUIRED

RECORDED: 07/26/2001

PATENT
REEL: 012063 FRAME: 0129

FEBO 001527

# EXHIBIT  II

BS.: FEBIT BIOTECH GMBH;                    06221 8733442;          10.JUN-05 18:00;          SEITE 3/3

**HRB 7906**

Handelsregister – Abt. B – des Amtsgerichts Heidelberg

| Nummer der Eintragung | a) Firma b) Sitz c) Gegenstand des Unternehmens | Grundkapital oder Stammkapital DM/EUR | Vorstand persönlich haftende Gesellschafter Geschäftsführer Abwickler | Prokura | Rechtsverhältnisse | a) Tag der Eintragung und Unterschrift b) Bemerkungen |
|---|---|---|---|---|---|---|
| 1 | a) Nedarbung 68, V V GmbH<br><br>jetzt:<br><br>febit biotech GmbH<br><br>b) Heidelberg<br><br>c) nunmehr:<br>Die Entwicklung, Herstellung sowie der Vertrieb von Geräten, biochemischen und chemischen Reagentien, Reagentiäqen und EDV-Programmen und sonstiger Hilfsmittel für die Verarbeitung und Auswertung von chemischen und biologischen Informationen. Soweit es um handwerkliche Tätigkeiten geht, erfolgt die Ausführung durch autorisierte Fachbetriebe. | 25.000,00 Euro | Nicole Süthner, geb. 29. Juli 1977, Waiblingen<br><br>Cord F. Stähler, geb. 24. Februar 1969, Weinheim | | Gesellschaft mit beschränkter Haftung.<br>Gesellschaftsvertrag vom 16. Februar 2005.<br><br>Die Gesellschaft wird durch einen Geschäftsführer allein vertreten, wenn er einziger Geschäftsführer ist; bei Bestellung mehrerer Geschäftsführer wird die Gesellschaft durch je zwei Geschäftsführer gemeinschaftlich oder durch einen Geschäftsführer zusammen mit einem Prokuristen vertreten.<br><br>Es kann die Ermächtigung zur Alleinvertretung erteilt werden.<br><br>Durch Beschluss der Gesellschafterversammlung vom 11. April 2005 wurde der Gesellschaftsvertrag umfassend geändert und insgesamt neu gefasst. Geändert worden insbesondere die einzutragenden Bestimmungen zu Firma, Sitz und Gegenstand des Unternehmens.<br><br>Die Firma und der Gegenstand lauten nunmehr, wie aus Spalte 2 a) und 2 c) ersichtlich.<br><br>Der Sitz der Gesellschaft ist von Stuttgart nach Heidelberg verlegt.<br><br>Zum Geschäftsführer ist bestellt:<br><br>Cord F. Stähler, geb. 24. Februar 1969, Weinheim.<br><br>Er ist alleinvertretungsberechtigt, auch wenn mehrere Geschäftsführer bestellt sind und befugt, die Gesellschaft bei der Vornahme von Rechtsgeschäften mit sich selbst im eigenen Namen oder als Vertreter eines Dritten zu vertreten (§ 181 BGB).<br><br>Nicole Süthner ist nicht mehr Geschäftsführerin. | 4) 06. Juni 2005<br>Tischer<br><br>b) Beschl. S8 AG, 13 fl. Ges.Vertr. S8 AG. 121 fl. bisher: Amtsgericht Stuttgart HRB 25183, Eintragung: 22. Februar 2005 |

10/08 '05 FR  17:00  [SE/EM NR 5393]  ☐003

# EXHIBIT  JJ

translation from
german***********

Register of Commerce Section B of Heidelberg County Court

HRB 7906

| No. of entry | a) Business name b) Registered office c) Object of the company | Original or authorised capital | Board of Directors Personally liable partner Managing Director Liquidator | Signing powers | Legal relationships | a) Date of entry and signature b) Remarks |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 1. | a) Neckarburg 66, V V GmbH (limited liability company) now: febit biotech GmbH b) Heidelberg c) now: To develop, manufacture and sell appliances, biochemical and chemical reagents, reagent plates and other aids for the processing and evaluation of chemical and biological information. To the extent that it is question of handicraft activities, implementation shall be done by authorised expert companies, | Euro 25,000.00 | Nicole Suttner, born on July 29, 1973, Wachtburg; Cord F. Stähler, born on February 24, 1969, Weinheim | | Limited liability company, Articles of Association of February 16, 2005. The corporation is represented by one managing director alone if he is the sole managing director; if a plurality of managing directors have been appointed, the corporation is represented by two managing directors in community or by one managing director in community with a holder of a limited commercial power of attorney (Prokurist). The authorisation to represent alone can also be granted. By resolution of the Shareholders' Meeting of April 11, 2005, the Articles of Association have been extensively amended and re-worded all told. In particular, the directives on the corporate name, registered office and object of the enterprise have been amended. The corporate name and the object are, now as can be seen from column 2 a) and column 2 c). The registered office of the corporation has been moved from Stuttgart to Heidelberg. The following managing director has been appointed: Cord F. Stähler, born on February 24, 1969, Weinheim He is authorised to represent the corporation alone, even if a plurality of managing directors have been appointed, and authorised to represent the corporation in entering into legal transactions with himself in his own name or as the representative of the third party (§ 181, German Civil Code). Nicola Suttner is no longer managing director. | a) June 06, 2005 Tischer b) Resolution, special volume, pp. 13 et seq., Articles of Association, special volume, pp. 121, et seq., up to now Stuttgart County Court, HRB 25183, first entry February 22, 2005 |

This is to certify the correctness and completeness of the above translation from the **German** language.

Grassel,



# EXHIBIT  KK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

FEBIT HOLDING GMBH,                          )
                                             )
                        Plaintiff,           )
                                             )
            v.                               )    C.A. No. 07-385 (GMS) (LPS)
                                             )
CODON DEVICES, INC.,                         )
                                             )
                        Defendant.           )

### CODON DEVICES, INC.'S INITIAL DISCLOSURES
### PURSUANT TO FED. R. CIV. P. 26(a)(1)

Defendant Codon Devices, Inc. ("Codon") makes the following Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). These Initial Disclosures ("Disclosures") are based on information now reasonably available to Codon. Codon's investigation into these matters are on-going. Codon reserves all rights to modify, amend or otherwise supplement these Disclosures as investigation and discovery proceed. By making these Disclosures, Codon does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Rather, these Disclosures represent a good faith effort to identify information that Codon reasonably believes is required by Fed. R. Civ. P. 26(a)(1).

Codon's Disclosures are made without, in any way, waiving: (a) the right to object to any discovery requests or to the admissibility of any evidence on the grounds of privilege, work product immunity, relevance, competency, materiality, hearsay, or any other proper ground in this action or in any other action; (b) the right to object to the use of any such information, for any purpose, in whole or in part, in any proceeding in this action or in any other action; or (c) the right to object on any and all grounds to any other discovery request or

proceeding involving or relating to the subject matter of these Disclosures in any proceeding in this action or in any other action.

A.    **Identity Of Individuals That May Have Discoverable Information (Rule 26 (a)(1)(A)(i))**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i) and subject to and without waiving the limitations set forth above, Codon is presently aware of the following individuals who are likely to have discoverable information that Codon may use to support its claims or defenses, including but not limited to information relevant to U.S. Patent No. 6,586,211 (the "'211 patent"); Codon's non-infringement of the '211 patent; and the invalidity and/or unenforceability of the '211 patent.

| Individual | Potential Area(s) of Knowledge (at least) |
|---|---|
| Brian Baynes<br>Mr. Baynes can be contacted via Weil, Gotshal & Manges LLP | Codon Devices and its research services, marketing, sales and finances. |
| Peer F. Stahler<br>Address unknown | The '211 patent, including without limitation, inventorship, compliance with 35 U.S.C. § 112, claim construction, conception, reduction to practice, and inequitable conduct; prior art relevant to the '211 patent. |
| Cord F. Stahler<br>Address unknown | The '211 patent, including without limitation, inventorship, compliance with 35 U.S.C. § 112, claim construction, conception, reduction to practice, and inequitable conduct; prior art relevant to the '211 patent. |
| Manfred Muller<br>Address unknown | The '211 patent, including without limitation, inventorship, compliance with 35 U.S.C. § 112, claim construction, conception, reduction to practice, and inequitable conduct; prior art relevant to the '211 patent. |

| Individual | Potential Area(s) of Knowledge (at least) |
|---|---|
| Attorneys or agents involved in the prosecution of the '211 patent, including:<br><br>Robert B. Murray<br>Charitta A. Burt<br>D. Daniel Dzara, II<br>Jeffrey L. Ihnen<br><br>In addition, Codon may rely on any other attorneys or agents who were involved in the prosecution of the '211 patent whether they worked at any of the following or at any other law firm or other business:<br><br>Arent Fox Kintner Plotkin<br>    & Kahn, PLLC<br>Rothwell, Figg, Ernst & Manbeck, PC | Prosecution of the '211 patent and inequitable conduct. |
| Verena Eisenlohr<br>Address unknown | Assignment, transfer and conveyance of the '211 patent; corporate and legal history of febit holding. |
| febit holding's directors, agents, and current or former employees | Licensing related to febit holding's products and services; prosecution of the '211 patent; prior art to the '211 patent. |
| Authors or other individuals responsible for generating prior art to the '211 patent | Prior art to the '211 patent. |

Codon has not yet designated expert witnesses, but may do so in accordance with the requirements set forth in the Federal Rules of Civil Procedure. Codon reserves the right to supplement these lists as additional information becomes available and to rely upon and to call as a witness any person listed in febit holding's Rule 26(a)(1) Disclosures.

**B.    Description of Discoverable Documents**
**(Rule 26(a)(1)(A)(ii))**

Based upon information reasonably available to Codon at this time, and subject to the limitations set forth above, Codon hereby describes, pursuant to Fed. R. Civ. P.

3

26(a)(1)(A)(ii), the following categories of documents, electronically stored information and tangible things that are in Codon's possession, custody or control, and may be used to support Codon's claims or defenses, other than solely for impeachment:

> 1.   Documents reflecting that Codon does not infringe the '211 patent.
>
> 2.   Documents reflecting that the '211 patent is invalid.
>
> 3.   Documents reflecting that the '211 patent is unenforceable due to inequitable conduct.
>
> 4.   Documents reflecting the proper construction of terms used in the '211 patent.

Discovery is continuing and Codon reserves its rights to supplement these Disclosures.

**C.    Computation of Damages**
    **(Rule 26(a)(1)(A)(iii))**

Not applicable.

**D.    Insurance Agreements**
    **(Rule 26(a)(1)(A)(iv))**

Codon is not aware of any insurance agreement under which an insurance business may be liable to Codon to satisfy any part of a judgment that may be entered in this action or to indemnify or reimburse Codon for payments made to satisfy a judgment that may be entered in this action.

4

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_(signature)_
Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
*Attorneys for Defendant*
  *Codon Devices, Inc.*

*Of Counsel*:

Edward R. Reines
Nicholas A. Brown
Rip J. Finst
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(650) 802-3000

June 27, 2008

5

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned, hereby certify that true and correct copies of the foregoing were caused to be served on June 27, 2008 upon the following individuals in the manner indicated:

**BY ELECTRONIC MAIL**
<u>**and HAND DELIVERY**</u>

Mary Matterer, Esquire
MORRIS JAMES LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE  19801

**BY ELECTRONIC**
<u>**and FIRST CLASS MAIL**</u>

Mark Fox Evens, Esquire
Edward J. Kessler, Esquire
W. Blake Coblentz, Esquire
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1100 New York Avenue, NW
Washington, DC  20005-3934


Jack B. Blumenfeld (#1014)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FEBIT HOLDING GMBH,                    )
                                       )
                    Plaintiff,         )
                                       )
        v.                             )     C.A. No. 07-385 (GMS) (LPS)
                                       )
CODON DEVICES, INC.,                   )
                                       )
                    Defendant.         )
                                       )

## NOTICE OF SERVICE

The undersigned hereby certifies that copies of *Codon Devices, Inc.'s Initial*

*Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)* were caused to be served on June 27, 2008 upon

the following in the manner indicated:

Mary Matterer, Esquire                      *VIA HAND DELIVERY*
MORRIS JAMES LLP                            *and ELECTRONIC MAIL*
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801

Mark Fox Evens, Esquire                     *VIA ELECTRONIC*
Edward J. Kessler, Esquire                  *and FIRST CLASS MAIL*
W. Blake Coblentz, Esquire
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1100 New York Avenue, NW
Washington, DC 20005-3934

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
*Attorneys for Defendant*
   *Codon Devices, Inc.*

*Of Counsel*:

Edward R. Reines
Nicholas A. Brown
Rip J. Finst
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(650) 802-3000

June 27, 2008

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on June 27, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Mary Matterer, Esquire
> MORRIS JAMES LLP

I also certify that copies were caused to be served on June 27, 2008 upon the following in the manner indicated:

**BY ELECTRONIC MAIL
and HAND DELIVERY**

Mary Matterer, Esquire
MORRIS JAMES LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801

**BY ELECTRONIC
and FIRST CLASS MAIL**

Mark Fox Evens, Esquire
Edward J. Kessler, Esquire
W. Blake Coblentz, Esquire
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1100 New York Avenue, NW
Washington, DC 20005-3934

Jack B. Blumenfeld (#1014)

# EXHIBIT  LL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FEBIT HOLDING GMBH,                )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   C.A. No. 07-385 (GMS) (LPS)
                                    )
CODON DEVICES, INC.,                )
                                    )
            Defendant.              )

## DEFENDANT CODON DEVICES, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST INTERROGATORY

Pursuant to Federal Rule of Civil Procedure 33, defendant Codon Devices, Inc. ("Codon") hereby responds to the First Interrogatory of plaintiff febit holding GmbH ("febit holding"), subject to the general and specific objections set forth herein.

### GENERAL OBJECTIONS

1.    Codon objects to each interrogatory, definition, and instruction, and in particular Instructions J, K, L, M, and N, to the extent it seeks to impose any burdens inconsistent with or in addition to Codon's obligations under the applicable statutes and rules, including Federal Rules of Civil Procedure and the Local Rules for the District of Delaware, or any order of this Court.

2.    Codon objects to each interrogatory, definition, and instruction to the extent it seeks information that is protected under, without limitation, the attorney-client privilege, the work product immunity, and/or any other applicable privilege, prohibition, limitation, or immunity from disclosure. Inadvertent production of such information shall not constitute the waiver of any applicable privilege, doctrine, immunity, or objection, including, but

not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work product, privilege, and/or admissibility as evidence.

3.    Codon objects to each interrogatory, definition, and instruction to the extent it calls for information that is not in Codon's possession, custody or control and/or not obtainable by means of a reasonably diligent search.

4.    Codon objects to each interrogatory, definition, and instruction to the extent it seeks information that is available to, or in the possession, custody or control of, febit holding or available from a public source as to which the burden of obtaining such information is the same for febit holding as it would be for Codon. Codon's responses are given with the understanding that febit holding has such information.

5.    Codon objects to each interrogatory, instruction or definition to the extent that it requires Codon to draw or render a legal conclusion. No response by Codon shall be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in febit holding's interrogatory, definitions, or instructions.

6.    Codon objects to the definition of "Codon," "Defendant," and "You" to the extent that it encompasses individuals and/or entities not presently under the direct control of Codon, or to the extent that it seeks to compel Codon to collect or produce information or documents from parties from whom Codon has no right or obligation to collect documents. Codon also objects to this definition insofar as it seeks information that is (a) not within Codon's possession, custody, or control, or (b) protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or protection.

7.    Codon objects to the definitions of "documents," "any," "all," "each," "every," "and" and "or" as overly broad and unduly burdensome to the extent they seek to

2

impose obligations beyond those imposed by Federal Rules of Civil Procedure 26 and 33, or seek to encompass documents and information that are not in Codon's possession, custody, and/or control.

8.    Codon objects to the definition of "person" and "persons" insofar as it presumes that Codon has knowledge of each of the individuals or entities within the scope of this definition. Codon objects to this definition to the extent it is overly broad and unduly burdensome and/or seeks to impose discovery obligations on any entity other than Codon.

9.    By responding to febit holding's First Interrogatory, Codon does not waive any objection that may be applicable to: (a) the use, for any purpose, by febit holding of any information or documents provided in response; or (b) the admissibility, relevance, or materiality of any of the information or documents to any issue in this case.

10.    Each general objection shall be deemed to be incorporated in full into the response set forth below. Any specific objections to an interrogatory are made in addition to the general objections, not as a replacement for them.

11.    Discovery is ongoing in this action, and Codon has not completed its discovery or investigation into the parties' claims and defenses. Codon therefore objects and responds to febit holding's interrogatory based upon information in its possession after diligent inquiry at the time of preparation of these responses. Codon reserves the right to amend, supplement, and/or correct its objections or responses as additional information becomes available to Codon in the course of its ongoing discovery and investigation.

### SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORY

Subject to and without waiving the foregoing general objections, Codon objects and responds to febit holding's First Interrogatory as follows:

3

**INTERROGATORY NO. 1:**

State the complete factual basis for, and identify all documents and all persons with discoverable information that support your contention that febit lacks standing to bring the above-captioned matter and/or is not the owner of the Patent-in-Suit.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to its general objections, Codon objects to this interrogatory on the ground that it is premature. Codon's investigation and analysis is not yet complete and substantial discovery has not been completed, including Codon's depositions of witnesses with knowledge relevant to febit holding's alleged standing. This interrogatory is also premature because febit holding bears the burden of proving that it is the owner of the asserted patent and has standing to sue for infringement, but febit holding has not satisfied this burden. Codon also objects to the form of this interrogatory as a contention interrogatory that seeks information about Codon's positions prior to the disclosure of any such information in an appropriate responsive pleading or motion. Codon further objects to this interrogatory on the ground that it is unduly burdensome because, without limitation, it seeks information that is otherwise available from another source that is more convenient, less burdensome, or less expensive, including document requests and the public files of the U.S. Patent Office.

Subject to and without waiving its general and specific objections, Codon responds to this interrogatory as follows: The bases for Codon's conclusion that febit holding lacks standing to sue for infringement and is not the owner of the asserted patent can be found, *inter alia*, in Codon's motion to dismiss, filed October 1, 2007; Codon's reply brief, filed November 7, 2007; Codon's Answer to febit holding's First Amended Complaint; exhibits to the Declaration of Mark Fox Evens, filed October 26, 2007; the Declaration of Verena Eisenlohr, filed October 26, 2007; and febit holding's responses to Codon's requests for admissions. The

4

burden of examining these documents to ascertain the bases for Codon's conclusion is substantially the same on febit holding as it would be on Codon.    Persons believed to have information establishing that febit holding lacks standing to sue for infringement and is not the owner of the asserted patent include Cord Stahler, Verena Eisenlohr and Christopher Seagon.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
*Attorneys for Defendant*
   *Codon Devices, Inc.*

*Of Counsel:*

Edward R. Reines
Nicholas A. Brown
Rip J. Finst
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

July 10, 2008

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that true and correct copies of the foregoing were caused to be served on July 10, 2008 upon the following individuals in the manner indicated:

**BY ELECTRONIC MAIL
and HAND DELIVERY**

Mary Matterer, Esquire
MORRIS JAMES LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801

**BY ELECTRONIC
and FIRST CLASS MAIL**

Mark Fox Evens, Esquire
Edward J. Kessler, Esquire
W. Blake Coblentz, Esquire
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1100 New York Avenue, NW
Washington, DC 20005-3934

Jack B. Blumenfeld (#1014)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FEBIT HOLDING GMBH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-385 (GMS) (LPS) |
| | ) |
| CODON DEVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF SERVICE**

The undersigned hereby certifies that copies of (i) *Defendant Codon Devices, Inc.'s Objections and Responses to Plaintiff's First Interrogatory* and (ii) *Defendant Codon Devices, Inc.'s Objections and Responses to Plaintiff's First Request for Production of Documents* were caused to be served on July 10, 2008 upon the following in the manner indicated:

Mary Matterer, Esquire
MORRIS JAMES LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801

*VIA HAND DELIVERY*
*and ELECTRONIC MAIL*

Mark Fox Evens, Esquire
Edward J. Kessler, Esquire
W. Blake Coblentz, Esquire
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1100 New York Avenue, NW
Washington, DC 20005-3934

*VIA ELECTRONIC*
*and FIRST CLASS MAIL*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
*Attorneys for Defendant*
*Codon Devices, Inc.*

*Of Counsel*:

Edward R. Reines
Nicholas A. Brown
Rip J. Finst
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

July 10, 2008

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on July 10, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Mary Matterer, Esquire
> MORRIS JAMES LLP

I also certify that copies were caused to be served on July 10, 2008 upon the following in the manner indicated:

**BY ELECTRONIC MAIL**
**and HAND DELIVERY**

Mary Matterer, Esquire
MORRIS JAMES LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801

**BY ELECTRONIC**
**and FIRST CLASS MAIL**

Mark Fox Evens, Esquire
Edward J. Kessler, Esquire
W. Blake Coblentz, Esquire
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1100 New York Avenue, NW
Washington, DC 20005-3934

Jack B. Blumenfeld (#1014)

# EXHIBIT  MM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FEBIT HOLDING GMBH,                     )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )    C.A. No. 07-385 (GMS) (LPS)
                                        )
CODON DEVICES, INC.,                    )
                                        )
                    Defendant.          )

## DEFENDANT CODON DEVICES, INC.'S
## OBJECTIONS AND RESPONSES TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 34, defendant Codon Devices, Inc.

("Codon") hereby responds to the First Request for Production of Documents of plaintiff febit

holding GmbH ("febit holding"), subject to the general and specific objections set forth herein.

### GENERAL OBJECTIONS

1.      Codon objects to each document request, definition, and instruction, and

in particular Instructions J, K, L, M, and N, to the extent it seeks to impose any burdens

inconsistent with or in addition to Codon's obligations under the applicable statutes and rules,

including Federal Rules of Civil Procedure and the Local Rules for the District of Delaware, or

any order of this Court.

2.      Codon objects to each document request, definition, and instruction to the

extent it seeks information that is protected under, without limitation, the attorney-client

privilege, the work product immunity, and/or any other applicable privilege, prohibition,

limitation, or immunity from disclosure. Inadvertent production of such information shall not

constitute the waiver of any applicable privilege, doctrine, immunity, or objection, including, but

not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work product, privilege, and/or admissibility as evidence.

3.    Codon objects to each document request, definition, and instruction to the extent it calls for the production of documents not in Codon's possession, custody or control and/or not obtainable by means of a reasonably diligent search, including without limitation documents or things that are not maintained by Codon in the normal course of business or that are no longer maintained by Codon.

4.    Codon objects to each document request, definition, and instruction to the extent it seeks information that is available to, or in the possession, custody or control of, febit holding or available from a public source as to which the burden of obtaining such information is the same for febit holding as it would be for Codon.  Codon's responses are given with the understanding that febit holding has such information.  Codon further objects to each document request, definition, and instruction to the extent that they call for Codon to produce to febit holding the same documents that febit holding has provided or produced to Codon.

5.    Codon objects to each document request, instruction or definition to the extent that it requires Codon to draw or render a legal conclusion.  No response by Codon shall be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in febit holding's document requests, definitions, or instructions.

6.    Codon objects to the definition of "Codon," "Defendant," and "You" to the extent that it encompasses individuals and/or entities not presently under the direct control of Codon, or to the extent that it seeks to compel Codon to collect or produce information or documents from parties from whom Codon has no right or obligation to collect documents. Codon also objects to this definition insofar as it seeks information that is (a) not within Codon's

2

possession, custody, or control, or (b) protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or protection.

      7.    Codon objects to the definitions of "documents," "any," "all," "each," "every," "and" and "or" as overly broad and unduly burdensome to the extent they seek to impose obligations beyond those imposed by Federal Rules of Civil Procedure 26 and 34, or seek to encompass documents and information that are not in Codon's possession, custody, and/or control.

      8.    Codon objects to the definition of "person" and "persons" insofar as it presumes that Codon has knowledge of each of the individuals or entities within the scope of this definition. Codon objects to this definition to the extent it is overly broad and unduly burdensome and/or seeks to impose discovery obligations on any entity other than Codon.

      9.    By responding to febit holding's First Requests for Production of Documents and Things, Codon does not waive any objection that may be applicable to: (a) the use, for any purpose, by febit holding of any information or documents provided in response; or (b) the admissibility, relevance, or materiality of any of the information or documents to any issue in this case.

      10.    Each general objection shall be deemed to be incorporated in full into each of the individual responses set forth below. Any specific objections to a document request are made in addition to the general objections, not as a replacement for them.

      11.    Discovery is ongoing in this action, and Codon has not completed its discovery or investigation into the parties' claims and defenses. Codon therefore objects and responds to febit holding's document requests based upon information in its possession after diligent inquiry at the time of preparation of these responses. Codon reserves the right to amend,

supplement, and/or correct its objections or responses as additional information becomes available to Codon in the course of its ongoing discovery and investigation.

## SPECIFIC OBJECTIONS AND RESPONSES REQUESTS FOR PRODUCTION

Subject to and without waiving the foregoing general objections, Codon objects and responds to febit holding's First Requests for Production of Documents as follows:

### REQUEST NO. 1:

All documents identified by you in response to the above Interrogatory No. 1.

### RESPONSE TO REQUEST NO. 1:

In addition to its general objections, Codon objects to this document request to the extent that it seeks documents that are protected by the attorney-client privilege and/or work product doctrine. Codon also objects to this document request to the extent it asks Codon to re-produce to febit holding documents that febit holding provided or produced to Codon.

Subject to its general and specific objections, Codon will produce responsive, non-privileged documents.

### REQUEST NO. 2:

All documents that support your contention that febit lacks standing to bring the above-captioned matter and/or is not the owner of the Patent-in-Suit.

### RESPONSE TO REQUEST NO. 2:

In addition to its general objections, Codon objects to this document request to the extent that it seeks documents that are protected by the attorney-client privilege and/or work product doctrine. Codon also objects to this document request to the extent it asks Codon to re-produce to febit holding documents that febit holding provided or produced to Codon.

Subject to its general and specific objections, Codon will produce responsive, non-privileged documents.

4

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_Jack B. Blumenfeld (#1014)_
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
*Attorneys for Defendant*
  *Codon Devices, Inc.*

*Of Counsel*:

Edward R. Reines
Nicholas A. Brown
Rip J. Finst
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

July 10, 2008

5

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that true and correct copies of the foregoing were caused to be served on July 10, 2008 upon the following individuals in the manner indicated:

**BY ELECTRONIC MAIL
and HAND DELIVERY**

Mary Matterer, Esquire
MORRIS JAMES LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801

**BY ELECTRONIC
and FIRST CLASS MAIL**

Mark Fox Evens, Esquire
Edward J. Kessler, Esquire
W. Blake Coblentz, Esquire
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1100 New York Avenue, NW
Washington, DC 20005-3934

Jack B. Blumenfeld (#1014)

# EXHIBIT NN



US006586211B1

(12) **United States Patent**
    Stähler et al.

(10) Patent No.: **US 6,586,211 B1**
(45) Date of Patent: **Jul. 1, 2003**

(54) **METHOD FOR PRODUCING POLYMERS**

(75) Inventors: **Peer F. Stähler**, Mannheim (DE); **Cord F. Stähler**, Weinheim (DE); **Manfred Müller**, Schriesheim (DE)

(73) Assignee: **Febit Ferrarius Biotechnology GmbH** (DE)

(*) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: 09/869,332

(22) PCT Filed: Feb. 18, 2000

(86) PCT No.: PCT/EP00/01356
    § 371 (c)(1),
    (2), (4) Date: Aug. 26, 2001

(87) PCT Pub. No.: WO00/49142
    PCT Pub. Date: Aug. 24, 2000

(30)         **Foreign Application Priority Data**

Feb. 19, 1999  (DE)  ................................... 199 07 080
Jun. 24, 1999  (DE)  ................................... 199 28 843
Aug. 27, 1999  (DE)  ................................... 199 40 752
Aug. 27, 1999  (WO)  ............... PCT/EP99/06316
Nov. 26, 1999  (DE)  ................................... 199 57 116

(51) Int. Cl.⁷ ............... C12P 19/34; C12Q 1/68; C07H 21/02; C07H 21/04; G06F 19/00

(52) U.S. Cl. ............. 435/91.1; 435/6; 536/23.1; 536/24.3; 702/19; 702/20

(58) Field of Search ............... 435/91.1, 6; 536/23.1, 536/24.3, 702/19, 702/20

(56)              **References Cited**

              U.S. PATENT DOCUMENTS

5,510,270 A    * 4/1996  Fodor et al. ................. 436/518
6,031,643 A    * 2/2000  Trainai et al. ............... 356/28.6
6,235,483 B1   * 5/2001  Shoel et al. ................. 435/6.1

              FOREIGN PATENT DOCUMENTS

EP    0022242    1/1981
EP    0130902    1/1985

EP    0316018    5/1989
EP    0385410    5/1990
WO    WO 90/10625    1/1990
WO    WO 94/12632    6/1994
WO    WO 95/17413    6/1995
WO    WO 99/14318    3/1999
WO    WO 00/13017    3/2000

              OTHER PUBLICATIONS

Stemmer W.P.C. et al., "Single–step assembly of a gene and entire plasmid from large numbers of oligodeoxyribonucleotides", Gene, vol. 164, pp. 49–53 (1995).

S. Rayner et al., "MerMade: An oligodeoxyribonucleotide synthesizer for high throughput oligonucleotide production in dual 96–well plate" PCR Methods and Applications, US, Cold Spring Harbor, NY vol. 8, No. 7 Jul. 1, 1998 pp. 741–747.

L.E. Sindelar and J.M. Jaklevic; High–throughput DNA synthesis in a multichannel format Nucleic Acids Research, GB; Oxford University Press, Surrey, vol. 23, No. 6, Jan. 1, 1995, pp. 982–987.

Lashkari D A; et al.: "An Automated Multiplex Oligonucleotide Synthesizer: Development of High–Throughput, Low–Cost DNA Synthesis" Proceedings of the National Academy of Sciences of USA, US, National Academy of Science, Washington, vol. 92, No. 17, Aug. 15, 1995 pp. 7912–7915.

* cited by examiner

Primary Examiner—Kenneth R. Horlick
Assistant Examiner—Teresa Strzelecka
(74) Attorney, Agent, or Firm—Rothwell, Figg, Ernst & Manbeck, PC

(57)              **ABSTRACT**

The invention relates to a method for producing polymers, in particular synthetic nucleic–acid double strands of optional sequence, comprising the steps:

(a) provision of a support having a surface area which contains a plurality of individual reaction areas,

(b) location–resolved synthesis of nucleic acid fragments having in each case different base sequences in several of the individual reaction areas, and

(c) detachment of the nucleic acid fragments from individual reaction areas.

**26 Claims, 7 Drawing Sheets**

FEBO 001520



## THE UNITED STATES OF AMERICA

### TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

July 02, 2008

THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE
ASSIGNMENT RECORDS OF ALL DOCUMENTS FOUND OF RECORD AS
OF THE DATE OF THIS CERTIFICATION FOR:

APPLICATION NUMBER: *09/869,332*
FILING DATE: *July 26, 2001*
PATENT NUMBER: *6,586,211*
ISSUE DATE: *July 01, 2003*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

T. LAWRENCE
Certifying Officer

# Patent Assignment Abstract of Title

**Total Assignments:** 7

**Application #:** 09869332   **Filing Dt:** 07/26/2001   **Patent #:** 6586211   **Issue Dt:** 07/01/2003

**PCT #:** NONE   **Publication #:** NONE   **Pub Dt:**

**Inventors:** Peer F. Stahler, Cord F. Stahler, Manfred Muller

**Title:** METHOD FOR PRODUCING POLYMERS

## Assignment: 1

**Reel/Frame:** 012063 / 0128   **Received:** 08/16/2001   **Recorded:** 07/26/2001   **Mailed:** 10/16/2001   **Pages:** 2

**Conveyance:** ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).

**Assignors:** STAHLER, PEER F.   **Exec Dt:** 05/28/2001

STAHLER, CORD F.   **Exec Dt:** 05/28/2001

MULLER, MANFRED   **Exec Dt:** 06/13/2001

**Assignee:** FEBIT FERRARIUS BIOTECHNOLOGY GMBH
KAFERTALERSTRASSE 190
68167 MANNHEIM, GERMANY

**Correspondent:** ARENT FOX KINTNER PLOTKIN & KAHN PLLC
ROBERT B. MURRAY
1050 CONNECTICUT AVENUE, N.W., SUITE 400
WASHINGTON, D.C. 20036-5339

## Assignment: 2

**Reel/Frame:** 019580 / 0860   **Received:** 07/20/2007   **Recorded:** 07/20/2007   **Mailed:** 07/23/2007   **Pages:** 3

**Conveyance:** CHANGE OF NAME (SEE DOCUMENT FOR DETAILS).

**Assignor:** FEBIT FERRARIUS BIOTECHNOLOGY GMBH   **Exec Dt:** 07/01/2004

**Assignee:** FEBIT AG
IM NEUENHEIMER FELD 519
69120 HEIDELBERG, GERMANY

**Correspondent:** ROTHWELL FIGG ERNST, ET AL.
1425 K ST., N.W.
SUITE 800
WASHINGTON, DC 20005

## Assignment: 3

**Reel/Frame:** 020690 / 0345   **Received:** 03/25/2008   **Recorded:** 03/25/2008   **Mailed:** 03/25/2008   **Pages:** 5

**Conveyance:** COURT APPOINTMENT OF TRUSTEE

**Assignor:** FEBIT AG   **Exec Dt:** 07/01/2004

**Assignee:** SEAGON, CHRISTOPHER, ESQ., MR.
BLUMENSTR. 17
HEIDELBERG, GERMANY 69115

**Correspondent:** ROTHWELL, FIGG, ERNST & MANBECK P.C.
1425 K STREET, NW
SUITE 800
WASHINGTON, DC 20005

## Assignment: 4

**Reel/Frame:** 020690 /   **Received:**   **Recorded:**   **Mailed:**   **Pages:**

FEBO 001522

0353     03/25/2008          03/25/2008          03/25/2008          34

**Conveyance:** ASSETS PURCHASE
**Assignor:** SEAGON, CHRISTOPHER, ESQ., MR.          **Exec Dt:** 09/24/2004
**Assignee:** TECHNOSTART CONSULTING FIRM FOR INVESTMENT FUNDS MBH
MARTIN-LUTHER-STRASSE 57
LUDWIGSBURG, GERMANY 71636
**Correspondent:** ROTHWELL, FIGG, ERNST & MANBECK P.C.
1425 K STREET, N.W
SUITE 800
WASHINGTON, DC 20005

**Assignment: 5**

| Reel/Frame: | Received: | Recorded: | Mailed: | Pages: |
|---|---|---|---|---|
| 020690 / 0393 | 03/25/2008 | 03/25/2008 | 03/25/2008 | 29 |

**Conveyance:** ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).
**Assignor:** TECHNOSTART CONSULTING FIRM FOR INVESTMENT     **Exec Dt:** 04/18/2005
FUNDS MBH
**Assignee:** NECKARBURG 66, V V GMBH
IM NEUENHEIMER FELD 515
HEIDELBERG, GERMANY 69120
**Correspondent:** ROTHWELL, FIGG, ERNST & MANBECK P.C.
1425 K STREET, NW
SUITE 800
WASHINGTON, DC 20005

**Assignment: 6**

| Reel/Frame: | Received: | Recorded: | Mailed: | Pages: |
|---|---|---|---|---|
| 020690 / 0442 | 03/25/2008 | 03/25/2008 | 03/25/2008 | 11 |

**Conveyance:** CHANGE OF NAME (SEE DOCUMENT FOR DETAILS).
**Assignor:** NECKARBURG 66, V V GMBH          **Exec Dt:** 04/18/2005
**Assignee:** FEBIT BIOTECH GMBH
IM NEUENHEIMER FELD 515
HEIDELBERG, GERMANY 69120
**Correspondent:** ROTHWELL, FIGG, ERNST & MANBECK P.C.
1425 K STREET, NW
SUITE 800
WASHINGTON, DC 20005

**Assignment: 7**

| Reel/Frame: | Received: | Recorded: | Mailed: | Pages: |
|---|---|---|---|---|
| 020690 / 0429 | 03/25/2008 | 03/25/2008 | 03/25/2008 | 8 |

**Conveyance:** CHANGE OF NAME (SEE DOCUMENT FOR DETAILS).
**Assignor:** FEBIT BIOTECH GMBH          **Exec Dt:** 08/06/2007
**Assignee:** FEBIT HOLDING GMBH
IM NEUENHEIMER FELD 515
HEIDELBERG, GERMANY 69120
**Correspondent:** ROTHWELL, FIGG, ERNST & MANBECK P.C.
1425 K STREET, NW
SUITE 800
WASHINGTON, DC 20005

FEBO 001523

Search Results as of: 07/01/2008 07:03 AM

If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350.
Web Interface last modified: February 22, 2007 v.2.0

FEBO 001524



A 7135171

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

June 27, 2008

THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE
RECORDS OF THIS OFFICE OF A DOCUMENT RECORDED ON
JULY 26, 2001.

By Authority of the

Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office



N. WILLIAMS
Certifying Officer

FEBO 001525

A/D 581.40

09/869332

JC17 Rec'd PCT/PTO  26 JUL 2001

Form PTO-1595
RECORDATION FORM COVER

08-16-2001

726 ∈

||||||||||||||||||||||||
101813262

U.S. Department of Commerce
stents & Trademark Office

Itorney Docket No. 100564-00069
ate: July 26, 2001

To the Assistant Commissioner of Patents
Please record the attached original documents or copy thereof

| 1. Name of conveying party(ies) | 2. Name and address of receiving party(ies): |
|---|---|
| Peer F. STÄHLER, Cord F. STÄHLER, Manfred MÜLLER<br><br>Additional name(s) of conveying party(ies) attached?<br>☐ Yes  ☒ No | Name: FeBIT Ferrarius Biotechnology GmbH<br><br>Address: Käfertalerstraße 190<br>68167 Mannheim, Germany<br><br>Additional name(s) & address(es) attached?<br>☐ Yes  ☒ No |

3. Nature of conveyance:

☒ Assignment          ☐ Merger
☐ Security Agreement  ☐ Change of Name
☐ Other

Execution Date: May 28, 2001, May 28, 2001 and June 13, 2001

4. Application number(s) or patent number(s): _____
   If this document is being filed together with a new application, the execution date of the application is: May 28, 2001, May 28, 2001 and June 13, 2001

A. Patent Application No.(s)                    B. Patent No.(s)

Additional numbers attached? ☐ Yes  ☒ No

| 5. Name and address of party to whom correspondence concerning document should be mailed: | 6. Total number of applications and patents involved: One |
|---|---|
| Name: Arent Fox Kintner Plotkin & Kahn PLLC<br>Street Address: 1050 Connecticut Avenue, N.W., Suite 400<br>Washington, D.C. 20036-5339 | 7. Total fee (37 CFR 3.41)............. $ 40.00<br>☒ Included in attached check.<br>☐ Any additional fees are authorized to be charged to deposit account |
| 07/31/2001 NNGUYEN  00000014 09869332<br>03 FC:581                40.00 OP | 8. Deposit account number: 01-2300<br>(Attach duplicate copy of this page if paying by deposit account) |

DO NOT USE THIS SPACE

9. Statement and signature.
To the best of my knowledge and belief, the foregoing information is true and correct and any attached copy is a true copy of the original document.

Robert B. Murray                                          July 26, 2001

Name of Person Signing                Signature               Date
Reg. No. 22,980

Total number of pages including cover sheet, attachments, and document: 2

PATENT
REEL: 012063 FRAME: 0128

FEBO 001526

21118P US-WO

ARENT FOX KINTNER PLOTKIN & KAHN PLLC

Docket No. _____

# U.S. ASSIGNMENT

IN CONSIDERATION of the sum of One Dollar ($1.00), and of other good and valuable consideration paid to the undersigned inventor(s) (hereinafter ASSIGNOR) by

[Insert ASSIGNEE's Name(s) Address(es)]

FeBiT Ferrarius Biotechnology GmbH

~~Gieselweg 15~~    Siegfriedstr.    Käferlohstr. 190    C. r. a.
~~69469 Weinheim~~                   68167 Mannheim     28/5/01

(hereinafter ASSIGNEE), the receipt of which is hereby acknowledged, the undersigned ASSIGNOR hereby sells, assigns and transfers to ASSIGNEE the entire and exclusive right, title and interest to the invention entitled

[Title of Invention]

_____

_____

for which application for Letters Patent of the United States was executed on even date herewith unless otherwise indicated below:

[*If the assignment is being filed after the filing of the application, this section must be completed]

*filed on _____, Serial No. _____

(Arent Fox Kintner Plotkin & Kahn is hereby authorized to insert the series code, serial number and/or filing date hereon, when known)

and all Letters Patent of the United States to be obtained therefor on said application or any continuation, division, renewal, substitute, reissue or reexamination thereof for the full term or terms for which the same may be granted.

The ASSIGNOR agrees to execute all papers necessary in connection with application and any continuing, divisional, reissue or reexamination applications thereof and also to execute separate assignments in connection with such applications as the ASSIGNEE may deem necessary or expedient.

The ASSIGNOR agrees to execute all papers necessary in connection with any interference, litigation, or other legal proceeding which may be declared concerning this application or any continuation, division, reissue or reexamination thereof or Letters Patent or reissue patent issued thereon and to cooperate with the ASSIGNEE in every way possible in obtaining and producing evidence and proceeding with such interference, litigation, or other legal proceeding.

IN WITNESS WHEREOF, the undersigned inventor(s) has (have) affixed his/her/their signature(s).

[Signature(s) of Assignor(s)]

X _____     STÄHLER Peer F.     X 28/5/01
      (SIGNATURE)                  (TYPE NAME)          (DATE)
X _____     STÄHLER Cord F.     X 28/05/01
      (SIGNATURE)                  (TYPE NAME)          (DATE)
X _____     MÜLLER Manfred      X 13/06/01
      (SIGNATURE)                  (TYPE NAME)          (DATE)

_____     _____     _____
      (SIGNATURE)                  (TYPE NAME)          (DATE)

NO LEGALIZATION REQUIRED

RECORDED: 07/26/2001

PATENT
REEL: 012063 FRAME: 0129

FEBO 001527



# THE UNITED STATES OF AMERICA

### TO ALL TO WHOM THESE PRESENTS SHALL COME;

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

June 27, 2008

THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE RECORDS OF THIS OFFICE OF A DOCUMENT RECORDED ON JULY 20, 2007.

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

N. WILLIAMS
Certifying Officer

07/20/2007 13:17 FAX 202 783 6031    ROTHWELL, FIGG, ERNST&MANB    ☑002

Form PTO-1595 (Rev. 06/04)

U.S. DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

## RECORDATION FORM COVER SHEET
## PATENTS ONLY

To the Director of the U.S. Patent and Trademark Office. Please record the attached documents or the address(es) below.

| 1. Name of conveying party(ies)/Execution Date(s): | 2. Name and address of receiving party(ies): |
|---|---|
| FeBit Ferrarius Biotechnology GmbH<br><br>Execution Date(s): July 1, 2004<br>Additional name(s) of conveying party(ies) attached?<br>attached?  ☐ Yes  ☒ No | NAME: febit AG<br><br>ADDRESS: Im Neuenheimer Feld 519<br>69120 Heidelberg, Germany |

**3. Name of Conveyance:**

☐ Assignment        ☐ Merger
☐ Security Agreement     ☒ Change of Name
☐ Government Interest Assignment
☐ Executive Order 9424, Confirmatory License
☐ Other

Additional name(s) & addresses(es) attached?
☐ Yes  ☒ No

**4. Application number(s) or patent number(s):**    ☐ This document is being filed together with a new application.

A. Patent Application No.(s)      B. Patent No.(s)

1. 09/763,607              6,588,211

2. 10/455,369

Additional numbers attached?  ☐ Yes  ☒ No

| 5. Name and address of party to whom correspondence concerning document should be mailed: | 6. Total number of applications and patents involved: ___3___ |
|---|---|
| Name:<br>Address:  Rothwell, Figg, Ernst & Manbeck<br>Suite 800<br>Street Address: 1425 K St., N.W.<br>City:  Washington,<br>State:  D.C.          Zip: 20005<br>Telephone No.: 202/783-6040<br>Facsimile No.: 202/783-6031<br>Email Address:<br>Attorney Docket No. :  2923-000 | 7. Total fee (37 CFR 3.41): . . . . $ ___120___<br>☐ Enclosed<br>☒ Authorized to be charged to deposit account<br>☐ None required (government interest not affecting title)<br><br>8. Deposit account number:  02-2135<br><br>Authorized User Name  Robert B. Murray |

**DO NOT USE THIS SPACE**

9. Signature.

_[signature]_                July 20, 2007
Robert B. Murray    Signature         Date
Name of Person Signing      Total number of pages including cover sheet, attachments and documents: ___3___

700334535

**PATENT
REEL: 019580 FRAME: 0860**

FEBO 001529

07/20/2007 13:17 FAX 202 783 8031    ROTHWELL, FIGG, ERNST&MANB    Ø003

Translated from the German – ATTORNEY WORK PRODUCT
Ruth Boggs Translation, tel: 703.378.9205, fax: 703.378.1624, email: RBTR@aol.com

[Illegible]

**Item 1**

### Commercial Register – Dept. B – of the Amtsgericht [Municipal Court] Mannheim    Page 1    Book 8959

| No. of Entry | Company Seat Business | Capital Stock | Board General Partners Managers Liquidators | Full Power of Attorney | Legal Relationships | a) Date of Entry and Signature b) Remarks |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 1 | a) Isla AG b) Mannheim c) d) Mannheim d) The development, production and sale of apparatuses, mechanical and chemical reagents, reagent carriers and electronic data processing programs and other auxiliaries for the processing and evaluation of chemical and biological information. Any related trade work will be executed by authorized and skilled experts. | 168,840.00 Euro | Cord Friedrich STAHLER, date of birth: 24 Feb 1960, Mannheim – Chairman of the Board – Peer Friedrich STAHLER, date of birth: 14 Feb 1972, Mannheim Manfred MÜLLER, date of birth: 14 Jan 1959, Schriesheim | | Stock Corporation Due to form-changing conversion of the corporation with limited liability under the company "NEFF Farmula Biotechnology GmbH" with seat in Mannheim (Amtsgericht [Municipal Court] Mannheim, Commercial Register Book 8270) pursuant to §§ 190 ff Conversion Law. Statutes dated 04 May 2001. If the board has only one member, said member will be the sole representation for the corporation. If more than one member has been appointed to the board, the corporation will be represented by two board members or by a board member and an employee having full power of attorney. Authority for sole representation may be issued. The board member Cord Friedrich Stähler is at all times authorized as sole representative. | a) 11 Oct. 2001 [Signed] b) Statutes Volume 1 Page 75 – 83 |

07/20/2007 13:18 FAX 202 783 6031     ROTHWELL, FIGG, ERNST&MANB     @004

HRB 8959

Handelsregister – Abt. B – des Amtsgerichts KARLSRUHE

1 6. Juli 2002

PATENT
REEL: 019580 FRAME: 0862

FEBO 001531



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME;

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

June 27, 2008

THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE
RECORDS OF THIS OFFICE OF A DOCUMENT RECORDED ON
MARCH 25, 2008.

By Authority of the

Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

N. WILLIAMS

Certifying Officer

## PATENT ASSIGNMENT

Electronic Version v1.1
Stylesheet Version v1.1

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | COURT APPOINTMENT OF TRUSTEE |

**CONVEYING PARTY DATA**

| Name | | Execution Date |
|---|---|---|
| febit AG | | 07/01/2004 |

**RECEIVING PARTY DATA**

| Name: | Mr. Christopher Seagon Esq. |
|---|---|
| Street Address: | Blumenstr. 17 |
| City: | Heidelberg |
| State/Country: | GERMANY |
| Postal Code: | 69115 |

**PROPERTY NUMBERS Total: 3**

| Property Type | Number |
|---|---|
| Patent Number: | 6586211 |
| Application Number: | 10455369 |
| Application Number: | 11785505 |

**CORRESPONDENCE DATA**

Fax Number:      (202)783-6031
*Correspondence will be sent via US Mail when the fax attempt is unsuccessful.*
Phone:           (202) 783-6040
Email:           bpeterson@rfem.com
Correspondent Name:   Rothwell, Figg, Ernst & Manbeck p.c.
Address Line 1:  1425 K Street, NW
Address Line 2:  Suite 800
Address Line 4:  Washington, DISTRICT OF COLUMBIA 20005

| ATTORNEY DOCKET NUMBER: | 2923-121, 538, 820 |
|---|---|
| NAME OF SUBMITTER: | Jeffrey L. Ihnen |

Total Attachments: 3
source=Ruling#page1.tif

500495342

**PATENT
REEL: 020690 FRAME: 0345**

FEBO 001533

source=Ruling#page2.tif
source=Ruling#page3.tif

PATENT
REEL: 020690 FRAME: 0346

FEBO 001534

EXECUTED COPY

< shield >

**District Court of Mannheim**

**Ruling**

I.   Insolvency proceedings have been issued over the assets of

febit AG, represented by the director Peter Kuhl,
Käfertaler Str. 190, 68167 Mannheim,

as a result of insolvency and over-indebtedness, on 01/07/2004 at 10 am.

The nominated insolvency administrator is:

Mr Christopher Seagon, lawyer (Rechtsanwalt)
Blumenstr. 17, 69115 Heidelberg, Tel: 06221 91180

II.  Claims of the insolvency creditors are to be registered with the insolvency
administrator by 04/08/2004 in accordance with § 174 of the Insolvency Directive
(InsO).

The creditors are required to immediately inform the insolvency administrator of any
security interests they may claim in movable items or in the rights of the debtor. The
object in which the security interest is asserted, the type and the reasons for the
existence of the security interest, as well as the secured demand, are to be specified. If
this notice is culpably neglected or delayed, the person responsible shall be liable for
any damages which may arise therefrom. (§§ 28 of the Insolvency Directive [InsO])

Those who have obligations to the debtor are no longer required to render to the
debtor, but rather exclusively to the insolvency administrator.

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0347

FEBO 001535

The appointment for the creditors' meeting, in which the procedure of the proceedings will be determined on the basis of a report from the insolvency administrator (reporting date), is on

### Monday, the 16/08/2004, 2pm

in the building of the District Court of Mannheim, 68159 Mannheim, castle, west wing, first floor / room 232.

The meeting shall simultaneously facilitate the adoption of the resolution of the creditors in relation to:

- The character of the insolvency administrator
- The committee of creditors
- Where necessary, the payment of maintenance from the insolvency assets (§§ 100, 101 of the Insolvency Directive [InsO]) and the items specified in §§ 66, 79, 149, 159 to 163(2), 271 and 272 of the Insolvency Directive [InsO],

and, in certain circumstances, a hearing with regard to the dismissal of proceedings due to a lack of assets (§ 207 of the Insolvency Directive [InsO]).

The appointment for examination of the registered claims is on

### Monday, the 20/09/2004, 850am

in the building of the District Court of Mannheim, 68159 Mannheim, castle, west wing, first floor / room 232.

Mannheim, the 01/07/2004

re no. I                                         re no. II

Schnepf
Vice President of the District Court          Bttner
                                              Registrar          ATTORNEY'S EYES ONLY

< illegible stamp >

Total pages 02

**PATENT**
REEL: 020690 FRAME: 0348

FEBO 001536

I certify
correctness and completeness of the translation
from German into English language

Braeunrode,    1 2 SEP. 2007

Oksana Peters



ATTORNEY'S EYES ONLY

RECORDED: 03/25/2008

**PATENT**
**REEL: 020690 FRAME: 0349**

FEBO 001537



A 7135171

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

June 30, 2008

THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE
RECORDS OF THIS OFFICE OF A DOCUMENT RECORDED ON
March 25, 2008.

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

*L. Edelen*

L. EDELEN
Certifying Officer



FEBO 001538

# PATENT ASSIGNMENT

Electronic Version v1.1
Stylesheet Version v1.1

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSETS PURCHASE |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| Mr. Christopher Seagon Esq. | 09/24/2004 |

**RECEIVING PARTY DATA**

| | |
|---|---|
| Name: | TechnoStart Consulting Firm for Investment Funds mbH |
| Street Address: | Martin-Luther-Strasse 57 |
| City: | Ludwigsburg |
| State/Country: | GERMANY |
| Postal Code: | 71636 |

**PROPERTY NUMBERS Total: 3**

| Property Type | Number |
|---|---|
| Patent Number: | 6586211 |
| Application Number: | 10455369 |
| Application Number: | 11785505 |

**CORRESPONDENCE DATA**

Fax Number:          (202)783-6031
*Correspondence will be sent via US Mail when the fax attempt is unsuccessful.*
Phone:               (202) 783-6040
Email:               bpeterson@rfem.com
Correspondent Name:  Rothwell, Figg, Ernst & Manbeck p.c.
Address Line 1:      1425 K Street, N.W
Address Line 2:      Suite 800
Address Line 4:      Washington, DISTRICT OF COLUMBIA 20005

| ATTORNEY DOCKET NUMBER: | 2923-121, 539, 820 |
|---|---|
| NAME OF SUBMITTER: | Jeffrey L. Ihnen |

Total Attachments: 32
source=TechnoStart#page1.tif

500495353

PATENT
REEL: 020690 FRAME: 0363

CH 5120L00  6586211

FEBO 001539

source=TechnoStart#page2.tif
source=TechnoStart#page3.tif
source=TechnoStart#page4.tif
source=TechnoStart#page5.tif
source=TechnoStart#page6.tif
source=TechnoStart#page7.tif
source=TechnoStart#page8.tif
source=TechnoStart#page9.tif
source=TechnoStart#page10.tif
source=TechnoStart#page11.tif
source=TechnoStart#page12.tif
source=TechnoStart#page13.tif
source=TechnoStart#page14.tif
source=TechnoStart#page15.tif
source=TechnoStart#page16.tif
source=TechnoStart#page17.tif
source=TechnoStart#page18.tif
source=TechnoStart#page19.tif
source=TechnoStart#page20.tif
source=TechnoStart#page21.tif
source=TechnoStart#page22.tif
source=TechnoStart#page23.tif
source=TechnoStart#page24.tif
source=TechnoStart#page25.tif
source=TechnoStart#page26.tif
source=TechnoStart#page27.tif
source=TechnoStart#page28.tif
source=TechnoStart#page29.tif
source=TechnoStart#page30.tif
source=TechnoStart#page31.tif
source=TechnoStart#page32.tif

PATENT
REEL: 020690 FRAME: 0354

FEBO 001540

< logo >
TechnoStart

Consulting Firm for
Investment Funds mbH

Martin-Luther-Strasse 57
D-71638 Ludwigsburg
Tel: +49 (0)7141 97159 0
Fax: +49 (0)7141 97159 10
office@technostart.com

TechnoStart GmbH | Martin-Luther-Strasse 57 | 71636 Ludwigsburg

Wellensiek Grub & Partner
Att. Mr Seagon
Blumenstrasse 17

69115 Heidelberg

Re: Insolvency proceedings over the assets of f/t/it AG                    17/12/04
Purchase contract regarding assets of September 24, 2004

Dear Mr Seagon,

In the matter described above, I refer to § 7 of the purchase contract.

I hereby declare that TechnoStart Consulting Firm for Investment Funds mbH exercises the
purchase option, that is, we accept the offer to purchase the patents and patent registrations
listed in Appendix 4 of the said purchase contract.

As, according to § 7 section 1 of the purchase contract, the purchase option is limited in time
to December 19, 2004, we reserve up until this date the right to withdraw the above
acceptance, should the financing not be raised by this date.

This notice

Yours sincerely,

< signature >

Michael Mayer
Chief Executive Officer

< various signed initials >

Ludwigsburg | Register Court
Ludwigsburg | HRB 5347

Chief Executive Officer: Michael Mayer

Member of the EVCA European
Venture Capital Association

Member of the BVK (German Private
Equity and Venture Capital Association e.V.)

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0355

FEBO 001541

certify
correctness and completeness of the translation
from German into English language

Braeunrode,    1 2. SEP. 2007.

Oksana Peters



ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0356

FEBO 001542

WELLENSIEK, GRUB & PARTNER
LAWYERS

Wellensiek Grub & Partner · PO Box 108180 · Heidelberg

Certified Mail/Delivery Receipt                    < Stamp: received 19 Jan 2005 >
TechnoStart Consulting Firm
For Investment Funds mbH                            < list of Wellensiek Grub Partners and Branches >
Ms Ulrike Schlotzhauer
Martin-Luther-Strasse 57

71636 Ludwigsburg
Heidelberg, the 17/01/2005
Abwesend

Secretary:     Ms Kopstura
Tel:           06221 / 9118-35
Fax:           06221 / 9118-66
Email:         carolin.koystura@wellensiek-grub.de

Re: Insolvency proceedings over the assets of febit ag, Käfertaler Strasse 190, 68167
Mannheim
Here: Acquisition of the patents

Dear Ms Schlotzhauer,

Following the timely exercise of the option by your company, and the receipt of the purchase
price into our trust account in the meantime, I am sending you an original document regarding
the Ozenynthi patent rights.

It would be my pleasure to help you if you have any further questions.

Yours sincerely,

for Seagon
Lawyer
in his capacity as insolvency administrator

< signature >

Rohbeck
Lawyer

                                                   < various signed initials >

68723 Heidelberg · Branch/branches list lines · VAT ID etc DE142283519

ATTORNEY'S EYES ONLY

**PATENT**
**REEL: 020690 FRAME: 0367**

FEBO 001543



REDACTED

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0358

FEBO 001544

I certify correctness and completeness of the translation from German into English language

Braeunrode,    1 2. SEP. 2007

Oksana Peter

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0359

FEBO 001545

I

<div align="right">Appendix A<br>to the sales contract</div>

Contract

between

Mr Christopher Seagon,
of the business address Blumenstrasse 17, 69115 Heidelberg,
in his capacity as insolvency administrator

- hereafter referred to as "insolvency administrator" or "vendor" -

with regard to the assets of febit ag,
Käfertaler Str. 190, 68167 Mannheim,
entered in the commercial register of the District Court of Mannheim under HRB 8959

- hereafter referred to as "febit ag" -

and

TechnoStart Consulting Firm for Investment Funds mbh,
Martin-Luther-Str. 57, 71636 Ludwigsburg

entered in the commercial register of the District Court of Ludwigsburg under HRB 5347

- hereafter referred to as the "purchaser" -

< various signed initials >

ATTORNEY'S EYES ONLY

<div align="right"><strong>PATENT</strong><br>REEL: 020690 FRAME: 0360</div>

FEBO 001546

2

**REDACTED**

### Preliminary Remarks

Insolvency proceedings have been initiated with regard to the assets of febit ag with the decision of the District Court of Mannheim, file no: IN 252/04 of the 01/07/2004.

In these insolvency proceedings, the vendor has been appointed as the insolvency administrator. The purchaser proposes to acquire part of the assets in the ownership of febit ag.

In detail, the following applies:

### § 1
### Purchase of Assets

The vendor, in accordance with the contractual conditions outlined below, sells to the undertaking purchaser, insofar as they are in the ownership of febit AG, the following assets:

(1) The movable assets (machines, machinery, tools, operating and business equipment, low-value assets etc.), insofar as these are listed in Appendix 1.

(2) Patents, brands, utility models, name rights, other intellectual property rights and registrations in relation to these, insofar as they are contained within Appendix 2. An asset guarantee or warranty cannot be provided in relation to the validity or freedom of these protective rights against objections or actions of nullity. Any acquired documentation and documents which relate to the protective rights, knowhow or procedures listed in Appendix 2, are sold concomitantly.

(3) All inventory assets in the ownership of febit ag, in particular raw materials, operating and auxiliary supplies, replacement parts and half-finished and finished products. The purchaser has been informed with regard to the existing inventory items, and waives her right to an express inventory of the same.

### § 2
### Purchase Price

(1) The purchase price for the items sold in accordance with § 1

* pursuant to Appendix 1 (items of movable asset capital) amounts to

< various signed initials >

ATTORNEY'S EYES ONLY

**PATENT
REEL: 020690 FRAME: 0361**

FEBO 001547

3



- pursuant to Appendix 2 (intangible assets) amounts to
- of the inventory assets in accordance with § 1(3) of this contract amounts to

The net total purchase price therefore amounts to

Compulsory value added tax is due on the net total purchase price (currently 16 %). The gross total purchase price payable by the purchaser is therefore

(2) The purchaser has deposited a partial payment of in the trust account of lawyer Henrik Schmoll (trustee) by way of security, to which the trust deed of 16/09/2004, attached as Appendix 3, applies. The residual purchase price is also to be paid into the account of the trustee, specified in the trust deed attached as Appendix 3, within five working days of the signing of this contract.

(3) The total purchase price is payable five days after the signing of this contract. The parties are in agreement that the payment of the amounts to be forwarded by the trustee are to be carried out in accordance with the conditions contained within the trust deed attached as Appendix 3. The payments made by the trustee in accordance with the conditions of the trust deed occur in fulfilment of the payment obligations of the purchaser to the vendor arising out of this contract.

§ 3
Purchase Price Security

By way of securing all claims of the vendor arising out of this contract, ownership of the purchase items remains reserved until complete, unconditional and undisputed payment of the abovementioned purchase price, and waiver of any refund and/or eviction obligation, in accordance with the following § 4(4) (retention of title through transfer of ownership subject to condition precedent). The assignment of the rights sold to the purchaser is equally subject to the condition precedent of the full payment of the purchase price.

< various signed initials >

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0362

FEBO 001548

4

## § 4
### Ownership, Possession, Transfer, Assignment
### and Commercial Delimitation

(1) The parties to the contract are in agreement that the items sold pursuant to § 1, and within this scope the ownership, possession and usage rights/usage potential in the assets described and sold pursuant to § 1 will only be conveyed to the purchaser after complete payment of the purchase price.

(2) The vendor will grant the purchaser immediate possession of the physical assets sold pursuant to § 1. Insofar as the immediate possession of the assets described are not conveyed from the vendor to the purchaser on the appointed transfer date, the vendor will hold possession as possessing agent for the purchaser (constitutive possession through gratuitous custody). Insofar as the assets described in more detail above are in the possession of a third party, the transfer is replaced by the assignment of the return claims of the vendor to the purchaser with effect on the appointed transfer date. All usages, liabilities, taxes and risks are transferred to the purchaser simultaneously with the transfer of immediate possession to, and/or the procuring of immediate possession by, the purchaser.

(3) The purchaser is entitled, but not obligated, to utilise the company febit ag entirely or partially, with or without additions and under the omission of titles, regardless of legal form. The vendor is obligated to assist in the necessary procedures. Any costs which may arise in relation to this are to be born by the purchaser.

(4) The purchaser undertakes to clear the business premises of febit ag, at Käfertaler Str. 190 in Mannheim, of all physical assets sold pursuant to § 1 by no later than Friday, the 29/10/2004, and thereby irrevocably indemnifies the insolvency administrator and the insolvency assets from all costs which may arise to the insolvency administrator or the remaining assets of the insolvency available for distribution through the failure of the physical assets sold pursuant to § 1 to be removed from the business premises of febit ag by this date.

(5) The vendor hereby assigns all rights sold to the purchaser, who accepts this assignment.

(6) The transfer/assignment of the assets pursuant to sections one to five is subject to the condition precedent of the complete payment of the purchase price in accordance with § 2.

< various signed initials >

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0363

FEBO 001549

5

## § 5
### Guarantee

(1) Guarantee claims of the purchaser arising in relation to all objects purchased by her pursuant to this contract are fully and completely excluded. This is equally valid for the rights sold. The sold items are conveyed as they stand and lie. The purchaser, who has been advised by a legal practitioner, has examined the object of the purchase and its existence and intrinsic value in detail, and is aware that the purchase concerns used assets and as such the risk of a defect, worsening and/or damage occuring to the assets is present at all times. The purchaser has been notified by the vendor that, especially following the initiation of insolvency proceedings in relation to the intangible assets, no duties whatsoever in relation to the maintenance of patents and patent registrations haven been paid by the insolvency administrator or a third party commissioned by him/her. The purchase price agreed to in this contract reflects these circumstances.

(2) Damage compensation claims of the purchaser as against the vendor as interim and/or final insolvency administrator personally, his/her representatives, advisors, employees and/or as against members of a committee of creditors and/or the insolvency assets are excluded, insofar as they do not relate to intent.

(3) The vendor offers no guarantee of the correctness and completeness of the appendices and lists attached to this contract. The purchaser has been granted the opportunity of complete inspection.

(4) The purchaser has no right to a claim of an offset of the purchase price. All guarantee claims of the purchaser, especially those relating to supplementary performance, abatement, rescission (revocation/cancellation of the contract), damage compensation of a similar type or other refund, are excluded.

## § 6
### Employment Relationships

(1) As the purchaser is only acquiring part of the assets in the ownership of fichit ag, the parties to the contract operate on the agreed assumption that a business transfer in the sense of § 613(a) of the German Civil Code (BGB) is not at hand.

(2) The purchaser, advised by legal practitioners, has, however, informed herself extensively in relation to the risks arising from a possible business transfer pursuant to § 613(a) of the German Civil Code (BGB), and has accepted these.

(3) The purchaser hereby irrevocably indemnifies the insolvency administrator and/or the insolvency assets from all financial risks associated with § 613 (a) of the German Civil Code (BGB).

< various signed initials >

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0364

FEBO 001550

6

## § 7
### Purchase Option

**REDACTED**

The vendor grants the purchaser the exclusive right to acquire the patents and patent registrations listed in Appendix 4, subject to the following conditions:

(1) The purchase option will expire on the 29/12/2004, and can be exercised by the purchaser only by a written declaration issued to the vendor, which must be received by the vendor no later than

**Friday, the 17/12/2004, 12pm**

Should the purchase option not be exercised by the purchaser on time, in the sense of the aforementioned conditions, it will expire without replacement.

(2) The purchase price for the patents and patent registrations listed in Appendix 4 is



plus the compulsory value added tax (currently 16%).

(3) Should the purchase option be exercised on time, in accordance with the aforementioned section (1), the purchase price is due to be paid into account number: at the Commerzbank AG, Heidelberg branch (bank code , no later than

**Friday, the 31/12/2004**

in accordance with section (2).

(4) The purchaser will be in default of payment if she does not make payment when it falls due. The legal regulations, which determine that the debtor (purchaser) will also fall into default 30 days after receiving an invoice, remain unaffected.

(5) Should the purchaser exercise the purchasing option on time, within the period described in section 1, paragraphs 3 to 6 of this contract will apply accordingly.

(6) The purchaser undertakes to maintain the intangible assets which are the object of the purchase option from the time of signing this contract onwards. She especially undertakes to ensure that the patent charges and other such duties which fall due are paid on time, and indemnifies the insolvency administrator and the insolvency assets from all claims, and especially but not exclusively for claims arising from the Employee Invention Code (Arbeitnehmererfindungsgesetz), which arise from the decline or expiry of the intangible assets forming the object of the purchase option.

< various signed initials >

ATTORNEY'S EYES ONLY

**PATENT**
**REEL: 020690 FRAME: 0365**

FEBO 001551

7

(7) Should the purchase option not be exercised by the purchaser, and the vendor assign the patents and patent registrations listed in Appendix 4 to a third party after the 29/12/2004, the vendor undertakes to reimburse the purchaser for all evidenced time and cost expenditure undertaken by her between the signing of this contract and the 29/12/2004 pursuant to section (6), in any case however limited to half of the net purchase price obtained by the insolvency administrator through the sale to the third party.

(8) Otherwise, the provisions of this purchase contract also apply in relation to the items of purchase subject to this option.

### § 8
### Obligation to Co-operate

(1) The parties to the contract agree that the purchaser has the right to prepare copies of documents which are related to the insolvency assets, but are however of import to the purchaser in connection to the purchase object pursuant to § 1, at own cost.

(2) The vendor will, upon the purchaser's request, surrender all declarations permissible under insolvency law, and provide all signatures, which are necessary and/or expedient for the formally valid conveyance of the assets pursuant to § 1, for an exercise of the purchase option pursuant to § 7 and for transcription. This is especially valid for the protective rights listed in § 1, including registrations which might possibly need to be undertaken or continued, and furthermore for declarations to be submitted in relation to employee inventions concerning the availment of inventions etc. The purchaser is to bear any costs which may arise in relation to this.

### § 9
### Costs, Concluding Provisions

(1) The fees, costs and expenses associated with this contract in relation to the transfer of assets (official registrations, transcriptions, certifications, assessor's fees etc.) are to be born by the purchaser. Apart from these, each party to the contract is to bear their own costs, taxes and consultation fees.

(2) The court of jurisdiction is Heidelberg.

(3) No verbal supplementary agreements concerning this contract are possible. Amendments and additions to this contract must be made in writing in order to be effective, insofar as notary form is not required to be observed. This is equally valid for additions to or the suspension of this written form clause. By virtue of this contract, declarations to be submitted are required to be made in writing in order to be effective (facsimile may also satisfy this condition).

< various signed initials >

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0366

8

(4) Should one provision of this agreement to invalid or ineffective, or the agreement not contain a condition which is intrinsically necessary, the validity of the remaining provisions of this agreement shall not be affected. In the place of the invalid or ineffective provision, or in order to remove a loophole in the provisions, the legally permissible provision which as far as is possible corresponds to the intentions of the parties, or to what would have been the intention of the parties according to the purpose and objective of this agreement had they recognised the invalidity or ineffectiveness of the relevant provision or loophole, is hereby and at this moment agreed to. This provision shall be deemed to have been agreed upon ab initio.

Heidelberg, the 24/09/2004                    Ludwigsburg, the 24/09/2004

< illegible signature >                        < illegible signature >
_____                        _____
        (Vendor)                                    (Purchaser)

**Assets Analysis:**

Appendix 1:   Movable assets

Appendix 2:   Protective rights of febit ag

Appendix 3:   Trust deed of 16/09/2004

Appendix 4:   Objects of the purchase option

                                        < various signed initials >

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0367

FEBO 001553

REDACTED

Appendix 1.

Movable Assets

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0368



REDACTED

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0369

FEBO 001555



REDACTED

ATTORNEY'S EYES ONLY

**PATENT**
REEL: 020690 FRAME: 0370

FEBO 001556



REDACTED

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0371

FEBO 001557



REDACTED

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0372



REDACTED

IT Equipment - Assorted

< Various Signed initials >

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0373

FEBO 001559

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0374

FEBO 001560



REDACTED

16

CAD System

Printers and Combined Fax Machines

Laptops

ATTORNEY'S EYES ONLY

FEBO 001561



ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0376



REDACTED

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0377

FEBO 001563

REDACTED

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0378

REDACTED

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0379

FEBO 001565

I                          **REDACTED**

Appendix 3

Trust Deed

between

1.  Mr Henrik Schmoll, Blumenstrasse 17, 69115 Heidelberg
Lawyer (Rechtsanwalt)

- hereafter referred to as the "Trustee" -

and

2. Technostart Consulting Firm for Investment Funds mbH, Martin-Luther-Strasse 57, 71636
Ludwigsburg, represented by CEO Mr Michael Mayer (Commercial Register of the District
Court of Ludwigsburg, HRB 5347)

- hereafter referred to as the "Settlor" -

Preamble

In relation to the assets of febit ag, Käfertaler Str. 190, 68167 Mannheim, entered into the
commercial register of the District Court of Mannheim (HRB no. 8959) (hereafter "febit ag"),
the ruling of the District Court of Mannheim – Insolvency Court – of 01/07/2004 cause the
initiation of insolvency proceedings, and the appointment of Mr Christopher Seagon, lawyer
(Rechtsanwalt), based at Blumenstr. 17, 69115 Heidelberg, as insolvency administrator. The
settlor proposes to acquire part of the assets of febit ag from Mr Seagon in his capacity as
insolvency administrator of the assets of febit ag on the basis of a special purchase contract.
The settlor proposes to pay to the febit ag a net purchase price for the acquiring of the assets,
which is to be at least

Given these circumstances, the parties agree to the following:

< various signed initials >

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0380

FEBO 001566

2

**REDACTED**

## § 1
### Trust Relationship

(1)   The trustee shall hold a trust account at the Commerzbank AG in Heidelberg (account bank code                  for amounts to be secured by him within the scope of this trust relationship (hereafter referred to as the "trust account").

(2)   The settlor will pay the sum of·
into the aforementioned trust account immediately after signing this agreement.·

(3)   The trustee is obligated to invest the sums existent in the account specified in § 1(1) securely in the interests of the beneficiary.

## § 2
### Payments to the Insolvency Administrator

(1)   Under the condition precedent of the insolvency administrator and the settlor signing the purchase contract at the latest three weeks subsequent to signing this trust deed, which is to be confirmed to the trustee through simple notification by the insolvency administrator, the trustee is authorized and obligated, and irrevocably so instructed by the settlor, to pay the purchase price into an account nominated by the insolvency administrator upon the first request of the insolvency administrator. The trustee is neither authorized nor obligated to examine the reasons for the payment request.

(2)   Any corresponding claims of the insolvency administrator in the sense of an actual contract for the benefit of third parties (§ 323 of the German Civil Code [BGB]) result from the abovementioned section (1).

< various signed initials >

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0381

FEBO 001567

3

REDACTED

(3)  Should the purchase contract specified in section (1) not be entered into by the insolvency administrator and the settlor by the 24/09/2004 at the latest following the signing of this trust deed, the trustee undertakes to transfer the purchase price to an account nominated by the settlor within ten days of a written demand from the settlor.

§ 3
Offset / Right of Retention

(1)  The trustee is not permitted to offset any claims which he may assert against the settlor, or a company associated with him, against the trust assets.

(2)  The trustee does not have a right of retention in relation to the trust assets on the basis of claims asserted by him against the settlor or a company associated with him.

§ 4
Assignment of Claims to Repayment

The settlor is entitled to assign his claim to repayment pursuant to the abovementioned § 2(3) to a third party.

§ 5
Reimbursement / Expenses

(1)  The trustee shall receive a lump-sum payment of              plus statutory value added tax, from the settlor for his activities. The remuneration is due upon the signing of this contract, and to be paid into the account stipulated in the trustee's invoice within a period of three weeks following the issues of invoice.

< various signed initials >

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0382

FEBO 001568

**REDACTED**

The trustee shall have any expenses incurred in relation to third parties which arise within the scope of his activities, and which are evidenced by him, reimbursed by the settlor up to a total amount of

### § 6
### Trustee's Liability / Confidentiality

(1) The trustee shall conduct his obligations undertaken within the scope of this trust agreement properly. The trustee shall, however, only be liable for any breach of his obligations in the case of intentional and grossly negligent breaches of obligation.

(2) The trustee shall treat the trust relationship and the content of this contract in a confidential manner, insofar as he is not obligated to disclosure by law. § 6(1) of this contract shall not be applicable to this section.

### § 7
### Termination

This trust deed shall terminate with the complete payment of the trust assets in accordance with § 2(1) and/or with the complete repayment of the trust assets by the trustee in accordance with § 2(3).

### § 8
### Miscellaneous

(1) All amendments to this contract, and the termination of this contract, are required to be in written form. This is also valid for the any waiver of the written form requirement. All declarations made to the trustee are also to be made in writing. The written form requirement shall be satisfied when the declaration is made by facsimile.

< various signed initials >

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0383

FEBO 001569

5

(2)  Should individual provisions or parts of this contract be invalid or ineffective, the validity of the remainder of the contract shall not be affected. The parties to the contract shall reach such agreements which best serve the commercial purpose of the invalid provisions, or are the closest to them, in the place of the invalid provision or part of the contract. This provision shall then be deemed to have been applicable ab initio.

Ludwigsburg, the 16/08/2004                    Heidelberg, the 16/09/04

< signature >                                  < signature >
(Settlor)                                      (Trustee)

< logo >     TechnoStart
             Consulting Firm
             for Investment Funds mbH

             Martin-Luther-Strasse 57
             71636 Ludwigsburg
             Tel: +49 7141 071 50-0
TechnoStart  Fax: +49 7141 071 5910

                                    < various signed initials >

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0384

FEBO 001570



**Appendix 4i Items of the Purchase Option**

REDACTED

| <Bundle> | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ISIN/WO04 | General | 2111E2 | US, AU, CA, JP, EP | PCTEP04/11156 | 13/02/2000 | 01/07/2003 | US 6 586 211 B1 | 24/08/2000 | WO 00/49143 A1 |

<RegsDate >

Including all current registrations and submissions associated with these registrations in all countries, insofar as not contributed here.

<various signed initials >

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0385

I certify
correctness and completeness of the translation
from German into English language

Braeunrode,    1 2 SEP. 2007

Oxana Peters



ATTORNEY'S EYES ONLY

RECORDED: 03/25/2008

PATENT
REEL: 020690 FRAME: 0386

FEBO 001572



# THE UNITED STATES OF AMERICA

### TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

June 30, 2008

THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE
RECORDS OF THIS OFFICE OF A DOCUMENT RECORDED ON
March 25, 2008.

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

*L. Edelen*

L. EDELEN
Certifying Officer



## PATENT ASSIGNMENT

Electronic Version v1.1
Stylesheet Version v1.1

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNMENT |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| TechnoStart Consulting Firm for Investment Funds mbH | 04/18/2005 |

**RECEIVING PARTY DATA**

| | |
|---|---|
| Name: | Neckarburg 66. V V GmbH |
| Street Address: | Im Neuenheimer Feld 515 |
| City: | Heidelberg |
| State/Country: | GERMANY |
| Postal Code: | 69120 |

**PROPERTY NUMBERS Total: 3**

| Property Type | Number |
|---|---|
| Patent Number: | 6586211 |
| Application Number: | 10455369 |
| Application Number: | 11785505 |

**CORRESPONDENCE DATA**

Fax Number:          (202)783-6031
*Correspondence will be sent via US Mail when the fax attempt is unsuccessful.*
Phone:               (202) 783-6040
Email:               bpeterson@rfem.com
Correspondent Name:  Rothwell, Figg, Ernst & Manbeck p.c.
Address Line 1:      1425 K Street, NW
Address Line 2:      Suite 800
Address Line 4:      Washington, DISTRICT OF COLUMBIA 20005

| ATTORNEY DOCKET NUMBER: | 2923-121, 538, 820 |
|---|---|
| NAME OF SUBMITTER: | Jeffrey L. Ihnen |

Total Attachments: 27
source=Contract#page1.tif

**500495357**

PATENT
REEL: 020690 FRAME: 0393

CH S120.00 536211

source=Contract#page2.tif
source=Contract#page3.tif
source=Contract#page4.tif
source=Contract#page5.tif
source=Contract#page6.tif
source=Contract#page7.tif
source=Contract#page8.tif
source=Contract#page9.tif
source=Contract#page10.tif
source=Contract#page11.tif
source=Contract#page12.tif
source=Contract#page13.tif
source=Contract#page14.tif
source=Contract#page15.tif
source=Contract#page16.tif
source=Contract#page17.tif
source=Contract#page18.tif
source=Contract#page19.tif
source=Contract#page20.tif
source=Contract#page21.tif
source=Contract#page22.tif
source=Contract#page23.tif
source=Contract#page24.tif
source=Contract#page25.tif
source=Contract#page26.tif
source=Contract#page27.tif

**PATENT**
**REEL: 020690 FRAME: 0394**

FEBO 001575

I

**Contract**

between

TechnoStart Consulting Firm for Investment Funds mbH,
Martin-Luther-Str. 57, 71636 Ludwigsburg

entered in the commercial register of the District Court of Ludwigsburg under HRB 5347

- hereafter referred to as "vendor" -

and

Neckarburg 66. V V GmbH
to be trading as "febit biotech GmbH" in the future
Im Neuenheimer Feld 515
69120 Heidelberg

- hereafter referred to as the "purchaser" -

< various signed initials >

ATTORNEY'S EYES ONLY

50485 v07PhEd/Asset-Purchase-Contract-TV

PATENT
REEL: 020690 FRAME: 0395

FEBO 001576

2

**REDACTED**

### Preliminary Remarks

Insolvency proceedings have been initiated with regard to the assets of febit ag with the decision of the District Court of Mannheim, file no: IN 252/04 of the 01/07/2004. Within the scope of these insolvency proceedings, the vendor acquired from the insolvency administrator some of the assets under the ownership of febit ag through the purchase contract of September 24, 2004, and through the invoiced single purchases of 05/11/2004 and 16/12/2004 (Appendix A). The vendor now wishes to assign these assets to the purchaser.

In detail, the following applies:

### § 1
### Purchase of Assets

The vendor, in accordance with the contractual conditions outlined below, sells to the undertaking purchaser the following assets:

(1) The movable assets (machines, machinery, tools, operating and business equipment, low-value assets etc.), insofar as these are listed in Appendix 1.

(2) Patents, brand, utility models, name rights, other intellectual property rights and registrations in relation to these, insofar as these are contained in Appendix 2. An asset guarantee or warranty cannot be provided in relation to the validity or freedom of these protective rights against objections or actions of nullity. Such data, documentation and documents which refer to the protective rights listed in Appendix 2 or are based on these, and furthermore basic knowhow, including that which has arisen through the maintenance of patents by the vendor through employees or consultants, and also procedures associated with the protective rights, are sold concomitantly.

(3) All inventory assets previously in the ownership of febit ag, in particular raw materials, operating and auxiliary supplies, replacement parts and half-finished and finished products. The purchaser has been informed with regard to the existing inventory items, and waives her right to an express inventory of the same.

### § 2
### Purchase Price

(1) The net purchase price for the items sold in accordance with § 1 is _____. Compulsory value added tax (currently _____ is payable on the net total purchase price, which amounts to a sum of _____. Thus, the

< various signed initials >

#0405 v1/Febit/Asset-Purchase-Contract-TV                    ATTORNEY'S EYES ONLY

**PATENT**
**REEL: 020690 FRAME: 0396**

FEBO 001577

3                    **REDACTED**

gross total purchase price payable by the purchaser amounts to

(2) The gross total purchase price pursuant to section 1 above is to be transferred in writing to an account nominated by the vendor within two weeks of entering into this contract.

§ 3
**Purchase Price Security**

By way of securing all claims of the vendor arising out of this contract, ownership of the purchase items and the assignment of the sold rights remain reserved until the complete, unconditional and undisputed payment of the purchase price pursuant to § 2, and waiver of any refund (retention of title through transfer of ownership subject to condition precedent).

§ 4
**Ownership, Possession, Transfer, Assignment
and Commercial Delimitation**

(1) The parties to the contract are in agreement that the items sold pursuant to § 1, and within this scope the ownership, possession and usage rights/usage potential in the assets described and sold pursuant to § 1 will only be conveyed to the purchaser after complete payment of the purchase price in accordance with §2.

(2) The vendor will grant the purchaser immediate possession of the physical assets sold pursuant to § 1. Insofar as the immediate possession of the assets described are not conveyed from the vendor to the purchaser on the appointed transfer date, the vendor will hold possession as possessing agent for the purchaser (constitutive possession through gratuitous custody). Insofar as the assets described in more detail above are in the possession of a third party, the transfer is replaced by the assignment of the return claims of the vendor to the purchaser with effect on the appointed transfer date. Insofar as the assets described in more detail above are already in the possession of the purchaser, no transfer will be necessary. All usages, liabilities, taxes and risks are transferred to the purchaser simultaneously with the transfer of immediate possession to, and/or the procuring of immediate possession by, the purchaser.

(3) The vendor was, by way of the purchase contract of September 24, 2004, entitled but not obligated to utilise the company febit ag entirely or partially, with or without additions and under the omission of titles, regardless of legal form. The vendor hereby permits the purchaser to the use the name "febit" as part of their own corporate name. The vendor will

< various signed initials >

ATTORNEY'S EYES ONLY

80405 v6\febit\Asset-Purchase-Contract-7V

PATENT
REEL: 020690 FRAME: 0397

FEBO 001578

4

not use this name. Any costs which may arise in relation to this are to be born by the purchaser.

(4) The vendor hereby assigns all rights sold to the purchaser, who accepts this assignment.

(5) The transfer/assignment of the assets pursuant to sections one to three is subject to the condition precedent of the complete payment of the purchase price in accordance with § 2.

### § 5
### Guarantee

(1) Guarantee claims of the purchaser arising from material or legal defects in relation to all objects purchased by her in accordance with this contract are fully and completely excluded. This is equally valid for the rights sold. The sold items are conveyed as they stand and lie. The purchaser, who has been advised by a legal practitioner, has examined the object of the purchase and its existence and intrinsic value in detail, and is aware that the purchase concerns used assets and as such the risk of a defect, worsening and/or damage occurring to the assets is present at all times. The purchaser has been informed by the vendor that, especially following the initiation of insolvency proceedings in relation to the intangible assets, that no fees whatsoever have been paid in relation to the maintenance of patents and patent registrations by the insolvency administrator nor by any third party commissioned by him/her. The LUMA Biotech Holding GmbH has paid for intellectual property rights and/or their registration, as well as the fees necessary for their maintenance, but not for all intellectual property rights and/or their registration. For this reason, some intellectual property rights have perished. This is made quite clear in Appendix 2, which is to be distinguished from the Appendix 2 to Appendix A. As a precautionary measure, it is agreed that in subsidiaries in which intellectual property rights have perished, but which may be revived, these intellectual property rights and/or their registration shall be deemed to have been transferred.

(2) Damage compensation claims of the purchaser as against the vendor are excluded insofar as they do not relate to latent.

(3) The vendor offers no guarantee of the correctness and completeness of the appendices and lists attached to this contract. The purchaser has been granted the opportunity of complete inspection.

(4) The purchaser has no right to a claim of an offset of the purchase price. All guarantee claims of the purchaser, especially those relating to supplementary performance, abatement, rescission, damages or expenses compensation or other claims to refund or damages compensation, regardless of the legal foundations, are excluded.

< various signed initials >

ATTORNEY'S EYES ONLY

$0403 v1t/Fdd/Asset-Purchase-Contract-7V

PATENT
REEL: 020690 FRAME: 0398

FEBO 001579

5

## § 6
### Employment Relationships

(1) As the vendor only acquired part of the assets in the ownership of fobit ag, which they are now assigning to the purchaser, the parties to the contract operate on the agreed assumption that a business transfer in the sense of § 613(a) of the German Civil Code (BGB) is not at hand.

(2) The purchaser, advised by legal practitioners, has, however, informed herself extensively in relation to the risks arising from a possible business transfer pursuant to § 613(a) of the German Civil Code (BGB), and has accepted these.

(3) The purchaser hereby irrevocably indemnifies the vendor from all financial risks associated with § 613 (a) of the German Civil Code (BGB).

## § 7
### Memorandum of Understanding

The purchaser has entered into the Memorandum of Understanding, attached as <u>Appendix 3</u>, with the inventors who have contributed to the intellectual property rights transferred pursuant to <u>Appendix 2</u>.

## § 8
### Contracts with perspektiv GmbH

The vendor has entered into two agreements with perspektiv GmbH. These are attached to this contract as <u>Appendix 5</u> and declared to be fully and completely part of this contract. The perspektiv GmbH is a collecting society which works together with the insolvency administrator of fobit ag. Both agreements concern the mediation of the sale of intangible commercial goods (patents), and are dated November 19, 2004, and January 21, 2005. The relevant intangible commercial goods (patents) are specified in the agreements. In the case that the purchaser enters into a contract regarding the intangible commercial goods (patents) with the companies named in both agreements, perspektiv GmbH shall possess a claim of payment of commission against the vendor. The purchaser hereby indemnifies the vendor from all claims which perspektiv GmbH could have in relation to the agreements attached in <u>Appendix 5</u>. Furthermore, the purchaser undertakes to accept all claims which perspektiv GmbH could have in relation to the agreements attached in <u>Appendix 5</u>.

< various signed initials >

ATTORNEY'S EYES ONLY

80405 v1/Wshb/Asset-Purchase-Contract-7V

**PATENT**
**REEL: 020690 FRAME: 0399**

FEBO 001580

6

§ 9
Costs, Concluding Provisions

(1) The fees, costs and expenses associated with this contract in relation to the transfer of assets (official registrations, transcriptions, certifications, assessor's fees etc.) are to be borne by the purchaser. Apart from these, each party to the contract is to bear their own costs, taxes and consultation fees.

(2) All appendices to this contract form a substantive part of the contract.

(3) No verbal supplementary agreements concerning this contract are possible. Amendments and additions to this contract must be made in writing in order to be effective, insofar as notary form is not required to be observed. This is equally valid for additions to or the suspension of this written form clause. By virtue of this contract, declarations to be submitted are required to be made in writing in order to be effective (facsimile may also satisfy this condition).

(4) Should one provision of this agreement be invalid or ineffective, or the agreement not contain a condition which is intrinsically necessary, the validity of the remaining provisions of this agreement shall not be affected. In the place of the invalid or ineffective provision, or in order to remove a loophole in the provisions, the legally permissible provision which as far as is possible corresponds to the intentions of the parties, or to what would have been the intention of the parties according to the purpose and objective of this agreement had they recognised the invalidity or ineffectiveness of the relevant provision or loophole, is hereby and at this moment agreed to. This provision shall be deemed to have been agreed upon ab initio.

Ludwigsburg, the 18 / 04 / 2004                    Heidelberg, the 18 / 04 / 2004

< signature >                                      < signature >
_____                            _____
(Vendor)                                           (Purchaser)


Assets Analysis:

Appendix 1:  Movable assets

Appendix 2:  Protective rights

Appendix 3:  Memorandum of Understanding


< various signed initials >


ATTORNEY'S EYES ONLY

80403 v1\5Fcbb/Asset-Purchase-Contract-7V

PATENT
REEL: 020690 FRAME: 0400

FEBO 001581

7

Appendix 4:  Termination agreement in relation to the Memorandum of Understanding

Appendix 5:  Agreements of the vendor with perspektiv GmbH regarding the mediation of the sale of intangible commercial goods (patents) of November 19, 2004 and January 21, 2005.

Appendix A:  Purchase contract of 24/09/2004 with relevant appendices
Invoices of the insolvency administrator of 05/11/2004 and 16/12/2004
Confirmation of the insolvency administrator of the exercise and payment of the option

< various signed initials >

80425 v1/97/chh/Asset-Purchase-Contract-IV

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0401

FEBO 001582



**REDACTED**

9

Appendix 1:   Movable Assets

<vendor signed initials>

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0402

REDACTED

10

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0403

REDACTED

11

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0404

REDACTED

< vendors Signed Initials >

12

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0405

FEBO 001586

REDACTED

< various signed initials >

13

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0406

REDACTED

< where signed initials >

14

IT Equipment - Assorted

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0407



REDACTED

< various signed initials >

15

Servers

PCs

Custom Computers

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0408

FEBO 001589



REDACTED

CAD System

Printers and Combined Fax Machines

Laptops

< various signed initials >

16

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0409

FEBO 001590

REDACTED

< Various signed initials >

17

Office Furniture

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0410

FEBO 001591

REDACTED

REDACTED AND CONFIDENTIAL

ATTORNEY'S EYES ONLY

**PATENT**
REEL: 020690 FRAME: 0411

REDACTED

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0412

FEBO 001593

REDACTED

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0413

**APPENDIX 5**
to the purchase contract

< logo: TechnoStart >

Agreement
regarding the
Procurement of the Sale of Intangible Commercial Goods (Patents)
of
November 19, 2004

between

TechnoStart Beratungsgesellschaft für Beteiligungsfonds mbH
[Consulting Firm for Investment Funds]
Martin-Luther-Str. 57
71636 Ludwigsburg
(hereafter referred to as: TechnoStart)

and

*perspektiv* GmbH
Beratungsgesellschaft für Insolvenzmanagement
[Consulting Firm for Insolvency Management]
Maria-Theresia-Str. 6
81675 Munich
(hereafter referred to as: *perspektiv*

The subject of this agreement is the procuration of the sale of the following patents and/or the
securing of rights in the following patents:

- Patents based on PCT/EP00/01356 "Procedure for the manufacture of polymers
  (synthetic genes)", including among others the approved US patent no. 6.586.211 B1
  and all applications and approvals in other countries belonging to this patent, such as,
  for example, the "priority application numbers":

  DE 199 07 080.6
  DE 199 28 843.7
  DE 189 40 752.5
  PCT/EP99/06136
  DE 199 57 116.3

  as well as the patent application DE 103 53 887.9 *"High parallel DNA synthesizer on
  matrix basis (synthetic genes)"* and the patents which have been submitted and/or
  approved in the meantime in relation to this application such as, for example, the
  application of 18/11/2003.

TechnoStart acquired on September 24, 2004, from insolvency administrator of the FEBIT
AG Mr Christopher Seagon out of the insolvency assets of FEBIT AG the rights and/or
options to the rights in the patent(s) listed above as the subject matter of the contract
(hereafter referred to collectively or individually as: patents).

< various signed initials >

ATTORNEY'S EYES ONLY

**PATENT
REEL: 020690 FRAME: 0414**

FEBO 001595

&lt;logo: TechnoStart&gt;

REDACTED

TechnoStart plans to transfer the patents or rights to the patents to third parties, and to conduct negotiations with possible interested parties for this purpose. *perspektiv* is in possession of contacts to potential purchasers (hereafter referred to as: interested parties), which are to be made available to TechnoStart. In the case of a contract regarding the acquiring of patents or the securing of rights to the patents with one or more interested parties, *perspektiv* shall be accorded a claim to commission.

Against this background, the parties agree:

1. *perspektiv* shall, following the signing of this agreement, make available to TechnoStart contact details from one or more interested parties in written form (including assistance in establishing contact), which is attached to this agreement as **Appendix 1** and will subsequently be made a component of this agreement.

2. Should a contract arise with one or more interested parties in relation to acquiring a patent or multiple patents or in relation to the securing of rights to a patent or multiple patents, a claim to commission shall arise for each contract for *perspektiv* as against TechnoStart. The same is valid for the establishment of a contract with a company directly or indirectly associated with an interested party in terms of corporate law. Whether the relevant contract arises between TechnoStart and the interested party or a third party is not decisive in the creation of the claim to commission. TechnoStart is obligated to notify *perspektiv* in writing of the establishment and the financial value of any such contracts which lead to a claim to commission immediately subsequent to becoming aware of it.

3. A claim to commission will not arise if the contract is entered into with an interested party who it can be proven has been in contact with TechnoStart regarding the procurement of the relevant patent or right to the patent since TechnoStart acquired the commercial goods. Such existing contacts will be attached to this agreement by TechnoStart as **Appendix 2** by the time of signing.

4. The commission is to an amount of        of the financial value plus value added tax. It is due within 14 days of invoicing.

5. This agreement is valid for all contracts which lead to a claim to commission, and which arise within a period of 24 months following the signing of this agreement. Insofar as established contracts contain a royalty component, *perspektiv* has an unlimited claim to distribution in accordance with item 4. There is no possibility of an orderly termination of this agreement.

6. All agreements which contain an amendment, addition or firm establishment of these contractual provisions, as well as separate assurances and

&lt;various signed initials&gt;

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0415

FEBO 001596

< logo: TechnoStart >

**REDACTED**

agreements are to be made in writing. Supplementary agreements are excluded.

7.  Should one or more of the provisions of this contract be invalid or prove to be void, the validity of the remainder of the contract shall remain unaffected. The parties to the contract agree that the invalid or void clause is expressly or as implied by the contract replaced with a legally permissible provision that is closest to the commercial purpose.

8.  The court of jurisdiction for all disputes which may arise in relation to this contract is Munich.

Signatures:

Ludwigsburg, 19/11/04                        19/11/04, Munich
Place, date                                  Place, date

< signature >                                < signature >

For TechnoStart Beratungsgesellschaft        For *perspektiv* GmbH
für Beteiligungsfonds mbH

< stamp: Technostart >

Appendices:

__Appendix 1:__ Interested parties procured by *perspektiv*

__Appendix 2:__ Interested parties procured by TechnoStart

< stamp: TechnoStart >

**Appendix 2**
to the agreement regarding the procurement of the sale of intangible commercial goods (patents) of November 19, 2004, between TechnoStart and perspektiv

Existing contacts:

< various signed initials >

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0416

FEBO 001597

< logo: TechnoStart >

REDACTED

Agreement
regarding the
Procurement of the Sale of Intangible Commercial Goods (Patents)
of
November 19, 2004

between

TechnoStart Beratungsgesellschaft für Beteiligungsfonds mbH
[Consulting Firm for Investment Funds]
Martin-Luther-Str. 57
71636 Ludwigsburg
(hereafter referred to as: TechnoStart)

and

*perspektiv* GmbH
Beratungsgesellschaft für Insolvenzmanagement
[Consulting Firm for Insolvency Management]
Maria-Theresia-Str. 6
81675 Munich
(hereafter referred to as: *perspektiv*

The subject of this agreement is the procuration of the sale of patents and/or the securing of rights such as, for example, licenses in such patents and commercial goods, especially but not exclusively in:

•

TechnoStart acquired on September 24, 2004, from insolvency administrator of the FEBIT AG Mr Christopher Seagon out of the insolvency assets of FEBIT AG the rights and/or options to the rights in the patent(s) listed above as the subject matter of the contract (hereafter referred to collectively or individually as: patents).

TechnoStart plans to transfer the patents or rights to the patents to third parties, and to conduct negotiations with possible interested parties for this purpose. *perspektiv* is in possession of contacts to potential purchasers (hereafter referred to as: interested parties), which are to be made available to TechnoStart. In the case of a contract regarding the acquiring of patents or the securing of rights to

< various signed initials >

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0417

&lt;logo: TechnoStart&gt;

the patents with one or more interested parties, *perspektiv* shall be accorded a claim to commission.

Against this background, the parties agree:

1. *perspektiv* shall, following the signing of this agreement, make available to TechnoStart contact details from one or more interested parties in written form (including assistance in establishing contact), which is attached to this agreement as <u>Appendix 1</u> and will subsequently be made a component of this agreement.

2. Should a contract arise with one or more interested parties in relation to acquiring a patent or multiple patents or in relation to the securing of rights to a patent or multiple patents, a claim to commission shall arise for each contract for *perspektiv* as against TechnoStart. The same is valid for the establishment of a contract with a company directly or indirectly associated with an interested party in terms of corporate law. Whether the relevant contract arises between TechnoStart and the interested party or a third party is not decisive in the creation of the claim to commission. TechnoStart is obligated to notify *perspektiv* in writing of the establishment and the financial value of any such contracts which lead to a claim to commission immediately subsequent to becoming aware of it.

3. A claim to commission will not arise if the contract is entered into with an interested party who it can be proven has been in contact with TechnoStart regarding the procurement of the relevant patent or right to the patent since TechnoStart acquired the commercial goods. Such existing contacts will be attached to this agreement by TechnoStart as <u>Appendix 2</u> by the time of signing.

4. The commission is to an amount of 13 % of the financial value plus value added tax. It is due within 14 days of invoicing.

5. This agreement is valid for all contracts which lead to a claim to commission, and which arise within a period of 12 months following the signing of this agreement. Insofar as established contracts contain a royalty component, *perspektiv* has an unlimited claim to distribution in accordance with item 4. There is no possibility of an orderly termination of this agreement.

6. All agreements which contain an amendment, addition or firm establishment of these contractual provisions, as well as separate assurances and agreements are to be made in writing. Supplementary agreements are excluded.

7. Should one or more of the provisions of this contract be invalid or prove to be void, the validity of the remainder of the contract shall remain unaffected. The parties to the contract agree that the invalid or

&lt;various signed initials&gt;

ATTORNEY'S EYES ONLY

**PATENT**
**REEL: 020690 FRAME: 0418**

FEBO 001599

<logo: TechnoStart>

void clause is expressly or as implied by the contract replaced with a legally permissible provision that is closest to the commercial purpose.

8. *perspektiv* undertakes LUMA Biotech Holding, Heidelberg, to handle the procured contacts confidentially.

9. Contacts to financial investors whom can be shown to have been in contact with TechnoStart since the issue of insolvency proceedings are excluded from this agreement.

The court of jurisdiction for all disputes which may arise in relation to this contract is Munich.

Signatures:

Ludwigsburg, 25/01/05        15/01/05
Place, date                 Place, date


< signature >               < signature >

For TechnoStart Beratungsgesellschaft      For *perspektiv* GmbH
für Beteiligungsfonds mbH

Appendices:

**Appendix 1:** Interested parties procured by *perspektiv*      see< illegible > page

**Appendix 2:** Interested parties procured by TechnoStart:

- Invitrogen Corp. and its international subsidiaries (Zymed Laboratories, BioReliance Corp.)
- Atactic

< various signed initials >

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0419

WELLENSIEK GRUB & PARTNER
LAWYERS

Wellensiek Grub & Partner · PO Box 106158 · Heidelberg

Certified Mail/Delivery Receipt
TechnoStart Beratungsgesellschaft
Für Beteiligungsfonds mbH
Ms Ulrike Schlotzhauer
Martin-Luther-Strasse 57

< stamp: received 19 Jan 2005 >

< list of Wellensiek Grub Partner and Branches >

71636 Ludwigsburg
Heidelberg, the 17/01/2005
Aktenzeichen!

Secretary:     Ms Krystons
Tel:           06221 / 9118-55
Fax:           06221 / 9118-66
Email:         carolin.krystons@wellensiek-grub.de

Re: Insolvency proceedings over the assets of febit ag, Käfertaler Strasse 190, 68167 Mannheim
Here: Acquisition of the patents

Dear Ms Schlotzhauer,

Following the timely exercise of the option by your company, and the receipt of the purchase price into our trust account in the meantime, I am sending you in the Appendix an original document regarding the Genisuthi patent rights.

It would be my pleasure to help you if you have any further questions.

Yours sincerely,

for Seagon
Lawyer
in his capacity as Insolvency administrator

< signature >

Rohbecke
Lawyer

< various signed initials >

70178 Stuttgart · Rotebühlplatz, 16 · Tel: (0711) 96545-0 · Fax: (0711) 96545-49    04109 Leipzig · Lößnig, 11 · Tel: (0341) 35052-0 · Fax: (0341) 35052-39
60313 Frankfurt Cornelstraße, 19 · Tel: (069) 907452-0 · Fax: (069) 907452-32    51334 Erlenbach · Brunnenhöfe, 10 · Tel: (02131) 51974-0 · Fax: (02131) 51974-17
10117 Berlin Linienstr 140 · Tel: (030) 322320-0 · Fax: (030) 322320-27    46235 Düsseldorf · Königsallee 80 Tel: (0211) 86030-0 · Fax: (0211) 86030-60
01097 Dresden Theresienstr 9 · Tel: (0351) 80266140 · Fax: (0351) 80266-49    80333 München · Bründerstr. 13 · Tel: (089) 28/9214-0 · Fax: (089) 28/9214-29
53668 Erfurt · Anlenstraße, 30 · Tel: (0361) 38540-0 · Fax: (0361) 38540-23
69115 Heidelberg · Blumenstrasse 17 · Tel: (06221) 9118-0 · Fax: (06221) 23128 · email: heidelberg@wellensiek-grub.de
Entered in the partnership register of the District Court of Heidelberg PR 0227 · VAT ID no: DE143285519

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0420

FEBO 001601

I certify
correctness and completeness of the translation
from German into English language

Braeunrode,    1 2 SEP. 2007

*Oksana Peters*



ATTORNEY'S EYES ONLY

RECORDED: 03/26/2008

**PATENT**
**REEL: 020690 FRAME: 0421**

FEBO 001602



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME;

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

June 30, 2008

THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE
RECORDS OF THIS OFFICE OF A DOCUMENT RECORDED ON
March 25, 2008.

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office



L. Edelen

**L. EDELEN**
Certifying Officer

FEBO 001603

## PATENT ASSIGNMENT

Electronic Version v1.1
Stylesheet Version v1.1

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | CHANGE OF NAME |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| Neckarburg 66. V V GmbH | 04/18/2005 |

**RECEIVING PARTY DATA**

| | |
|---|---|
| Name: | febit biotech GmbH |
| Street Address: | Im Neuenheimer Feld 515 |
| City: | Heidelberg |
| State/Country: | GERMANY |
| Postal Code: | 69120 |

**PROPERTY NUMBERS Total: 3**

| Property Type | Number |
|---|---|
| Patent Number: | 6586211 |
| Application Number: | 10455369 |
| Application Number: | 11785505 |

**CORRESPONDENCE DATA**

Fax Number:    (202)783-6031
*Correspondence will be sent via US Mail when the fax attempt is unsuccessful.*
Phone:    (202) 783-6040
Email:    bpeterson@rfem.com
Correspondent Name:    Rothwell, Figg, Ernst & Manbeck p.c.
Address Line 1:    1425 K Street, NW
Address Line 2:    Suite 800
Address Line 4:    Washington, DISTRICT OF COLUMBIA 20005

| ATTORNEY DOCKET NUMBER: | 2923-121, 538, 820 |
|---|---|
| NAME OF SUBMITTER: | Jeffrey L. Ihnen |

Total Attachments: 9
source=febit biotech#page1.tif

500495409

PATENT
REEL: 020690 FRAME: 0442

source=febit biotech#page2.tif
source=febit biotech#page3.tif
source=febit biotech#page4.tif
source=febit biotech#page5.tif
source=febit biotech#page6.tif
source=febit biotech#page7.tif
source=febit biotech#page8.tif
source=febit biotech#page9.tif

**PATENT**
**REEL: 020690 FRAME: 0443**

FEBO 001605



REDACTED

Commercial Register - Dept. B - of the District Court of Stuttgart

Page 1
Continued on _____ Page

| Entry number | a) Company b) Registered offices c) Corporate purpose | Equity or nominal capital | Procuration | Executive Personally liable partner Director Liquidator | Legal relationships | HRB 25153 |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | a) Day of entry and signature b) Notes |
| 4 | Mediclamp 66. V V GmbH, In Stuttgart. c) The administration of own assets. now: Heidelberg | | | Nicolas Berner, born 29/07/1971, Wertheberg | Limited liability corporation. Articles of incorporation of 14.01.2003. If only one executive director is present, the corporation shall be represented solely by this person. If multiple executive directors are appointed, the corporation shall be represented by two executive directors, or by one executive director with one procurator. Chief Executive Officer Nicolas Berner, born 29/07/1971, Wertheberg, is sole representative if only one executive director is appointed. The registered office of the corporation has been relocated to Heidelberg; now District Court of Heidelberg, HRB 77005. | 4) 22/02/2003 < signature > b) Legal representative p 2.53d . a) 17/06/2003 < signature > |

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0444



ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0445

FEBO 001607

I certify
correctness and completeness of the translation
from German into English language

Braeunrode,     1 2 SEP. 2007

Oksana Peters



ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0446

REDACTED

Commercial Register B of the District Court of Mannheim
<entry: District Court of Mannheim>

Official Transcript
Extract of 07/05/2007 R+t
This transcript is accurate and valid as a certified transcript

Company number
Page        of    2

HRB 337905

| Entry number | a) Company b) Registered office c) Corporate purpose | Equity or nominal capital | a) General representation regulation b) Board of directors, management, executive directors, chief executive officer, authorised representatives and special representatives | Procuration | a) Legal form, commencement, constitution or articles of incorporation b) Other legal relationships | c) Day of entry b) Notes |
|---|---|---|---|---|---|---|
| 1 | a) Robit Holding GmbH b) Wiesloch c) The development, manufacture and distribution of systems, equipment, technical devices, components and accessories and the provision and acquisition of advice and services relating to such; acquisition and operation of related and industrial property rights; including the assumption of other corporate and special activities relating to such | | a) If only one executive director is present, the corporation shall be represented solely by this person. If multiple executive directors are appointed, the corporation shall be represented by two executive directors, or by one executive director with one proxyist. Individual procuration may be granted. | General commercial power of procuration together with one of the executive officers or another proxyist: Gabler, Peer T., Mannheim, b. 14/02/1972 Kauffman, Anton, Badgheim, b. 27/10/1961 | a) Corporation with limited liability; Articles of incorporation of 16/02/2005 last amended on 18/04/2005 | a) 16/02/2005 Winkler c) This page has been revised for computer processing, and thereby replaces the previous register page. Amended on 16/02/2005. Day of filing 16/02/2005. Articles of incorporation Special edition Page 499 ff. Amendment resolution: Special edition Page 161 ff. |
| 2 | a) Company name changed into: Robit Holding GmbH c) Further purpose of the | | | | a) The shareholders' general meeting of 04/05/2007 has agreed to the amendment to the terms of incorporation in § 1 (Corporation, Registered Offices) § 2 (Corporate Purpose) § 4 (General | a) 15/05/2007 Frikze |

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0447



REDACTED

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0448



ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0449

I certify
correctness and completeness of the translation
from German into English language

Braeunrode,     1 2. SEP. 2007

Oxana Peters



ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0450

FEBO 001612

< logo >
TechnoStart

Consulting Firm for
Investment Funds mbH

Martin-Luther-Strasse 57
D-71636 Ludwigsburg
Tel: +49 (0)7141 97159 0
Fax: +49 (0)7141 97159 10
office@technostart.com

TechnoStart GmbH | Martin-Luther-Strasse 57 | 71636 Ludwigsburg

febit biotech GmbH
Mr Cord F Stähler
Im Neuenheimer Feld 515

69120 Heidelberg

Re: Purchase contract of 18/04/2005                          30/05/2005

Dear Mr Stähler,

In relation to the matter described above, I hereby confirm, in my capacity as chief executive
officer of TechnoStart Consulting Firm for Investment Funds mbH, that the febit biotech
GmbH, originating through the change of business name of Neckarburg 66VV GmbH, has
acquired the patents, brands, utility models, name rights, intellectual property rights and other
registrations in relation to those, which the insolvency administrator of febit ag had assigned
to TechnoStart Consulting Firm for Investment Funds with the purchase contract of
24/09/2005 and through the invoiced individual purchases on the 05/11/2004 and 16/12/2004.

Furthermore, all inventory assets which were previously in the ownership of febit ag,
especially raw materials, operating and auxiliary supplies, replacement parts, half-finished
and finished products and tools, were acquired. In relation to the movable assets, only those
parts which are listed in an appendix to the purchase contract of 18/04/2005 were acquired by
febit biotech GmbH.

Yours sincerely,

< signature >

Michael Mayer
Chief Executive Officer

Ludwigsburg | Register Court
Ludwigsburg HRB 5347

Chief Executive Officer: Michael Mayer

Member of the EVCA European
Venture Capital Association

Member of the BVK (German Private
Equity and Venture Capital Association e.V.)

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0451

FEBO 001613

certify
correctness and completeness of the translation
from German into English language

Braeunrode,    1 2 SEP. 2007

Oksana Peters



ATTORNEY'S EYES ONLY

RECORDED: 03/25/2008

PATENT
REEL: 020690 FRAME: 0452



# THE UNITED STATES OF AMERICA

TO ALL, TO WHOM THESE PRESENTS, SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

June 27, 2008

THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE RECORDS OF THIS OFFICE OF A DOCUMENT RECORDED ON MARCH 25, 2008.

By Authority of the

Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office



N. WILLIAMS

Certifying Officer

| PATENT ASSIGNMENT |
|---|

Electronic Version v1.1
Stylesheet Version v1.1

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | CHANGE OF NAME |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| febit biotech GmbH | 08/06/2007 |

**RECEIVING PARTY DATA**

| Name: | febit holding GmbH |
|---|---|
| Street Address: | Im Neuenheimer Feld 515 |
| City: | Heidelberg |
| State/Country: | GERMANY |
| Postal Code: | 69120 |

**PROPERTY NUMBERS Total: 3**

| Property Type | Number |
|---|---|
| Patent Number: | 6586211 |
| Application Number: | 10455369 |
| Application Number: | 11785505 |

**CORRESPONDENCE DATA**

Fax Number:        (202)783-6031
*Correspondence will be sent via US Mail when the fax attempt is unsuccessful.*
Phone:             (202) 783-6040
Email:             bpeterson@rfem.com
Correspondent Name:  Rothwell, Figg, Ernst & Manbeck p.c.
Address Line 1:    1425 K Street, NW
Address Line 2:    Suite 800
Address Line 4:    Washington, DISTRICT OF COLUMBIA 20005

| ATTORNEY DOCKET NUMBER: | 2923-121, 538, 820 |
|---|---|
| NAME OF SUBMITTER: | Jeffrey L. Ihnen |

Total Attachments: 6
source=febit holding#page1.tif

500495377

**PATENT**
**REEL: 020690 FRAME: 0429**

FEBO 001616

source=febit holding#page2.tif
source=febit holding#page3.tif
source=febit holding#page4.tif
source=febit holding#page5.tif
source=febit holding#page6.tif

**PATENT**
**REEL: 020690 FRAME: 0430**

FEBO 001617

REDACTED

Commercial Register B of the District Court of Mannheim
<amtsgericht District Court of Mannheim>

Official Transcript
Extract of 07/06/2007 14:14

Company number
Page    1    of    2

HRB 337706

This document is not marked to contain a certified transcript

| Entry number | a) Company b) Registered office c) Corporate purpose | Equity or nominal capital | a) General representation regulation b) Board of directors, management, executive directors, personally liable partners, chief executive officer, authorized representatives and special representative authorization | Procuration | a) Legal form, commencement, constitution or articles of incorporation b) Other legal relationship | a) Day of entry b) Notes |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | | 6 | 7 |
| | a) [Entry heavily blurred] GmbH b) Heidelberg c) The development, manufacture and distribution of devices, chemicals and chemical reagents, reagent combinations of reagents and other systems for the recognition and detection of chemical and biological information, together with such systems, mineral products, chemical and/or mineral information and the associated operations | | a) [text] If only one executive director is present, the corporation shall be represented solely by this person. If multiple executive directors are appointed, the corporation shall be represented by two executive directors, or by one executive director together with an authorized signatory. Individual procuration may be granted. | General contractual power of procuration together with one of the executive officers or another procurator: Stähler, Rolf E, Mannheim, b. [date] Kaldunec, Jordan, Karlsruhe, b. 07/10/1952 | a) Corporation with limited liability. a) Articles of incorporation of 16/02/2004 last amended on 16/02/2004 | a) 16/02/2006 Wacker b) This page has been revised for computer processing, and thereby replaced the previous register page. Reviewed on 16/02/2006. Day of first entry: 22/03/2002. Articles of incorporation Special edition. Page 405 ff. Amendment resolution. Special edition. Page 162 ff. |
| | a) Company name changed: now: Xcht Holding GmbH c) [text] Those changes over. The further changes of the... | | | | a) The shareholders' general meeting of 08/05/2007 has agreed to the amendment in the articles of incorporation in § 1 (Corporation, Registered Offices), § 2 (Corporate Purpose), § 4 (Nominal) | a) 13/06/2007 Fritz |

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0431



REDACTED

ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0432



PATENT
REEL: 020690 FRAME: 0433

FEBO 001620

I certify
correctness and completeness of the translation
from German into English language

Braeunrode,        1 2 SEP. 2007

Oksana Peters



ATTORNEY'S EYES ONLY

PATENT
REEL: 020690 FRAME: 0434

< logo >
TechnoStart

Consulting Firm for
Investment Funds mbH

Martin-Luther-Strasse 57
D-71636 Ludwigsburg
Tel: +49 (0)7141 97159 0
Fax: +49 (0)7141 97159 10
office@technostart.com

TechnoStart GmbH | Martin-Luther-Strasse 57 | 71636 Ludwigsburg

febit biotech GmbH
Mr Cord F Stähler
Im Neuenheimer Feld 5115

69120 Heidelberg

Re: Purchase contract of 18/04/2005                                    30/05/2005

Dear Mr Stähler,

In relation to the matter described above, I hereby confirm, in my capacity as chief executive
officer of TechnoStart Consulting Firm for Investment Funds mbH, that the febit biotech
GmbH, originating through the change of business name of Neckarburg 66VV GmbH, has
acquired the patents, brands, utility models, name rights, intellectual property rights and other
registrations in relation to these, which the insolvency administrator of febit ag had assigned
to TechnoStart Consulting Firm for Investment Funds with the purchase contract of
24/09/2005 and through the invoiced individual purchases on the 05/11/2004 and 16/12/2004.

Furthermore, all inventory assets which were previously in the ownership of febit ag,
especially raw materials, operating and auxiliary supplies, replacement parts, half-finished
and finished products and tools, were acquired. In relation to the movable assets, only those
parts which are listed in an appendix to the purchase contract of 18/04/2005 were acquired by
febit biotech GmbH.

Yours sincerely,

< signature >

Michael Mayer
Chief Executive Officer

Ludwigsburg | Register Court
Ludwigsburg | HRB 5347

Chief Executive Officer: Michael Mayer

Member of the EVCA (European
Venture Capital Association

Member of the BVK (German Private
Equity and Venture Capital Association e.V.)

ATTORNEY'S EYES ONLY

**PATENT**
**REEL: 020690 FRAME: 0435**

FEBO 001622

I certify
correctness and completeness of the translation
from German into English language

Braeunrode,     1 2 SEP. 2007

Oksana Peters



ATTORNEY'S EYES ONLY

RECORDED: 03/25/2008

PATENT
REEL: 020690 FRAME: 0436

FEBO 001623

# EXHIBIT  OO

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| febit holding GmbH | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action No.: 07-cv-00385-GMS |
| Codon Devices, Inc. | ) ) | |
| Defendant. | ) ) ) | |

## DECLARATION OF PEER F. STÄHLER

I, Peer F. Stähler, state the following upon personal knowledge:

1.    I am over the age of 18 and am otherwise competent to make statements contained herein.

2.    Along with Cord Stähler and Manfred Mueller, I was one of three co-inventors of U.S. Patent No. 6,586,211 (the "'211 patent").

3.    Along with Cord Stähler and Manfred Mueller, as well as with other investors, I formed the company febit Ferrarius Biotechnology GmbH ("febit Ferrarius"). In late May and early June, 2001, Cord Stähler, Manfred Mueller and I assigned our entire right, title and interest in the U.S. patent application that resulted in the '211 patent to febit Ferrarius. This assignment is reflected in the document attached hereto as Exhibit HH.

4.     On May 4, 2001, shareholders of febit Ferrarius resolved that the legal form of the company would be transformed into a stock corporation having the name febit AG. This resolution is attached hereto as Exhibit F.

5.     febit AG did not notify the United States Patent and Trademark Office ("USPTO") about the name change, so the '211 patent issued with febit Ferrarius as the assignee on the face of the patent. The failure to notify the PTO was inadvertent.

6.     On July 1, 2004, bankruptcy proceedings were instituted against the assets of febit AG in the District Court of Mannheim. See Exhibits J, K[1].

7.     Since on or about the inception of febit AG, originally known as febit Ferrarius Biotechnology GmbH, I served as an officer of the company in the role of Chief Scientific Officer. I also had the responsibility of maintaining the intellectual property rights of the company. I maintained this role as an officer of febit AG until such time as my role was formally extinguished on July 1, 2004.

7.     During the febit AG bankruptcy, the District Court of Mannheim appointed Christopher Seagon as insolvency administrator for the assets of febit AG. The District Court of Mannheim authorized Mr. Seagon, as insolvency administrator, to sell and transfer the title of febit AG's assets so as to liquidate the company. See Exhibits I, J, K.

8.     In the late summer and early fall of 2004, TechnoStart Beratungsgesellschaft Für Beteiligungsfonds GmbH ("TechnoStart") began negotiations with Mr. Seagon for the sale of certain febit AG assets, including the '211 patent. I was involved in these negotiations by virtue of my role as a consultant to TechnoStart during this period.

---

[1] In preparing this Declaration, for the German-language documents where a certified English translation is available, I relied upon the German language documents only. In this Declaration, I have also noted the exhibit numbers for the certified English translations of these documents for convenience.

2

9.    On September 24, 2004, TechnoStart and Mr. Seagon, as insolvency administrator for the assets of febit AG, entered into a Purchase Agreement, by which certain assets of febit AG were sold and transferred to TechnoStart.    Under § 7 of the Purchase Agreement, TechnoStart acquired an option to buy certain febit AG patents and patent applications, including the '211 patent. This written Purchase Agreement is attached hereto as Exhibits L, M.

10.    In a letter dated December 17, 2004, TechnoStart properly exercised its option pursuant to § 7 of the Purchase Agreement. See Exhibits N, O.

11.    In a letter dated January 17, 2005, the insolvency administrator for the assets of febit AG confirmed (1) that TechnoStart had timely exercised the purchase option, (2) the insolvency administrator had received the purchase funds in its trust accounts and (3) the insolvency administrator was sending "an original document regarding the Gensynthi patent rights" (*i.e.*, the '211 patent and related patents). See Exhibits P, Q.

12.    On or about April 11, 2005, TechnoStart and other investors, including Cord Stähler and I, acquired the outstanding shares of a shelf company, entitled Neckarburg 66. VV GmbH ("Neckarburg"). See Exhibit W.

13.    On April 18, 2005, TechnoStart and Neckarburg entered into a written contract for the sale of the febit AG patents and applications, among other assets, from TechnoStart to Neckarburg. This transfer of patents and applications included the '211 patent. See Exhibits AA, BB, CC.

14.    In a May 30, 2005 letter, TechnoStart confirmed its sale of the '211 patent to Neckarburg. See Exhibits DD, EE.

15.    In April 2005, Neckarburg changed its name to febit biotech GmbH. See Exhibit Z.

3

16.     On August 6, 2007, febit Biotech GmbH changed its name to febit holding GmbH. See Exhibit FF, GG.

17.     I have served as an officer of Neckarburg (later febit biotech GmbH), now known as febit holding GmbH, since July 1st, 2005.

18.     Except as outlined above, I am not aware of any other transfers or assignments of the right, title and interest of the '211 patent to any other entity.

19.     Except as outlined above, I am not aware of any other person or entity that has made a competing claim to the right, title or interest in the '211 patent.

20.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on Aug 1st, 2008 in Heidelberg, Germany

Peer F. Stähler

Title

Chief Scientific Officer
(IP Manager)

4

# EXHIBIT PP

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| febit holding GmbH | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No.: 07-cv-00385-GMS |
| Codon Devices, Inc. | ) ) | |
| Defendant. | ) ) ) ) | |

## DECLARATION OF MICHAEL MAYER

I, Michael Mayer, state the following upon personal knowledge:

1.  I am over the age of 18 years and am otherwise competent to make statements contained herein.

2.  Since at least July 1, 2003, I have served as the Chief Executive Officer of TechnoStart Beratungsgesellschaft für Beteiligungsfonds GmbH ("TechnoStart"), since March 23, 1998 I have served as Managing Partner of TechnoStart Ventures GmbH & Co. Fonds KG ("TSV I") and since January 31, 2001 as well of Zweite TechnoStart Ventures Fonds GmbH & Co. KG ("TSV II") (both Limited Partnerships under German law).

3.  Beginning on or about January 13, 1999 TSV I was an investor in FeBit Ferrarius Biotechnology GmbH ("febit Ferrarius"). Throughout the time TSV I was an investor in febit Ferrarius, to the best of my knowledge, febit Ferrarius was the owner and assignee of U.S. Patent No. 6,586,211 (the "'211 patent").

4.     On May 4, 2001, the shareholders of febit Ferrarius resolved to change the legal form of febit Ferrarius to a stock corporation with the name "febit AG," under applicable German law. This resolution is attached hereto as Exhibit F.

5.     On July 1, 2004, bankruptcy proceedings were instituted against the assets of febit AG. At this time, I remained CEO of TechnoStart and Managing Partner of TSV I and TSV II, and TSV I and TSV II remained an investor of febit AG. *See* Exhibit J, K[1]..

6.     During the febit AG bankruptcy, the District Court of Mannheim appointed Christopher Seagon as insolvency administrator. *See* Exhibits I, J, K.

7.     Mr. Seagon represented that, as insolvency administrator, he had the authority to sell and transfer the title of febit AG's assets as part of the febit AG liquidation.

8.     In the late summer and fall of 2004, TechnoStart commenced negotiations with Mr. Seagon to acquire title to the '211 patent, among other assets of febit AG.

9.     During negotiations to acquire the '211 patent, among other assets, Mr. Seagon advised TechnoStart that other offerors had expressed an interest in acquiring the '211 patent and other assets of febit AG in the bankruptcy. Mr. Seagon did not disclose the identity of any offeror or the amount of the offer. Identity of two offerors has been disclosed on January 27, 2005 by a subcontractor of Mr. Seagon, Mr. Lohbronner of perspektiv GmbH, Munich, as Flagship Ventures, Cambridge (MA) and Synbio Corporation, Cambridge (MA), both having residence at 150 Cambridge Park Drive, 10th Floor, Cambridge, MA 02140. Recognizing the value of the '211 patent, TechnoStart raised its initial offer price.

---

[1] In preparing this Declaration, for the German-language documents where a certified English translation is available, I relied upon the German language documents only. In this Declaration, I have also noted the exhibit numbers for the certified English translations of these documents for convenience.

10.     Ultimately, on September 24, 2004, TechnoStart and Mr. Seagon, as insolvency administrator for the assets of febit AG, entered into a written purchase agreement whereby certain febit AG assets were sold and transferred to TechnoStart (the "Purchase Agreement"). The Purchase Agreement is attached hereto as Exhibits L, M.

11.     Pursuant to § 7 of the Purchase Agreement, TechnoStart acquired an option to purchase certain patents and patent applications, including the '211 patent. Exhibits L, M.

12.     In a letter dated December 17, 2004, TechnoStart timely exercised its option pursuant to § 7 of the Purchase Agreement. See Exhibits N, O.

13.     In a letter dated January 17, 2005, the insolvency administrator for the assets of febit AG confirmed (1) that TechnoStart had timely exercised the purchase option, (2) the insolvency administrator had received the purchase funds in its trust account and (3) the insolvency administrator was sending "an original document regarding the Gensynthi patent rights" (*i.e.*, the '211 patent and related patents). See Exhibits P, Q.

14.     On or about April 11, 2005, TechnoStart and other investors, including Cord Stähler and Peer Stähler, acquired the outstanding shares of a shelf company, entitled Neckarburg 66. VV GmbH ("Neckarburg"). See Exhibit W.

15.     On April 18, 2005, TechnoStart and Neckarburg entered into a written contract for the sale of the febit AG patents and applications, among other assets, from TechnoStart to Neckarburg. This transfer of patents and applications included the '211 patent. See Exhibits AA, BB, CC.

16.     In a May 30, 2005 letter, TechnoStart confirmed its sale of the '211 patent to Neckarburg. See Exhibits DD, EE.

3

17.    At the time of the sale of the '211 patent to Neckarburg, TechnoStart held the entire right, title and interest in the '211 patent.

18.    In April 2005, Neckarburg changed its name to febit biotech GmbH.  See Exhibit Z.

19.    On August 6, 2007, febit biotech GmbH changed its name to febit holding GmbH. See Exhibit FF, GG.

20.    TechnoStart has been an investor in Neckarburg since April 11, 2005.  I have served as a Board member of Neckarburg (later febit biotech GmbH), now known as febit holding GmbH, since April 11,2005.

21.    Except as set forth above, I am not aware of any other transfers or assignments of the entire right, title and interest of the '211 patent to any other entity.

22.    I am not aware of any other person or entity that has made a competing claim to right, title or interest in the '211 patent that is inconsistent with the transfer set forth above.

23.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.


Executed on August 1, 2008 in Ludwigsburg, Germany



Michael Mayer
Geschäftsführer (CEO)
Title

4

# EXHIBIT   QQ

# EXHIBIT REDACTED
# IN ITS ENTIRETY