```
 1                    IN THE UNITED STATES DISTRICT COURT

 2                    IN AND FOR THE DISTRICT OF DELAWARE

 3                                  - - -

 4    FEBIT HOLDING GMBH,                   CIVIL ACTION
                                        :
 5            Plaintiff,                :
                                        :
 6            v.                        :
                                        :
 7    CODON DEVICES, INC.,              :
                                        :   NO. 07-385 (GMS-LPS)
 8            Defendant.

 9                                  - - -

10                          Wilmington, Delaware
                       Wednesday, July 1, 2009 at 9:04 a.m.
11                          TELEPHONE CONFERENCE

12                                  - - -

13    BEFORE:   HONORABLE LEONARD P. STARK, Magistrate Judge

14                                  - - -
      APPEARANCES:
15
              MORRIS JAMES, LLC
16            BY:  MARY B. MATTERER, ESQ.

17                 and

18            STERNE, KESSLER, GOLDSTEIN & FOX, P.L.L.C.
              BY:  MARK FOX EVENS, ESQ., and
19                 W. BLAKE COBLENTZ, ESQ.
                   (Washington, District of Columbia)
20
                        Counsel for Plaintiff
21

22            MORRIS, NICHOLS & TUNNELL, LLP
              BY:  JACK B. BLUMENFELD, ESQ.
23
                   and
24
                                           Brian P. Gaffigan
25                                         Official Court Reporter
```

```
 1    APPEARANCES: (Continued)

 2
             WEIL, GOTSHAL & MANGES, LLP
 3           BY:  NICHOLAS A. BROWN, ESQ.
                 (Redwood Shores, California)
 4
                     Counsel for the defendant
 5

 6

 7

 8                           - oOo -

 9                   P R O C E E D I N G S

10             (REPORTER'S NOTE:  The following telephone

11    conference was held in chambers, beginning at 9:04 a.m.)

12             THE COURT:  Good morning, everyone.  This is

13    Judge Stark.  Who is there, please?

14             MS. MATTERER:  Good morning, Your Honor.  This

15    is Mary Matterer at Morris James for febit.  I've got on the

16    phone with me, Mark Evens and Blake Coblentz from the Sterne

17    Kessler law firm.

18             THE COURT:  Okay.  Good morning.

19             MR. BLUMENFELD:  Good morning, Your Honor.  Jack

20    Blumenfeld from Morris Nichols for Codon, along with Nick

21    Brown from Weil Gotshal.

22             THE COURT:  Good morning to you, both.

23             So this is the time for a status conference.  We

24    are on the record this morning.  I have a court reporter

25    here.  For the record, it's Case No. 07-385-GMS-LPS,
```

1  febit holding versus Codon Devices.  It's July 1st; and
2  there was a stay in place until now to determine if this
3  case was going to be resolved in any manner other than
4  litigation.  This is my chance to find out where things are
5  and figure out what, if anything, to do next.
6             Since I believe it may be defense that has more
7  to report than the plaintiff, let me at least start with
8  you, Mr. Blumenfeld or Mr. Brown.  Let me know where things
9  stand, please.
10            MR. BROWN:  Good morning, Your Honor.  This is
11 Nick Brown.
12            Unfortunately, I don't have good news today.
13 Codon, our client, is now essentially a shell entity.  I was
14 hoping at this point they would have been able to pay off
15 their secured creditors and be at a point where they had a
16 path to move forward.  Unfortunately, that is not what
17 happened.
18            We're now at a point where Codon has many of
19 its board members have resigned, has no employees, I believe
20 no essentially remaining assets.  I believe most of the
21 remaining board members are going to resign shortly.
22            As the Court will probably remember, we had a
23 settlement we agreed to but for board approval when Codon
24 went into financial extremis and didn't get board approval.
25 That is really the only remaining obstacle technically is

4

1    that we need to get board approval.

2             At this point, because there are no further

3    board meetings scheduled, none planned, and the company is

4    essentially -- well, not essentially.  The company is not

5    operating anymore, has no employees.  Brian Banes, who met

6    Your Honor at the settlement conference, is not an employee

7    anymore.  Because of all that, essentially, I think there

8    is no chance we'll be able to get approval to sign the

9    settlement agreement.  I'm not saying there is no chance

10   we can settle the case.

11            THE COURT:  What then would you propose that I do?

12            MR. BROWN:  Well, I'm going to obviously try to

13   convince the plaintiff to dismiss the case, but I think you

14   will have to lift the stay.

15            We are essentially, I don't have a whole lot to

16   propose because I think my next step, frankly, is going to

17   file withdrawal papers because our client can't pay.  It

18   can't pay anyone.  It can't really do anything.  It's

19   essentially a shell.

20            THE COURT:  Let me hear from the plaintiff,

21   please.

22            MR. EVENS:  Your Honor, Mark Evens for the

23   plaintiff.

24            We're, of course, disappointed to hear this

25   news.  I had a brief conversation with Mr. Brown earlier.  I

1   do agree with Mr. Brown.  I think at this point we need to
2   lift the stay.  We're not necessarily interested in throwing
3   good money after bad, but I think we need to lift the stay,
4   proceed with some limited discovery to confirm what
5   Mr. Brown has said and figure out where we are, see if
6   whatever remains of that company, you know, is interested in
7   or has the authority to sign the settlement agreement, which
8   would be our preference.
9              Were they to declare bankruptcy, then I guess
10  there would be an automatic stay, but we're in some kind
11  of a never-world, and we have to figure out what the
12  never-world is and what the appropriate course of action is.
13             THE COURT:  Well, what I'm going to do then is
14  certainly lift the stay, and I'm going to ask the parties to
15  meet and confer and propose a scheduling order, be it a full
16  blown one all the way through trial or just truncated.  I'll
17  look to you to see if you can reach agreement first both to
18  the extent of the scheduling order and the dates.  And I'm
19  open to how quickly you want to submit that proposed
20  scheduling order.
21             Mr. Evens, what would be your preference?
22             MR. EVENS:  Unfortunately, I'm out of town most
23  of next week, so I would say by the beginning of the
24  following week.
25             Nick, does that work with you?

```
 1                    MR. BROWN:  Mark, anything at this point is fine
 2     with me.  I'm not going to -- I don't think I'm going to
 3     oppose anything at this point.
 4                    MR. BLUMENFELD:  Judge, this is Jack Blumenfeld.
 5                    I can't disagree with any of that.  The problem
 6     we're going to have, we're going to run into I think is that
 7     probably Nick and I are both going to seek to withdraw, and
 8     not only because of attorneys fees but because we also just
 9     don't have a client to take direction from.
10                    THE COURT:  Right.  Well --
11                    MR. BLUMENFELD:  So I'm not saying we won't do
12     this, but it's going to be a little bit problematic.
13                    THE COURT:  I hear that, but for now, you are
14     the attorneys representing the client.
15                    MR. BLUMENFELD:  Right.
16                    THE COURT:  I will order, am ordering that the
17     parties meet and confer and submit a proposed scheduling
18     order by Friday, July 10th.  Hopefully, you are able to
19     agree to everything.  If you can't, then in the scheduling
20     order that you propose just indicate your competing
21     positions.  If I'm not able to resolve those disputes just
22     on the paper record, then I will schedule the call to
23     follow-up and get more information from you.
24                    Is there anything further at this point,
25     Mr. Brown?
```

Case 1:07-cv-00385-LPS   Document 97   Filed 07/10/09   Page 7 of 7 PageID #: 1559

                                                                  7

```
 1                  MR. BROWN:  No, Your Honor.
 2                  THE COURT:  Mr. Evens, anything further?
 3                  MR. EVENS:  No, Your Honor.
 4                  THE COURT:  We'll look for your scheduling order
 5     by July 10th.  Thank you, all.
 6                  (The attorneys respond, "Thank you, Your Honor.")
 7                  THE COURT:  Good-bye.
 8                  (Telephone conference ends at 9:10 a.m.)
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```