IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FEBIT HOLDING GMBH,<br><br>Plaintiff,<br><br>v.<br><br>CODON DEVICES, INC.,<br><br>Defendant. | Civil Action No. 07-385 GMS LPS |

**MOTION TO WITHDRAW AS COUNSEL**

Weil, Gotshal & Manges LLP ("Weil") and Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), hereby move to withdraw as counsel for defendant Codon Devices, Inc. ("Codon").

Over the past several months, Codon has ceased all operations and laid off all its employees, including its CEO and all other officers with whom Weil and Morris Nichols have had contact.[1] Codon has sold off its assets in an unsuccessful effort to meet its obligations to its secured creditors, and is unable to satisfy its liabilities, including over $50,000 in legal fees.[2] Most of Codon's directors have resigned, and those who remain are expected to resign shortly.[3] No further board meetings are scheduled or planned.[4] In short, Codon is no longer a functioning

---

[1] *See* Declaration of Nicholas A. Brown In Support of Motion To Withdraw ("Brown Decl.") at ¶¶ 2, 4, 5.

[2] *See* Brown Decl. at ¶¶ 2, 7.

[3] *See* Brown Decl. at ¶ 3.

[4] *See* Brown Decl. at ¶ 3.

entity. It is not capable of consulting with or directing its present attorneys, and it is not capable of paying them.

Rule 1.16(b)(5) of the Model Rules of Professional Conduct of the American Bar Association (incorporated by D.Del. LR 83.6(d)) and Rule 1.16(b)(5) of the Delaware Lawyers' Rules of Professional Conduct permit withdrawal where "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Here, Codon is unable to direct its lawyers in the defense of this action and is unable to pay Weil or Morris Nichols for their services. A copy of this motion was served on Codon via registered mail at the address Weil received from Codon's former CEO, Brian Baynes.[5] In addition, Weil has orally discussed its intention to withdraw with Mr. Baynes on several occasions, including while Mr. Baynes was still CEO of Codon, and Mr. Baynes has never objected to this withdrawal.[6]

Professional Conduct Rule 1.16(c) requires withdrawing counsel to comply with "applicable law requiring notice to or permission of a tribunal when terminating a representation." This Court's applicable rule is D.Del. LR 83.7, which states:

> "An attorney may withdraw an appearance for a party without the Court's permission when such withdrawal will leave a member of the Bar of this Court appearing as counsel of record for the party. Otherwise, no appearance shall be withdrawn except by order on a motion duly noticed to each party and served on the party client, at least 10 days before the motion is presented, by registered or certified mail addressed to the client's last known address."

The withdrawal of Weil and Morris Nichols will leave Codon without any counsel in this matter. Accordingly, in order to comply with Rule 83.7, Weil and Morris Nichols have

---

[5] *See* Brown Decl. at ¶ 8.
[6] *See* Brown Decl. at ¶ 6.

filed this motion seeking leave to withdraw. Further, Codon was served with a copy of this motion by registered mail more than 10 days before this motion was filed.[7]

Accordingly, Weil and Morris Nichols request that the Court grant this motion to withdraw. Codon has no means of directing or consulting with Weil or Morris Nichols, and the applicable ethics and local rules have been satisfied.

July 27, 2009

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By: /s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)
jblumenfeld@mnat.com
1201 N. Market St.
P. O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

*Attorneys for Defendant,*
CODON DEVICES, INC.

*Of Counsel:*

/s/ Nicholas A. Brown
Edward R. Reines
Nicholas A. Brown
Rip Finst
Weil, Gotshal & Manges LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: 650-802-3000
Fax: 650-802-3100

---

[7] *See* Brown Decl. at ¶ 8.

## RULE 7.1.1 CERTIFICATE

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the plaintiff, and that plaintiff does not oppose this motion.

_____
Jack B. Blumenfeld (#1014)

Case 1:07-cv-00385-LPS   Document 102   Filed 07/27/09   Page 5 of 5 PageID #: 1580

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2009, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Mary Matterer, Esquire
> MORRIS JAMES LLP

I also certify that copies were caused to be served on July 27, 2009 upon the following in the manner indicated:

**BY ELECTRONIC MAIL**
**and HAND DELIVERY**

Mary Matterer, Esquire
MORRIS JAMES LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE  19801

**BY ELECTRONIC MAIL**

Mark Fox Evens, Esquire
Edward J. Kessler, Esquire
W. Blake Coblentz, Esquire
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1100 New York Avenue, NW
Washington, DC  20005-3934

_____
Jack B. Blumenfeld (#1014)